**NORTON ROSE FULBRIGHT (US) LLP**
Andrew Rosenblatt, Esq.
1301 Avenue of the Americas
New York, New York  10019
Telephone: (212) 408-5100
Facsimile: (212) 541-5369
andrew.rosenblatt@nortonrosefulbright.com

*Counsel to Dr. Hu Bo*

**Hearing Date: April 9, 2024**
**Hearing Time: 2:00 p.m. via Zoom**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | X | |
| | X | Chapter 11 |
| GLOBAL FERTILITY & GENETICS | X | |
| NEW YORK, LLC | X | Case No.:  23-10905-PB |
| | X | |
| Debtor. | X | |
| | X | |

**MOTION OF DR. HU BO, AS PLAN PROPONENT, FOR ENTRY OF AN ORDER (I) SCHEDULING A COMBINED HEARING FOR APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMATION OF PLAN, (II) APPROVING DEADLINES RELATED THERETO, AND (III) GRANTING RELATED RELIEF**

TO THE HONORABLE PHILIP BENTLEY
UNITED STATES BANKRUPTCY JUDGE:

Dr. Hu Bo ("***Dr. Hu***"), in his capacity as the "Plan Proponent" and party-in-interest in the above-captioned bankruptcy case (the "***Chapter 11 Case***") of Global Fertility & Genetics New York, LLC (the "***Debtor***"), by and through his undersigned counsel, hereby submits this motion (the "***Motion***") for entry of an order (the "***Procedures Order***"): (i) scheduling a combined hearing (the "***Confirmation Hearing***") to consider (a) approval of the *Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code in Support of Chapter 11 Plan of Reorganization Proposed By Dr. Hu Bo* dated March 17, 2024 (including all exhibits thereto and as amended, supplemented

or otherwise modified from time to time, the "***Disclosure Statement***") and (b) confirmation of *Dr. Hu Bo's Chapter 11 Plan of Reorganization for Global Fertility & Genetics New York, LLC* dated March 17, 2024 (including all exhibits thereto and as amended, supplemented, or otherwise modified from time to time, the "***Plan***"),[1] both of which have been filed contemporaneously with this Motion; (ii) approving certain deadlines in connection with approval of the Disclosure Statement and confirmation of the Plan; and (iii) granting related relief.  In support of this Motion, Dr. Hu respectfully represents as follows:

## PRELIMINARY STATEMENT

This Chapter 11 Case has been plagued by delay and procrastination.  The Debtor has been mired in bankruptcy for nearly ten months and is no closer to exiting bankruptcy now than it was the day the case was filed.  This egregious delay has been due primarily to the Debtor's mismanagement of the case and the conflicts of interest of the Debtor's sole manager and decision-maker, Annie Liu.

In an attempt to hasten the Debtor's emergence from bankruptcy, Dr. Hu took the drastic step of filing a motion seeking to appoint a Chapter 11 trustee to replace the Debtor's management. That motion was supported by the Office of the United States Trustee and remains pending before the Court.  While Dr. Hu continues to believe that a Chapter 11 trustee could help facilitate the Debtor's successful exit from bankruptcy and continues to advance that motion, Dr. Hu's ultimate objective is to fund the Debtor's exit from bankruptcy as part of a transaction that will ensure that the Debtor emerges from bankruptcy as a financially healthy and well-funded going-concern

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

business that can carry on the important mission of providing world-class fertility and related services to its broad customer base, including its China-based clientele.

To this end, now that the Debtor's exclusive period to file and solicit acceptances of its own plan of reorganization has expired, Dr. Hu is proposing an alternative and competing plan to the Debtor Plan (as defined below) to ensure that creditors get paid in full as soon as possible and that the Debtor has the best chance to flourish as a going-concern business.

The Plan, among other things, proposes to treat all classes of creditors as "*unimpaired*." Specifically, if the Plan is confirmed by the Court and becomes effective, *creditors holding allowed claims will receive payment in full in cash on or as soon as practicable after the effective date of the Plan.* Existing equity interests will be extinguished and interest holders will receive no distributions. In consideration for Dr. Hu funding distributions and satisfying creditor claims in full, the Plan provides that Dr. Hu (or an entity designated by Dr. Hu) would receive 100% of the newly issued equity interests in the reorganized debtor.

The proposed treatment of creditors under Dr. Hu's competing Plan is indisputably and significantly better than the proposed treatment of creditors under the plan proposed by the Debtor (as may be amended, the "*Debtor Plan*"), which requires holders of claims to wait up to five years for payment in full, without any assurance of actually receiving full payment. Simply put, Dr. Hu's Plan, as opposed to the Debtor Plan, does not make creditors wait to be paid or expose them to the Debtor's on-going credit risk.

Under the Plan, no creditor or interest holder is entitled to vote to accept or reject the Plan. Indeed, all creditors are unimpaired and, thus, are conclusively deemed to accept the Plan pursuant to section 1126(f) of the Bankruptcy Code. Interest holders will receive no distribution under the Plan and, thus, are presumptively deemed to reject the Plan pursuant to section 1126(g) of the

Bankruptcy Code. Given that no party-in-interest is entitled to vote on the Plan, there is no need for Dr. Hu to seek separate approval of the Disclosure Statement or to solicit votes for approval of the Plan. Accordingly, in the interest of judicial economy, Dr. Hu believes it is appropriate for the Court to schedule one combined hearing to consider both approval of the Disclosure Statement and confirmation of the Plan.

## I.    JURISDICTION

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Standing Order of Reference in this District.* This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The legal and statutory predicates for the relief sought herein are sections 105, 1123(a), 1125, 1126, and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "***Bankruptcy Code***"), Rules 2002, 3016, 3017, 3018, 3020, and 9006 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "***Local Rules***").

## II.    FACTUAL BACKGROUND

### A.    General Background and Filing of the Bankruptcy Case

3.      On June 6, 2023 (the "***Petition Date***"), the Debtor filed a voluntary petition (the "***Petition***") for relief under Chapter 11 of the Bankruptcy Code. *See Chapter 11 Voluntary Petition for Non-Individual* (CM/ECF No. 37). Included as part of the Petition, the Debtor filed its *Statements of Financial Affairs and Schedules of Assets and Liabilities* (collectively, and as may be amended from time to time, the "***Schedules***"). The Debtor has continued to operate its business and manage its property as a debtor-in-possession in accordance with sections 1107 and 1108 of

4

the Bankruptcy Code.  Although Dr. Hu has sought the appointment of a Chapter 11 trustee, at this time no trustee or examiner has been appointed in this Chapter 11 Case.  No Official Committee of Unsecured Creditors or other statutory committee has been constituted.

4.      The Debtor, a Delaware limited liability company, is a reproductive endocrinology and fertility center that, in conjunction with a non-debtor fertility medical practice, KJD Medical, PLLC ("*KJD*"), provides a full panoply of fertility services, including in-vitro fertilization treatments, egg freezing, surrogacy services, artificial insemination and donor egg-IVF treatments. A large portion of the Debtor's business caters to patients from China.  Upon information and belief, the Debtor is a "fertility clinic" that is not licensed to practice medicine in the State of New York.  As such, it cannot, and does not, directly provide medical services.  Accordingly, the Debtor has entered into a relationship with KJD, a New York-licensed medical practice, which provides medical care at the Debtor's facility.

5.      GFG Holding Group Co., LLC ("*Holdings*") owns 100% of the membership interests of the Debtor.  Holdings, in turn, is controlled by Dr. Hu (holding 70%), Jun Jung (Annie) Liu ("*Liu*") (holding 15%) and Dr. Kevin J. Doody ("*Dr. Doody*") (holding 15%).  Dr. Doody owns and controls KJD.  In accordance with the Debtor's Operating Agreement, dated as of October 6, 2016, Holdings appointed Liu as the sole director of the Debtor.  In that role, Liu has sole decision-making authority over the Debtor.  Liu is also currently the chief executive officer of the Debtor, and has held that position since the Debtor's inception in 2016.

6.      On October 4, 2023, the Debtor filed a *Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement* (CM/ECF No. 30).  On October 31, 2023, a hearing was held on the motion, at which time the Court issued an oral ruling approving the motion, but modifying the exclusivity extension periods that had been requested by the Debtor.  The Debtor

failed to submit a proposed order reflecting the Court's ruling until February 2024.  Nevertheless, the Court extended the Debtor's time to file a Chapter 11 plan of reorganization from October 4, 2023 to December 4, 2023.

7.      On December 5, 2023, one day after exclusivity terminated, the Debtor filed the Debtor Plan (CM/ECF No. 35) and an accompanying Disclosure Statement (CM/ECF No. 34). The Debtor Plan is an insider "new value" plan that proposes to pay all creditors in full over a five-year period (in 60 monthly installments), while extinguishing equity interests without making any distribution on account thereof.  The Debtor Plan also proposes to distribute 100% of the equity interests in the reorganized Debtor to Liu and Dr. Doody—for little consideration other than the purported foregoing of certain claims and the bartering of services—thus completely extinguishing Dr. Hu's majority ownership stake in the Debtor.

8.      On December 15, 2023, Dr. Hu filed a motion seeking the appointment of a Chapter 11 trustee to replace the Debtor's management (the "***Trustee Motion***").[2]  *See Motion of Dr. Hu Bo for Entry of an Order Directing the Appointment of a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a)* (CM/ECF No. 37).  The motion was brought due to, among other things, (i) the lack of progress and information provided to stakeholders during the course of the Chapter 11 Case, (ii) the Debtor's mismanagement and poor financial performance of the Debtor both before and during the bankruptcy case, and (iii) Liu's conflicts of interest, which have prevented her from carrying out her duties to act as an independent estate fiduciary and to take actions that are in the best

---

[2]     The Trustee Motion was supported by the Declaration of Yihan Hu (CM/ECF No. 37) (the "***Hu Declaration***"). Yihan Hu is Dr. Hu's daughter.  She has served as her father's proxy, with his authority, for all purposes related to matters concerning the Debtor, including, among other things, speaking on his behalf with his attorneys to assist with advancing his interests through the filing of this Motion.  For purposes of this Motion, Dr. Hu incorporates by reference and relies on the Hu Declaration, and the supplemental declarations filed by Yihan Hu in support of the Trustee Motion, to support the background facts asserted herein.  *See* Supplemental and Second Supplemental Declarations of Yihan Hu at (CM/ECF No. 41) and (CM/ECF No. 41), respectively.

6

interest of creditors and other stakeholders.  In particular, Dr. Hu took exception with the Debtor

Plan, which, in Dr. Hu's view, is a blatant example of Liu placing her personal interests over those

of the Debtor's creditors and other stakeholders.  Dr. Hu does not believe the Debtor Plan is

feasible or in anyone's best interests, other than those of Liu and Dr. Doody.

9.      On February 20, 2024, the Court entered a formal order, consistent with its prior

oral ruling, extending the exclusive periods for the Debtor to file and solicit approval of a Chapter

11 plan of reorganization (CM/ECF No. 53) (the "***Exclusivity Order***").  The Exclusivity Order

extended the Debtor's exclusivity periods (i) from October 4, 2023 to December 4, 2023 for filing

a plan and (ii) from December 4, 2023 to February 2, 2024 for soliciting acceptance of a plan.  As

of February 2, 2024, the Debtor had not sought to solicit acceptances of the Debtor Plan.  Thus, at

the time the Exclusivity Order was entered, the Debtor's exclusivity period had expired.  As such,

any party-in-interest, including Dr. Hu, is permitted to file a competing Chapter 11 plan of

reorganization.

10.      On February 23, 2024, the Debtor filed a motion to set a bar date in the Chapter 11

Case.  *See Motion to Set Last Day to File Proofs of Claim* (CM/ECF No. 54).  On March 1, 2024,

the Court entered an order (CM/ECF No. 56) (the "***Bar Date Order***") setting April 4, 2024 as the

last date for filing claims against the Debtor that arose (or were deemed to have arisen) before the

Petition Date for all creditors, including section 503(b)(9) claimants (the "***Bar Date***").

11.      On March 12, 2024, the US Trustee filed its own motion seeking the appointment

of a Chapter 11 trustee (CM/ECF No. 59).  The motion alleges certain actions undertaken by the

Debtor's existing management that constitutes "gross mismanagement of the Debtor's affairs,

fraud, and/or dishonesty" that warrants the appointment of a trustee.  As of the date hereof, the US

Trustee's motion remains pending and will likely be resolved at the same time, and in conjunction

with, the Trustee Motion filed by Dr. Hu.

### III.    THE PLAN AND DISCLOSURE STATEMENT

12.    Contemporaneously with the filing of this Motion, Dr. Hu, in his capacity as the

Plan Proponent, has filed a competing Plan, and accompanying Disclosure Statement, that he

believes is indisputably a better alternative for both creditors and the Debtor.  If confirmed, the

Plan would pay creditors 100% of their allowed claims on, or as soon as practicable after, the

Effective Date of the Plan and would permit certain litigation claims to "pass-through" the Chapter

11 unimpaired, with all parties' respective rights and defenses preserved.  Dr. Hu has also

committed to fund the reorganized debtor with no less than $5 million, to stabilize the business,

promote and encourage growth opportunities and to ensure that the Debtor can pay on-going

operating expenses as they come due in the ordinary course of business.  The Plan would also

permit Dr. Hu to install a new management team to oversee operations.  In short, the Plan would

pay creditors in full, without leaving them exposed to the Debtor's credit risk, and would provide

the Debtor with a much-needed fresh start with new management and significant funding to thrive

and grow its business.[3]

13.    In accordance with section 1126 of the Bankruptcy Code, the Plan contemplates

classifying holders of Claims and Interests into certain Classes for all purposes, as follows:[4]

---

[3]    The statements contained herein are summaries of the provisions contained in the Plan and Disclosure Statement
and do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents
referred therein.  If there is a discrepancy between the terms herein and the Plan or Disclosure Statement, the Plan
or Disclosure Statement, as applicable, shall govern and control.  For a more detailed description of the Plan,
please refer to the Disclosure Statement.

[4]    In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Expense Claims (including
Professional Fee Claims) and Priority Tax Claims have not been classified and, thus, are excluded from the
Classes of Claims and Interests set forth in Section II of the Plan.

| Class | Claim/Interest | Status and Voting Rights | Treatment |
|---|---|---|---|
| 1 | General Unsecured Claims | Unimpaired<br><br>Deemed to Accept<br><br>Not Entitled to Vote | Payment of 100% of Allowed Claims to be paid in full in cash on or as soon as practicable after the Effective Date.<br><br>Pass-Through Claims to survive the bankruptcy unimpaired and to be resolved by a court, arbitral panel, or other judicial or administrative body of competent jurisdiction, as to which all parties fully reserve all relevant rights and defenses. |
| 2 | Interests | Impaired<br><br>Deemed to Reject<br><br>Not Entitled to Vote | This class of Interest Holders is comprised of the sole member of the Debtor. Upon the Effective Date of the Plan and upon the making of the New Value Contribution, Dr. Hu (or a an entity designated by Dr. Hu) will replace GFG Holding Co., LLC as the member of the Debtor and will be vested with 100% of the newly issued equity interests in the Reorganized Debtor. |

14.     As set forth above, no holders of Claims or Interests are entitled to vote on the Plan because each such holder holds a Claim or Interest that either is (i) unimpaired under the Plan and is deemed to accept the Plan (Class 1); or (ii) impaired and is deemed to reject the Plan (Class 2). Specifically, all holders of Claims in Class 1, which consists of all General Unsecured Creditors, are unimpaired and, thus, are conclusively deemed to accept the Plan pursuant to section 1126(f) of the Bankruptcy Code. Interest holders in Class 2, which consists solely of Holdings, will receive no distribution under the Plan and, thus, are presumptively deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code.

15.     The Plan contemplates that the Plan Proponent will file a Plan Supplement that contains, among other things, the following information and/or documents: (i) a schedule of claims that are likely to be Allowed (with claim amounts); (ii) a schedule of claims that are likely to be Disputed, if any; (iii) a schedule setting forth Pass-Through Claims;[5] (iv) a list of executory contracts and unexpired leases to be assumed, assumed and assigned and/or rejected, including proposed cure costs, if any; (v) a list of proposed officers and directors of the Reorganized Debtor; and (vi) forms of any corporate governance and/or organizational documents for the Reorganized Debtor.

## IV.    RELIEF REQUESTED

16.     By this Motion, Dr. Hu respectfully requests entry of the proposed Procedures Order, substantially in the form submitted herewith: (i) scheduling one combined hearing to consider both approval of the Disclosure Statement and confirmation of the Plan; (ii) fixing certain dates and deadlines in connection with confirmation of the Plan as set forth in the Confirmation Schedule (defined below); (iii) approving the Confirmation Hearing Notice (as defined below) to be given to all creditors and interest holders; and (iv) granting other related relief.

17.     A summary of the key dates Dr. Hu seeks to establish, subject to the Court's approval and availability, by the Procedures Order are as follows (the "***Confirmation Schedule***"):

| EVENT | DATE |
|-------|------|
| Service of Confirmation Hearing Notice to all Creditors and Interest Holders | Within three (3) Business Days of the entry of the Procedures Order |
| Deadline to File Plan Supplement | April 18, 2024 |
| Deadline to Object to approval of the Disclosure Statement and Confirmation of the Plan | April 25, 2024 at 4:00 p.m. (ET) |

---

[5]    The Plan Proponent anticipates that it will be able to compile the Claims information to be provided in (i)-(iii) within a couple of weeks of the expiration of the Bar Date.  As set forth in the Plan, the Plan Proponent reserves the rights to amend, supplement and/or alter the Claims schedules and designation of Claims thereunder.

| EVENT | DATE |
|---|---|
| Deadline for Plan Proponent to File Confirmation Brief and/or Reply to any Plan or Disclosure Statement Objections | May 9, 2024 at 4:00 p.m. (ET) |
| Combined Hearing on Approval of the Disclosure Statement and Confirmation of the Plan | May 16, 2024 at 2:00 p.m. (ET), via Zoom, or the earliest date the Court is available thereafter |

## V.   BASIS FOR RELIEF REQUESTED

### A.   A Combined Hearing is Appropriate in These Circumstances

18.    Section 1128 of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan" and that "[a] party in interest may object to confirmation of a plan." 11 U.S.C. § 1128; *see also* Fed. R. Bankr. P. 3017(c).[6] Section 105(d)(2)(B)(vi) of the Bankruptcy Code expressly authorizes the Court to "issue an order . . . that . . . provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan" where the Court deems a combined hearing to be "appropriate to ensure that the case is handled expeditiously and economically." *See* 11 U.S.C. § 105(d)(2)(B)(vi); *see also In re Gulf Coast Oil Corp.*, 404 B.R. 407, 425 (Bankr. S.D. Tex. 2009) ("Section 1125(f) authorizes combined plans and disclosure statements in small business cases and § 105(d) authorizes the court to combine them in other cases.").

19.    In *In re Amster Yard Assocs.*, 214 B.R. 122 (Bankr. S.D.N.Y. 1997), one of the few decisions from this district addressing this issue, the bankruptcy court recognized that section 1125(b) of the Bankruptcy Code authorizes a bankruptcy court to combine the hearing on approval of a disclosure statement and confirmation of a plan in "small business" cases, and also noted that section 105(d) of the Bankruptcy Code authorizes the procedure in other cases. *Id*. at 124.

---

[6] Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the disclosure statement, the court . . . . may fix a date for the hearing on confirmation." Fed. R. Bankr. P. 3017(c).

Ultimately, based on the specific circumstances of the case, the court rejected the request of the secured lender, who had filed a competing plan, for a combined hearing, holding that permitting immediate solicitation of the plan and combining the hearing on the disclosure statement and plan would circumvent the disclosure statement approval process proscribed by section 1125(b).  *Id*. However, the court noted that in a circumstance, like the one in this Chapter 11 Case, where plan solicitation is ***not*** required, there is no need for the court to approve the disclosure statement prior to confirmation.  *Id*. at 124, fn. 5 ("This does not mean that a court can never combine the disclosure statement and confirmation hearings.  Unimpaired classes are deemed to accept the plan, and their votes need not be solicited. 11 U.S.C. § 1126(f).  ***If all classes are unimpaired and no solicitation is required, the court does not have to approve a disclosure statement prior to confirmation, if ever***.") (emphasis added).

20.     Consistent with the foregoing authority, Dr. Hu respectfully requests that the Court consolidate the hearing to consider approval of the Disclosure Statement and confirmation of the Plan at the single Confirmation Hearing.  Such relief is appropriate under the circumstances. Indeed, the primary purpose of a disclosure statement is to provide all material information that creditors and interest holders affected by a proposed plan need to make an informed decision regarding how to vote on the plan.  *See, e.g., In re Maxus Energy Corp*., 639 B.R. 51, 70 (Bankr. D. Del. 2022) ("The purpose of a disclosure statement is … for the debtor to provide parties with adequate information for purposes of voting on a debtor's confirmation plan.") *(citing* House Report No. 109-31, Pt. 1, 109th Cong., 1st Sess. 104 (2005) ("Before creditors and stockholders may be solicited to vote on a chapter 11 plan, the plan proponent must file a disclosure statement that provides adequate information to holders of claims and interests so they can make a decision as to whether or not to vote in favor of the plan.")); *In re Neptune World Wide Moving, Inc*., 111

B.R. 457, 461 (Bankr. S.D.N.Y. 1990) ("[D]isclosure statements in the course of voluntary reorganizations are critical to the decisions of creditors to accept or reject proposed plans….").

21.    Where, as here, no creditors or interest holders are entitled to vote on the plan, there is no need for the Court to separately approve the Disclosure Statement and require a two-step confirmation approval process.  *See Amster Yard Assocs*., 214 B.R. at 124, fn. 5.

22.    Dr. Hu submits that a combined hearing will streamline and expedite the confirmation process, which will inure directly to the benefit of the Debtor's estate and its creditors by hastening the implementation of the Plan and limiting the amount of time the Debtor remains in Chapter 11.  A combined hearing will also spare Dr. Hu, the Debtor and the estate from additional administrative expenses associated with a two-stage process, and promote judicial efficiency and economy.

> **B.    The Court Should Approve the Setting of
> Certain Dates Related to Confirmation of the Plan**

23.    Dr. Hu requests that the Court approve the setting of certain dates described herein in accordance with section 1128 of the Bankruptcy Code and Bankruptcy Rules 3017 and 3018.

***The Plan Supplement Filing Date***

24.    As described above, Dr. Hu intends to file a Plan Supplement well in advance of the proposed Confirmation Hearing to provide the Court and all stakeholders with, among other things, the following information and or documents: (i) a schedule of Claims that are likely to be Allowed, (ii) a schedule of Claims that are likely to be Disputed, if any, (iii) a schedule setting forth Pass-Through Claims, (iv) a list of executory contracts and unexpired leases to be assumed, assumed and assigned and/or rejected, including proposed cure costs, if any, (v) a list of proposed officers and directors of the Reorganized Debtor, and (vi) forms of any corporate governance and/or organizational documents for the Reorganized Debtor.

25.     In order to be in a position to prepare the Plan Supplement—in particular the various Claims schedules—Dr. Hu must be able to review the Claims Register of filed claims asserted against the Debtor following the expiration of the April 4, 2024 Bar Date.  Accordingly, Dr. Hu proposes April 18, 2024, which is two weeks after the Bar Date, as the Plan Supplement Filing Date.

26.     Dr. Hu believes that two weeks from the Bar Date is a sufficient amount of time for him and his legal team to review the Debtor's Claims Register and formulate final or, at the very least, preliminary positions regarding whether claims are likely to be Allowed or Disputed.  This period should also be sufficient to allow Dr. Hu to identify executory contracts and unexpired leases that he seeks to assume, including cure amounts, if any, associated with such contracts and leases, as well as any contracts and/or leases that he may seek to reject.  Finally, the proposed Plan Supplement Filing Date should be sufficient for Dr. Hu and his legal team to prepare and submit draft forms of the proposed corporate organization and governance documents for the Reorganized Debtor.

***The Objection Deadline***

27.     Dr. Hu requests that the Court direct the manner in which objections to approval of the Disclosure Statement and confirmation of the Plan shall be made.  Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court." Fed. R. Bankr. P. 3020(b)(1).  Specifically, the Debtor requests that the Court establish April 25, 2024 at 4:00 p.m. (ET) as the deadline (the "***Objection Deadline***") by which objections to approval of the Disclosure Statement and confirmation of the Plan or requests for modifications to the Plan, if any, must be filed and served.

28.     Dr. Hu further requests that objections to approval of the Disclosure Statement, confirmation of the Plan or proposed modifications to the Plan, if any, must:

a.      be in writing;

b.      conform to the Bankruptcy Rules and Local Rules;

c.      state the name and address of the objecting party and the amount and nature of the Claim or Interest of such entity;

d.      state with particularity the basis and nature of any objection to the Disclosure Statement, the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and

e.      be filed, together with a proof of service, with the Court and served on the notice parties identified herein on or prior to the Objection Deadline.

***The Deadline to File a Confirmation Brief and/or Reply
to any Plan and Disclosure Statement Objection***

29.      Dr. Hu also requests that he (and other parties in support of the Plan) be permitted to file a brief in support of confirmation of the Plan and/or a reply to any objections to the approval of the Disclosure Statement and confirmation of the Plan by no later than May 12, 2024.

***The Confirmation Hearing***

30.      In accordance with Bankruptcy Rule 3017(c) and section 1128 of the Bankruptcy Code (requiring a confirmation hearing with respect to any Chapter 11 plan), Dr. Hu requests that the Confirmation Hearing be scheduled on May 16, 2024 at a time to be set by the Court or such other date thereafter at the Court's earliest convenience.

### C.    The Court Should Approve the Form of the Confirmation Hearing Notice and Related Procedures

31.    Pursuant to Bankruptcy Rule 2002(b), Dr. Hu is required to provide notice to all holders of claims or equity interests of the time fixed for filing objections to the combined hearing on approval of a disclosure statement and confirmation of a chapter 11 plan.  Fed. R. Bankr. P. 2002(b).  To satisfy this requirement, upon entry of the Procedures Order, Dr. Hu intends to send to all known holders of Claims and Interests a copy of the notice, substantially in the form attached to the Procedures Order as **Exhibit A** (the "***Confirmation Hearing Notice***").  In accordance with Bankruptcy Rules 2002 and 3017(d), the Confirmation Hearing Notice shall contain, among other things:

a.    notice of the filing of the Disclosure Statement and Plan;

b.    the time, date and place for the Confirmation Hearing;

c.    the Objection Deadline and the manner in which objections shall be filed;

d.    a disclosure regarding the exculpation and injunction provisions of the Plan; and

e.    instructions on how to obtain electronic or print copies of any of the Plan Documents (as defined below).

32.    The Confirmation Notice will also notify creditors and interest holders that they are ***not*** entitled to vote to accept or reject the Plan based on the proposed treatment of Claims and Interests under the Plan.

33.    In an effort to conserve resources, Dr. Hu proposes to not mail printed copies of the Disclosure Statement, the Procedures Order, and the Plan (collectively, the "***Plan Documents***") to those parties receiving the Confirmation Hearing Notice.  Instead, as set forth in the Confirmation Hearing Notice, Dr. Hu proposes to provide directions therein for such parties to obtain copies of the Plan Documents via a request by email to Dr. Hu's counsel, Norton Rose Fulbright (US) LLP, attention Andrew Rosenblatt at andrew.rosenblatt@nortonrosefulbright.com, who will as soon as

reasonably practicable upon receipt of such request either email or mail (by first class mail) the Plan Documents to the requesting party (by whichever method is preferred by the requesting party).  Dr. Hu will also alert notice parties that copies of the Plan and Disclosure Statement have been filed on, and are available from, the Court's electronic (ECF) docket which can be accessed for a fee at http://www.nysb.uscourts.gov.

34.     Dr. Hu respectfully requests that the Court find that the Confirmation Hearing Notice complies with the requirements of Bankruptcy Rules 2002(b) and (d).  Dr. Hu further requests that the Court determine that the Confirmation Hearing Notice contains sufficient disclosure regarding the exculpation and injunction provisions contained in Section 8 of the Plan.

## VI.    WAIVER OF MEMORANDUM OF LAW

35.     Because the legal basis upon which Dr. Hu relies is incorporated herein and the Motion does not raise any novel issues of law, Dr. Hu respectfully requests that the Court waive the requirement to file a separate memorandum of law in support of this Motion pursuant to Local Rule 9013-1(b).

## VII.    NO PRIOR REQUEST

36.     No prior request for the relief sought in this Motion has been made to this Court or any other court.

## VIII.    NOTICE

37.     Notice of the Motion was provided to (a) the Office of the United States Trustee for the Southern District of New York, (b) counsel to the Debtors, (c) the Patient Care Ombudsman appointed in this Chapter 11 Case; and (d) any party requesting notice under Bankruptcy Rule 2002.

## IX.    <u>CONCLUSION</u>

WHEREFORE, Dr. Hu respectfully requests that this Court enter the form Procedures Order attached hereto (a) granting the relief requested herein, and (b) granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      March 18, 2024

Respectfully submitted,

**NORTON ROSE FULBRIGHT (US) LLP**

By: */s/ Andrew Rosenblatt*      
Andrew Rosenblatt, Esq.
Norton Rose Fulbright (US) LLP
1301 Avenue of the Americas
New York, New York 10119
Telephone:  (212) 408-5100
Facsimile:  (212) 318-3400
*andrew.rosenblatt@nortonrosefulbright.com*

*Counsel to Dr. Hu Bo*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
|  | X |  |
| In re: | X |  |
|  | X | Chapter 11 |
| GLOBAL FERTILITY & GENETICS | X |  |
| NEW YORK, LLC | X | Case No.:  23-10905-PB |
|  | X |  |
| Debtor. | X |  |
|  | X |  |

## [PROPOSED] ORDER (I) SCHEDULING A COMBINED HEARING FOR APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMATION OF PLAN, (II) APPROVING DEADLINES RELATED THERETO, AND (III) GRANTING RELATED RELIEF

Upon the *Motion of Dr. Hu Bo, as Plan Proponent, for Entry of an Order (I) Scheduling a Combined Hearing for Approval of Disclosure Statement and Confirmation of Plan, (II) Approving Deadlines Related Thereto, and (III) Granting Related Relief* (the "**_Motion_**");[1] and based on the record in this Chapter 11 Case; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference in this District*; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that sufficient notice of the Motion has been given; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors and other parties in interest; and the Court having reviewed the Motion and having

---

[1]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

heard the statements in support of the relief requested therein at a hearing before the Court; and

the Court having determined that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and upon all of the proceedings had before the Court; and after

due deliberation and sufficient cause appearing therefor;

IT IS HEREBY FOUND THAT:

A.    The exclusive periods for the Debtor to file and solicit acceptances of a Chapter 11

plan of reorganization have expired, and Dr. Hu has the necessary authority to propose and

prosecute the competing Plan and submit an accompanying Disclosure Statement.

B.    Dr. Hu has provided adequate notice of the Motion, and the time fixed for filing

objections thereto, and no other or further notice need be provided with respect to the Motion.

C.    The notice substantially in the form attached hereto as **Exhibit A** (the

"***Confirmation Hearing Notice***") and the procedures set forth below for providing such notice to

known creditors and interest holders of the time, date and place of the combined hearing to

consider approval of the Disclosure Statement and confirmation of the Plan (the "***Confirmation***

***Hearing***"), and the contents of the Confirmation Hearing Notice comply with Bankruptcy Rules

2002 and 3017 and constitute sufficient notice to all interested parties.

**NOW THEREFOR, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1.    The Motion is **GRANTED** to the extent set forth herein.

2.    The Confirmation Schedule is approved in its entirety as follows:

| EVENT | DATE |
|---|---|
| Service of Confirmation Hearing Notice to all Creditors and Interest Holders | Within three (3) Business Days of the entry of the Procedures Order |
| Deadline to File Plan Supplement | April 18, 2024 |
| Deadline to Object to approval of the Disclosure Statement and Confirmation of the Plan | April 25, 2024 at 4:00 p.m. (ET) |
| Deadline for Plan Proponent to File Confirmation Brief and/or Reply to any Plan or Disclosure Statement Objections | May 9, 2024 at 4:00 p.m. (ET) |

2

| EVENT | DATE |
|---|---|
| Combined Hearing on Approval of the Disclosure Statement and Confirmation of the Plan | May 16, 2024 at 2:00 p.m. (ET), via Zoom or the earliest date the Court is available thereafter |

3.     The combined hearing on approval of the adequacy of the Disclosure Statement and confirmation of the Plan is scheduled for **May 16, 2024 at 2:00 p.m. (ET), via Zoom** (the "***Confirmation Hearing***").  The deadline to file objections to the adequacy of the Disclosure Statement and confirmation of the Plan is **April 25, 2024 at 4:00 p.m. (ET)** (the "***Objection Deadline***").  The Confirmation Hearing may be continued from time to time by the Court or Dr. Hu without further notice other than adjournments announced in open court.

4.     The Deadline for Dr. Hu (and other parties in support of the Plan) to file a brief in support of confirmation of the Plan and/or a reply to any objections to the final approval of the Disclosure Statement and confirmation of the Plan is **May 9, 2024 at 4:00 p.m. (ET)**.

5.     Objections to the adequacy of the Disclosure Statement and confirmation of the Plan, if any, must:

a.     be in writing;

b.     conform to the Bankruptcy Rules and Local Rules;

c.     state the name and address of the objecting party and the amount and nature of the Claim or Interest of such entity;

d.     state with particularity the basis and nature of any objection to the Disclosure Statement, the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and

e.     be filed, together with a proof of service, with the Court and served on the following parties: (i) counsel to Dr. Hu, Norton Rose Fulbright (US) LLP, 1301 Avenue of the Americas, New York, NY 10019 (Attn: Andrew Rosenblatt, Esq.); (ii) the Office of the United States Trustee for the Southern District of New York; (iii) counsel to the Debtors; (iv) the Patient Care Ombudsman appointed in this Chapter 11 Case; and (v) any party requesting notice under Bankruptcy Rule 2002.

6.    The Confirmation Hearing Notice, in substantially the form attached hereto as **Exhibit A**, complies with the requirements of Bankruptcy Rules 2002(b), 2002(d), and 3017(d) and is approved in all respects.  The Confirmation Hearing Notice shall be served upon the Debtor's known creditors, interest holders and all parties requesting notice pursuant to Bankruptcy Rule 2002 within three (3) Business Days from the entry of this Order, or as soon as reasonably practicable thereafter.  As part of the Confirmation Hearing Notice package sent to creditors and interest holders, Dr. Hu shall not be required to include hard copies of any Plan Documents, including the Plan and/or Disclosure Statement.  Instead, Dr. Hu is authorized to provide in the Confirmation Hearing Notice instructions to notice recipients that they may request copies of the Plan Documents by emailing counsel to Dr. Hu, Andrew Rosenblatt, Esq. at Norton Rose Fulbright (US) LLP, andrew.rosenblatt@nortonrosefulbright.com.   Upon receipt of any request by any creditor or interest holder to receive a copy of any of the Plan Documents, counsel for Dr. Hu shall provide such documents to the requesting party as soon as reasonably practicable by email or by first class mail, based on the preference of the notice party.

7.    Dr. Hu shall not be required to solicit the votes of creditors and interest holders with respect to accepting or rejecting the Plan because such holders either are unimpaired and presumed to accept the Plan under section 1126(f) of the Bankruptcy Code or impaired and deemed to reject the Plan under section 1126(g) Bankruptcy Code.  Such non-voting holders will nevertheless receive a copy of the Confirmation Hearing Notice.

8.    The procedures for service of the Confirmation Hearing Notice and related notices set forth in the Motion satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

9.      Dr. Hu is authorized to make non-material changes to the Disclosure Statement, Plan, Confirmation Hearing Notice, and related pleadings without further order of the Court, including without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the foregoing documents before their distribution.

10.     Dr. Hu is hereby authorized to take any action necessary or appropriate to implement the terms of, and the relief granted in, this Order without seeking further order of the Court.

11.     The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

12.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
         April __, 2024

_____
HONORABLE PHILIP BENTLEY
UNITED STATES BANKRUPTCY JUDGE

5

## **EXHIBIT A**

### **Notice Regarding Confirmation Hearing and Non-Voting Status**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |  |
|---|---|---|
| | X | |
| In re: | X | |
| | X | Chapter 11 |
| GLOBAL FERTILITY & GENETICS | X | |
| NEW YORK, LLC | X | Case No.:  23-10905-PB |
| | X | |
| Debtor. | X | |
| | X | |

---

### NOTICE OF: (A) NON-VOTING STATUS TO HOLDERS OF UNIMPAIRED CLAIMS CONCLUSIVELY PRESUMED TO ACCEPT THE PLAN AND HOLDERS OF IMPAIRED INTERESTS DEEMED TO REJECT THE PLAN; AND (B) COMBINED HEARING TO CONSIDER APPROVAL OF THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE PLAN AND THE OBJECTION DEADLINE RELATED THERETO

**PLEASE TAKE NOTICE THAT** on March 18, 2024, Dr. Hu Bo ("***Dr. Hu***"), in his capacity as the "Plan Proponent" and party-in-interest in the above-captioned bankruptcy case (the "***Chapter 11 Case***") of Global Fertility & Genetics New York, LLC (the "***Debtor***"), filed the following documents: (a) *Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code in Support of Chapter 11 Plan of Reorganization Proposed By Dr. Hu Bo* (CM/ECF No. 74) (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "***Disclosure Statement***"); and (b) *Dr. Hu Bo's Chapter 11 Plan of Reorganization for Global Fertility & Genetics New York, LLC* (CM/ECF No. 75) (including all exhibits thereto and as amended, supplemented, or otherwise modified from time to time, the "***Plan***").[1]

**PLEASE TAKE NOTICE THAT** on April ___, 2024, the United States Bankruptcy Court for the Southern District of New York (the "***Bankruptcy Court***") entered an order (CM/ECF No. __) (the "***Procedures Order***") authorizing Dr. Hu, as the Plan Proponent, to provide notice of his intent to seek confirmation of the Plan pursuant to certain procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE THAT** you are a holder or potential holder of a Claim against the Debtor that is **not** entitled to vote on the Plan due to the nature and treatment of such Claim under the Plan. Specifically, a holder of a Claim in a class that is not Impaired under the Plan is conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the

---

[1]  Capitalized terms used but not otherwise defined herein have the meanings given to them in the Plan or Disclosure Statement, as applicable. The statements contained herein are summaries of the provisions contained in the Plan and Disclosure Statement and do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents referred therein. If there is a discrepancy between the terms herein and the Plan or Disclosure Statement, the Plan or Disclosure Statement, as applicable, shall govern and control. For a more detailed description of the Plan, please refer to the Disclosure Statement.

Bankruptcy Code and is **not** entitled to vote on the Plan.  Further, a holder of a Claim or Interest in a class that is Impaired under the Plan and conclusively presumed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code is **not** entitled to vote on the Plan.

      **PLEASE TAKE FURTHER NOTICE THAT** a combined hearing to consider approval of the Disclosure Statement and confirm the Plan (the "*Confirmation Hearing*") will commence on **May 16, 2024 at 2:00 p.m. (ET)**, **via Zoom**, before the Honorable Philip Bentley, United States Bankruptcy Judge.  Please be advised that the Confirmation Hearing may be continued from time to time by the Bankruptcy Court or Dr. Hu without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Bankruptcy Court and served on parties entitled to notice under Bankruptcy Rule 2002 and the Local Rules or otherwise. In accordance with the Plan, the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing by further action of Dr. Hu and without further notice to or action, order, or approval of the Bankruptcy Court or any other Entity.

      **PLEASE TAKE FURTHER NOTICE THAT** the Bankruptcy Court has established **April 25, 2024 at 4:00 p.m. (ET)**, as the last date and time for filing and serving objections to the adequacy of the information in the Disclosure Statement and to confirmation of the Plan (the "*Objection Deadline*").  Any objection to the approval of the Disclosure Statement and confirmation of the Plan must (a) be in writing, (b) conform to the Bankruptcy Rules and the Local Rules, (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such Entity, (d) state with particularity the basis and nature of any objection to the Disclosure Statement, the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection, and (e) be filed with the Clerk of the Bankruptcy Court for the Southern District of New York, and served on the following parties: (i) counsel to Dr. Hu, Norton Rose Fulbright (US) LLP, 1301 Avenue of the Americas, New York, NY 10019 (Attn: Andrew Rosenblatt, Esq.); (ii) the Office of the United States Trustee for the Southern District of New York; (iii) counsel to the Debtors; (iv) the Patient Care Ombudsman appointed in this Chapter 11 Case; and (v) any party requesting notice under Bankruptcy Rule 2002, with proof of service of such objection filed when and as required under the Local Rules of the Bankruptcy Court.

      **PLEASE TAKE FURTHER NOTICE THAT** the Disclosure Statement, the Plan and the Procedures Order may be obtained by any of the following means: (a) calling Andrew Rosenblatt, Esq., counsel for Dr. Hu, at (212) 408-5559; (b) emailing Andrew Rosenblatt, Esq., counsel for Dr. Hu, at andrew.rosenblatt@nortonrosefulbright.com; and/or (c) visiting (for a fee) PACER at **http://www.nysb.uscourts.gov**.

1.     The following chart summarizes the classification and treatment of Claims and Interests under the Plan:

| Class | Claim/Interest | Status and Voting Rights | Treatment |
|---|---|---|---|
| Unclassified | Administrative Expense Claims | Unimpaired<br><br>Not Entitled to Vote | Payment of 100% of Allowed Claims to be paid in full in cash on or as soon as practicable after the Effective Date. |

| Class | Claim/Interest | Status and Voting Rights | Treatment |
|-------|----------------|--------------------------|-----------|
| | | | |
| Unclassified | Priority Tax Claims | Unimpaired<br><br>Not Entitled to Vote | Payment of 100% of Allowed Claims to be paid in full in cash on or as soon as practicable after the Effective Date. |
| 1 | General Unsecured Claims | Unimpaired<br><br>Deemed to Accept<br><br>Not Entitled to Vote | Payment of 100% of Allowed Claims to be paid in full in cash on or as soon as practicable after the Effective Date.<br><br>Pass-Through Claims to survive the bankruptcy unimpaired and to be resolved by a court, arbitral panel, or other judicial or administrative body of competent jurisdiction, as to which all parties fully reserve all relevant rights and defenses. |
| 2 | Interests | Impaired<br><br>Deemed to Reject<br><br>Not Entitled to Vote | This class of Interest Holders is comprised of the sole member of the Debtor.  Upon the Effective Date of the Plan, existing Interests will be extinguished and Dr. Hu (or a an entity designated by Dr. Hu) will be vested with 100% of the newly issued equity interests in the Reorganized Debtor. |

## CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN

**PLEASE TAKE FURTHER NOTICE THAT SECTION 8 OF THE PLAN CONTAINS EXCULPATION AND INJUNCTION PROVISIONS.**

### Injunction, and Exculpation Provisions

Section 8 of the Plan contains the following injunction, and exculpation provisions.  **YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE INJUNCTION, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED.**

66711/0002-47121078v2

Section 8.3 of the Plan provides for the exculpation of certain parties:

> EXCEPT WITH RESPECT TO ANY ACTS OR OMISSIONS EXPRESSLY SET FORTH IN AND PRESERVED BY THE PLAN, THE PLAN SUPPLEMENT, OR RELATED DOCUMENTS, THE EXCULPATED PARTIES SHALL NEITHER HAVE, NOR INCUR ANY LIABILITY FOR ANY ACT TAKEN OR OMITTED TO BE TAKEN ON OR AFTER THE PETITION DATE AND PRIOR TO OR ON THE EFFECTIVE DATE, IN CONNECTION WITH, OR RELATED TO FORMULATING, NEGOTIATING, PREPARING, DISSEMINATING, IMPLEMENTING, ADMINISTERING, CONFIRMING, OR EFFECTING THE PLAN OR ANY CONTRACT, INSTRUMENT, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN OR ANY OTHER ACT TAKEN OR OMITTED TO BE TAKEN IN CONNECTION WITH OR IN CONTEMPLATION OF THE RESTRUCTURING OF THE DEBTOR; PROVIDED THAT THE FOREGOING "EXCULPATION" SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY ENTITY THAT RESULTS FROM ANY SUCH ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED FRAUD, GROSS NEGLIGENCE, OR WILLFUL MISCONDUCT; PROVIDED FURTHER THAT TO THE EXTENT PERMITTED BY APPLICABLE LAW EACH EXCULPATED PARTY SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL CONCERNING HIS, HER OR ITS DUTIES PURSUANT TO, OR IN CONNECTION WITH, THE PLAN OR ANY OTHER RELATED DOCUMENT, INSTRUMENT, OR AGREEMENT; PROVIDED FURTHER THAT THE FOREGOING SHALL NOT APPLY TO ANY EXPRESS CONTRACTUAL OR FINANCIAL OBLIGATIONS OR ANY RIGHT OR OBLIGATION ARISING UNDER OR THAT IS PART OF THE PLAN OR ANY AGREEMENTS ENTERED INTO PURSUANT TO, IN CONNECTION WITH, OR CONTEMPLATED BY THE PLAN, OR TO ANY RIGHT TO ENFORCE THE PLAN AND CONFIRMATION ORDER.

Section 8.4 of the Plan establishes a general injunction:

> EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER, ON AND AFTER THE EFFECTIVE DATE, ALL PERSONS WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS OF ANY KIND OR NATURE AGAINST THE DEBTOR, WHETHER KNOWN OR UNKNOWN, WHETHER OR NOT GIVING RISE TO A RIGHT TO PAYMENT OR AN EQUITABLE REMEDY, THAT AROSE, DIRECTLY OR INDIRECTLY, FROM ANY ACTION, INACTION, EVENT, CONDUCT, CIRCUMSTANCE, HAPPENING, OCCURRENCE, AGREEMENT, OR OBLIGATION OF THE DEBTOR BEFORE THE CONFIRMATION DATE, OR THAT OTHERWISE AROSE BEFORE THE CONFIRMATION DATE, INCLUDING ALL INTEREST, IF ANY, ON ANY SUCH CLAIMS AND DEBTS, WHETHER OR NOT (A) A PROOF OF CLAIM IS FILED OR IS DEEMED FILED UNDER SECTION 501 OF THE BANKRUPTCY CODE, (B) SUCH CLAIM IS ALLOWED UNDER THE PLAN, OR (C) THE HOLDER OF SUCH CLAIM HAS ACCEPTED THE PLAN, ARE PERMANENTLY ENJOINED, ON AND AFTER THE CONFIRMATION DATE, FROM (W) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND WITH RESPECT TO ANY SUCH CLAIM OR TAKING

4

**ANY ACT TO RECOVER SUCH CLAIM OUTSIDE OF THE CLAIMS ALLOWANCE PROCEDURE PROVIDED FOR IN THE PLAN AND THE BANKRUPTCY CODE AND BANKRUPTCY RULES, (X) THE ENFORCEMENT, ATTACHMENT, COLLECTION, OR RECOVERY BY ANY MANNER OR MEANS OF ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST THE DEBTOR OR THE REORGANIZED DEBTOR ON ACCOUNT OF ANY SUCH CLAIM, (Y) CREATING, PERFECTING, OR ENFORCING ANY ENCUMBRANCE OF ANY KIND AGAINST THE PROPERTY OR INTERESTS IN PROPERTY OF THE DEBTOR OR THE REORGANIZED DEBTOR ON ACCOUNT OF ANY SUCH CLAIM AND (Z) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM THE DEBTOR OR THE REORGANIZED DEBTOR OR AGAINST THE PROPERTY OR INTERESTS IN PROPERTY OF THE DEBTOR OR THE REORGANIZED DEBTOR ON ACCOUNT OF ANY SUCH CLAIM, TO THE FULLEST EXTENT AUTHORIZED OR PROVIDED BY THE BANKRUPTCY CODE, INCLUDING, WITHOUT LIMITATION, TO THE EXTENT PROVIDED FOR OR AUTHORIZED BY SECTIONS 524 AND 1141 THEREOF.**

THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES.  IF YOU HAVE QUESTIONS REGARDING YOUR RIGHTS UNDER THE PLAN OR ANYTHING STATED HEREIN OR THEREIN, YOU MAY CONTACT DR. HU'S COUNSEL AT THE ADDRESS PROVIDED BELOW.

Dated: New York, New York
      April ___, 2024

Respectfully submitted,

**NORTON ROSE FULBRIGHT (US) LLP**

By: _____
Andrew Rosenblatt, Esq.
Norton Rose Fulbright (US) LLP
1301 Avenue of the Americas
New York, New York 10119
Telephone:  (212) 408-5100
Facsimile:  (212) 318-3400
*andrew.rosenblatt@nortonrosefulbright.com*

*Counsel to Dr. Hu Bo*

66711/0002-47121078v2