**NORTON ROSE FULBRIGHT (US) LLP**
Andrew Rosenblatt, Esq.
1301 Avenue of the Americas
New York, New York  10019
Telephone: (212) 408-5100
Facsimile: (212) 541-5369
andrew.rosenblatt@nortonrosefulbright.com

*Counsel to Dr. Hu Bo*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | X |
| | X |
| | X    Chapter 11 |
| GLOBAL FERTILITY & GENETICS, | X |
| NEW YORK, LLC | X    Case No.:  23-10905-PB |
| | X |
| Debtor. | X |
| | X |

### DR. HU BO'S AMENDED CHAPTER 11 PLAN OF REORGANIZATION FOR GLOBAL FERTILITY & GENETICS NEW YORK, LLC

Dr. Hu Bo, the Plan Proponent, respectfully submits its amended plan of reorganization for debtor Global Fertility & Genetics New York, LLC pursuant to sections 1121(c), 1125 and 1126 of the Bankruptcy Code and Rule 3016 of the Federal Rules of Bankruptcy Procedure, in the form annexed hereto and made a part hereof.

## TABLE OF CONTENTS

Page

SECTION 1.    DEFINITIONS AND INTERPRETATION ....................................... 2

1.1  Definitions............................................................................................... 2
1.2  Interpretation: Application of Definitions and Rules of Construction............................ 12
1.3  Exhibits ................................................................................................. 13
1.4  Time Periods ........................................................................................... 13

SECTION 2.    TREATMENT OF CLAIMS ....................................................... 13

2.1  Unclassified Claims .................................................................................. 13
2.2  Classification and Specification of Treatment of Claims ................................. 16
2.3  Treatment and Voting Rights of Claims and Interests..................................... 17

SECTION 3.    ACCEPTANCE OR REJECTION OF THE PLAN ....................... 19

3.1  Impaired Classes Vote ............................................................................. 19
3.2  Presumed Acceptance of the Plan............................................................... 19
3.3  Presumed Rejection of the Plan ................................................................. 19
3.4  Voting Classes ........................................................................................ 19
3.5  Modification of Treatment of Class 1 Claims................................................ 20
3.6  "Cram Down" Request .............................................................................. 20

SECTION 4.    MEANS FOR IMPLEMENTATION OF THE PLAN.................... 20

4.1  Funding for the Plan................................................................................. 20
4.2  Continued Corporate Existence .................................................................. 20
4.3  Corporate Action...................................................................................... 21
4.4  Vesting of Assets ..................................................................................... 22
4.5  Objections to Claims................................................................................. 23
4.6  Issuance of New Equity Interests................................................................ 23
4.7  Exemption from Certain Transfer Taxes and Recording Fees; Post-Effective Date Tax
Treatment ..................................................................................................... 24
4.8  Directors and Officers of the Reorganized Debtor ......................................... 25
4.9  Continuation of Insurance Policies .............................................................. 26
4.10 Bar Date for Professional Fee Claims.......................................................... 26
4.11 Bar Date for Other Administrative Expense Claims........................................ 26

SECTION 5.    TREATMENT OF EXECUTORY CONTRACTS/UNEXPIRED LEASES... 27

5.1  General Treatment of Executory Contracts and Unexpired Leases.................... 27
5.2  Procedures Regarding Assumption of Executory Contracts and Unexpired Leases ........ 27
5.3  Claims Based on Rejection of Executory Contracts and Unexpired Leases .................. 28

SECTION 6.    PROVISIONS GOVERNING DISTRIBUTIONS ......................... 28

6.1  Disbursing Agent ..................................................................................... 28
6.2  Manner of Payment and Amount to Be Distributed ........................................ 29
6.3  Saturday, Sunday or Holiday ..................................................................... 29
6.4  Withholding Taxes.................................................................................... 29

SECTION 7.        EFFECTIVE DATE ........................................................................................ 30

   7.1  Conditions Precedent to Effective Date .................................................... 30
   7.2  Waiver of Conditions Precedent ............................................................... 30
   7.3  Notice of Effective Date ........................................................................... 31
   7.4  Effect of Failure of Conditions Precedent ................................................ 31
   7.5  Right to Modify the Plan Until Substantial Consummation ...................... 31
   7.6  Substantial Consummation of the Plan ..................................................... 31

SECTION 8.        EFFECTS OF PLAN CONFIRMATION AND EFFECTIVE DATE ............ 32

   8.1  Binding Effect .......................................................................................... 32
   8.2  Discharge of Claims ................................................................................. 32
   8.3  Exculpation and Limitation of Liability .................................................. 32
   8.4  General Injunction .................................................................................... 33

SECTION 9.        RETENTION OF JURISDICTION ................................................................ 33

SECTION 10.       MISCELLANEOUS PROVISIONS ............................................................... 35

   10.1  Revocation or Withdrawal of this Plan ................................................... 35
   10.2  Payment of Statutory Fees ...................................................................... 35
   10.3  Notices ................................................................................................... 36
   10.4  Severability ............................................................................................ 36
   10.5  Validity and Enforceability .................................................................... 36
   10.6  Controlling Documents ........................................................................... 37
   10.7  Filing of Additional Documents ............................................................. 37
   10.8  Direction to a Party ................................................................................ 37
   10.9  Reservation of Rights ............................................................................. 37
   10.10       Governing Law ............................................................................... 38
   10.11       Headings ......................................................................................... 38
   10.12       No Admissions ................................................................................ 38

## INTRODUCTION

Dr. Hu Bo proposes this amended plan of reorganization for the Debtor pursuant to section 1121(c) of the Bankruptcy Code.  Capitalized terms used throughout this Plan shall have the meanings ascribed to them in Section 1, below.

Dr. Hu is proposing a plan of reorganization to ensure that Creditors get paid in full as soon as possible and that the Debtor emerges from bankruptcy as a financially healthy and well-funded business that can carry on the important mission of providing world-class fertility and related services to its broad customer base, including its China-based clientele.

The Plan, among other things, proposes to treat all Classes of Creditors as "unimpaired." Specifically, if the Plan is confirmed by the Bankruptcy Court and the Effective Date occurs, ***Creditors holding Allowed Claims shall receive payment in full in cash on or as soon as practicable after the Effective Date of the Plan,*** and Creditors holding litigation or other contested contingent claims will have those Claims pass-through the Chapter 11 unimpaired to be resolved by a court, arbitral panel, or other judicial or administrative body of competent jurisdiction, without regard to the automatic stay or the Debtor's Discharge and with all parties' respective rights, remedies, claims and defenses as they existed on the Petition Date fully preserved.

The Plan will allow the Debtor the best chance to flourish as a going-concern business.  Dr. Hu has extensive experience and expertise overseeing medical and fertility-related businesses.  Dr. Hu holds a master's degree in medical imaging and has nearly 35 years of medical and administrative management experience.  As described in more detail in the Disclosure Statement, Dr. Hu founded, and is currently the Chairman of, the Ciming Health Checkup Management Group, which is one of the largest and most successful general healthcare providers in China.  Dr. Hu is considered a leader and innovator in the medical field and has spearheaded numerous projects both in China and the U.S., including specifically in the reproduction and fertility field.

Importantly, Dr. Hu has also committed to fund the Reorganized Debtor with no less than *$5 million* to stabilize the business, promote and encourage the facility's growth, and to ensure its ability to satisfy on-going operating expenses.

## SECTION 1.    DEFINITIONS AND INTERPRETATION

### 1.1    Definitions

The following terms used herein shall have the respective meanings defined below:

1.1.1    *Action* shall mean any lawsuit, proceeding, or other action in a court, or any arbitration.

1.1.2    *Administrative Claims Bar Date* shall mean the deadline for filing requests for payment of Administrative Expense Claims, including Professional Fee Claims, which shall be 30 days after the Effective Date.

1.1.3    *Administrative Expense* shall mean a Claim against the Debtor for payment of an administrative expense of a kind specified in section 503(b) of the Bankruptcy Code and entitled to priority pursuant to section 507(a)(2) of the Bankruptcy Code, including, but not limited to, (a) any actual and necessary costs and expenses, incurred after the Petition Date, of preserving the Estate and operating the business of the Debtor; (b) Professional Fee Claims; (c) any Claim specified in section 503(b)(9) of the Bankruptcy Code; and (d) all fees and charges assessed against the Estate under chapter 123 of title 28 of the United States Code.

1.1.4    *Allowed* when used as an adjective preceding the words "Claims" or "Interest", shall mean any Claim against or Interests of the Debtor, proof of which was filed on or before the date designated by the Bankruptcy Court as the last date for filing proofs of claim or Interest against such Debtor, or, if no proof of claim or Interest is filed, which has been or hereafter is listed by the Debtor as liquidated in amount and not disputed or contingent and, in either case, a Claim

as to which no objection to the allowance thereof has been interposed with the applicable period of limitations fixed by the Plan, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, Local Rules, or as to which any objection has been interposed and such Claim has been allowed in whole or in part by a Final Order.  Unless otherwise specified in the Plan, "Allowed Claim" and "Allowed Interest" shall not, for purposes of computation of distributions under the Plan, include interest on the amount of such Claim or Interest from and after the Petition Date.

1.1.5    ***Allowed Unsecured Claim*** shall mean a General Unsecured Claim that is or has become an Allowed Claim.

1.1.6    ***Bankruptcy Code*** shall mean title 11 of the United States Code, as now in effect or hereafter applicable to the Chapter 11 Case.

1.1.7    ***Bankruptcy Court*** shall mean the United States Bankruptcy Court for the Southern District of New York having jurisdiction over the Chapter 11 Case and, to the extent of any reference made pursuant to 28 U.S.C. § 158, the unit of such District Court constituted pursuant to 28 U.S.C. § 151.

1.1.8    ***Bankruptcy Rules*** shall mean the rules and forms of practice and procedure in bankruptcy, promulgated under 28 U.S.C. Section 2075 and also referred to as the Federal Rules of Bankruptcy Procedure, as amended.

1.1.9    ***Bar Date*** means the original bar date of April 4, 2024 at 11:59 p.m. (Eastern time), as extended to June 28, 2024 by Order of the Bankruptcy Court entered on May 21, 2024, or such other date as set by the Bankruptcy Court as the deadline by which proof of claim forms for prepetition Claims are required to be filed against the Debtor.

1.1.10 **Business Day** means and refers to any day except Saturday, Sunday, a "legal holiday" as defined in Bankruptcy Rule 9006(a), and any other day on which commercial banks in New York, New York are authorized or required by law to close.

1.1.11 **Cash** means cash and cash equivalents including, without limitation, checks and wire transfers.

1.1.12 **Chapter 11 Case** shall mean the case under Chapter 11 of the Bankruptcy Code with Case No. 23-10905-PB in which Global Fertility & Genetics, New York LLC is the Debtor.

1.1.13 **Chapter 11 Trustee** shall mean Eric M. Huebscher, as the Court-appointed Chapter 11 trustee as per the Order of the Bankruptcy Court entered on April 4, 2024.

1.1.14 **Claim** shall mean any right to payment from the Debtor whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from the Debtor whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.  All claims as such term is defined in section 101(5) of the Bankruptcy Code.

1.1.15 **Claims Objection Deadline** shall mean, subject to any extension as set forth in Section 4.5 of the Plan, the date that is the first Business Day that is at least ninety (90) days after the Effective Date.  For the avoidance of doubt, the Claims Objection Deadline may be extended one or more times by the Bankruptcy Court and applies to all Claims.

1.1.16 **Class** shall mean a grouping of substantially similar Claims or Interests for common treatment thereof pursuant to the terms of this Plan.

1.1.17 ***Confirmation*** shall mean the entry of an order by the Bankruptcy Court approving the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

1.1.18 ***Confirmation Hearing*** shall mean a hearing conducted before the Bankruptcy Court for the purpose of considering confirmation of the Plan and approval of the Disclosure Statement.

1.1.19 ***Confirmation Order*** shall mean an order of the Bankruptcy Court confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

1.1.20 ***Creditor*** shall mean any person that has a Claim against the Debtor that arose on or before the Petition Date or a Claim against the Debtor's Estate of any kind specified in Section 502(g), 502(h) or 502(i) of the Bankruptcy Code. This includes all persons, corporations, partnerships, or business entities holding Claims against the Debtor.

1.1.21 ***Debt*** shall have the meaning ascribed to it in section 101(12) of the Bankruptcy Code.

1.1.22 ***Debtor*** shall mean Global Fertility & Genetics, New York, LLC.

1.1.23 ***Disallowed*** shall mean, with respect to a Claim, or any portion thereof, that such Claim or portion thereof: (a) has been disallowed by either a Final Order or pursuant to a settlement or stipulation between the Debtor and the holder of the Claim; or (b)(i) is valued on the Debtor's Schedules at zero dollars ($0) or denominated as contingent, disputed or unliquidated and (ii) as to which a bar date has been established but no proof of claim has been filed or deemed timely filed pursuant to either the Bankruptcy Code or any Final Order of the Bankruptcy Court or otherwise deemed timely filed under applicable law.

1.1.24 ***Disbursing Agent*** shall mean the Reorganized Debtor or Dr. Hu's designee, as applicable, which shall act as the disbursing agent for the purpose of making all distributions to Holders of Allowed Claims pursuant to the provisions of the Plan and Confirmation Order.

1.1.25 ***Discharge*** shall mean the complete extinguishment of the liability of the Debtor in respect to any Claim or Debt, as and to the extent further described in Section 8.2 of the Plan.

1.1.26 ***Disclosure Statement*** shall mean the Disclosure Statement filed by Dr. Hu in respect of the Plan as required pursuant to Section 1125 *et seq.* of the Bankruptcy Code, as the same may be altered, modified, or amended in accordance with the Bankruptcy Code and the Bankruptcy Rules.

1.1.27 ***Disputed*** shall mean, with respect to a Claim, or any portion thereof, that such Claim or portion thereof is neither an Allowed Claim nor a Disallowed Claim, and includes, without limitation, any Claim that: (a) is not included on the Debtor's Schedules or is reflected on the Schedules as being valued at zero dollars, or as contingent, unliquidated or disputed; or (b) is the subject of an objection filed in the Bankruptcy Court that has not been withdrawn or overruled by a Final Order of the Court.

1.1.28 ***Distribution*** shall mean any payment to the Holder of a Claim as provided in this Plan.

1.1.29 ***Dr. Hu*** shall mean Dr. Hu Bo, the Plan Proponent, including any designee of Dr. Hu.

1.1.30 ***Effective Date*** shall mean the day on which the Confirmation Order becomes a Final Order and all conditions to effectiveness of the Plan have been satisfied and/or waived by Dr. Hu, as the Plan Proponent.

1.1.31 *Estate* shall mean the estate of the Debtor created by the Chapter 11 Case pursuant to section 541 of the Bankruptcy Code.

1.1.32 *Exculpated Parties* shall mean, collectively: (a) the Debtor; (b) Dr. Hu, in his capacity as the Plan Proponent; (c) Yihan Hu, in her capacity as Dr. Hu's agent and/or representative in the Chapter 11 Case; and (d) with respect to each of the foregoing Persons or entities in clauses (a) through (c), such Person's or entity's Related Persons, in each case in their capacity as such. For the avoidance of doubt, the Chapter 11 Trustee and his professionals shall each be deemed to be a Related Person of the Debtor and shall be treated as an Exculpated Party.

1.1.33 *Final Order* shall mean an order or judgment of the Bankruptcy Court or any other court of competent jurisdiction that has not been reversed, vacated, or stayed and as to which (a) the time to appeal, petition for certiorari, or move for a stay, new trial, reargument, or rehearing has expired and as to which no appeal, petition for certiorari, or other proceedings for stay, new trial, reargument or rehearing shall then be pending, or (b) if an appeal, writ of certiorari, stay, new trial, reargument or rehearing has been sought, (i) such order or judgment shall have been affirmed by the highest court to which such order was appealed, certiorari shall have been denied, or a stay, new trial, reargument or rehearing shall have been denied or resulted in no modification of such order, and (ii) the time to take any further appeal, petition for certiorari, or move for a stay, new trial, reargument or rehearing shall have expired; *provided, however*, that the possibility that a motion under section 502(j) of the Bankruptcy Code, Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, or any analogous rule under the Bankruptcy Rules or applicable state court rules of civil procedure may be, but has not been, filed with respect to such order shall not cause such order not to be a Final Order.

1.1.34 *General Unsecured Claim* shall mean a Claim against the Debtor of any kind or nature including, without limitation, on account of trade credit, contract, personal injury, or arising from the rejection of an executory contract or unexpired lease, that (a) is not secured by property of the Estate or otherwise entitled to treatment as a secured claim under section 506 of the Bankruptcy Code; (b) is not otherwise entitled to priority under sections 503 or 507 of the Bankruptcy Code; and (c) is not otherwise an Administrative Expense Claim, Professional Fee Claim, Claim for U.S. Trustee Fees, Priority Tax Claim, Non-Tax Priority Claim, or Secured Claim.

1.1.35 *Holder* shall mean the beneficial holder of any Claim or Interest.

1.1.36 *Impaired* shall mean, when used as an adjective preceding the words "Class of Claims" or "Class of Interest", that the Plan alters the legal, equitable, or contractual rights of the members of that class.

1.1.37 *Interest* shall mean any equity security (as defined in section 101(16) of the Bankruptcy Code) or membership interest in the Debtor and any other rights, options, warrants, stock appreciation rights, phantom stock rights, restricted stock units, redemption rights, repurchase rights, convertible, exercisable, or exchangeable securities or other agreements, arrangements, or commitments of any character relating to, or whose value is related to, any such interest or other ownership interest in the Debtor.

1.1.38 *Interest Holder* shall mean the Holder of an Interest in the Debtor.

1.1.39 *Non-Tax Priority Claim* shall mean a Claim against the Debtor, other than an Administrative Expense Claim, Priority Tax Claim, or Professional Fee Claim, which is entitled to priority in payment pursuant to section 507(a) of the Bankruptcy Code.

1.1.40    ***Pass-Through Claim*** shall mean each of (i) the claim of Alexis Cancel arising from that certain employment discrimination lawsuit pending in the Supreme Court of New York, New York County, captioned as *Alexis Cancel v. Global Fertility and Genetics, Inc. et al*, Index Number 152435/2018, (ii) the claim, if any, of Michelle Ramos arising from that certain employment discrimination complaint filed with the New York State Division of Human Rights, captioned as *Michelle Ramos v. Global Fertility & Genetics LLC, Annie Liu*, Case Number 10232551, and (iii) any other contingent litigation claim that is designated as such by Dr. Hu on or before the Plan Supplement Filing Date, if any.

1.1.41    ***Person*** shall mean an individual, a corporation, a partnership, an association, a joint stock company, a joint venture, an estate, a trust, an unincorporated organization, or a government or any political subdivision thereof or other entity, including, without limitation, the Debtor, the Reorganized Debtor and Dr. Hu, in his capacity as the Plan Proponent.

1.1.42    ***Petition Date*** shall mean June 6, 2023, which is the date the Debtor filed its petition for relief commencing the Chapter 11 Case.

1.1.43    ***Plan*** shall mean this Chapter 11 plan of reorganization filed by Dr. Hu, as the Plan Proponent, with respect to the Debtor, as it may be altered, modified, or amended from time to time in accordance with the Bankruptcy Code and the Bankruptcy Rules, including all exhibits, schedules, supplements, appendices, annexes and attachments thereto.

1.1.44    ***Plan Funding Contribution*** shall mean the cash contribution to be made by Dr. Hu on or as soon as practicable after the Effective Date of the Plan, in an amount sufficient to pay in full all Allowed Claims, plus an amount of not less than $5 million to be used to fund operating and other expenses of the Reorganized Debtor following the Effective Date of the Plan.  With respect to the portion of the Plan Funding Contribution (*i.e.*, the $5 million) to be used for operating

expenses, Dr. Hu intends to use his good faith best efforts to make that contribution on or as soon as practicable after the Effective Date of the Plan, however a portion of that contribution may need to be paid over time given certain constraints and difficulties in transferring large sums of money from China to the United States.

1.1.45  *Plan Proponent* shall mean Dr. Hu Bo.

1.1.46  *Plan Supplement* shall mean one or more supplements to the Plan to be filed with the Bankruptcy Court in advance of the Confirmation Hearing which shall contain, without limitation, the following information: (i) a schedule setting forth the Reorganized Debtor's proposed post-Effective Date management team, (ii) a list of all executory contracts and/or unexpired leases to be Assumed or Assumed and Assigned to the Debtor or Reorganized Debtor, as the case may be, including proposed Cure Costs, if any, (iii) forms of organizational and/or corporate governance documents in respect of the Reorganized Debtor, and (iv) an updated schedule listing all known Allowed Claims and any Disputed Claims, and the amounts thereof, all as may be amended from time to time and in form and substance acceptable to Dr. Hu in his sole discretion.

1.1.47  *Plan Supplement Filing Date* shall mean June 18, 2024, or such other date as approved by the Bankruptcy Court, *provided, however*, that Dr. Hu may file one or more amendments to the Plan Supplement at any time prior to the commencement of the Confirmation Hearing.

1.1.48  *Priority Non-Tax Claim* shall mean a Claim entitled to priority under Sections 507(a)(2),(3), (4), (5), (6) or (7) of the Bankruptcy Code, but only to the extent it is entitled to priority in payment under any such subsection.

1.1.49 *Priority Tax Claim* shall mean any Claim entitled to priority in payment under Section 507(a)(8) of the Bankruptcy Code, but only to the extent it is entitled to priority under such subsection.

1.1.50 *Priority Tax Creditor* shall mean a Creditor holding a Priority Tax Claim.

1.1.51 *Professional Fee Claim* shall mean and refers to a Claim by any and all Professional Persons as provided for in sections 327, 328, 330 and 503(b) of the Bankruptcy Code.

1.1.52 *Professional Persons* shall mean and refers to all attorneys, accountants, appraisers, consultants, and other professionals retained or to be compensated pursuant to an order of the Bankruptcy Court entered under sections 327, 328, 330, or 503(b) of the Bankruptcy Code, including, for the avoidance of doubt, the Chapter 11 Trustee, Huebscher & Co. and the Chapter 11 Trustee's attorneys.

1.1.53 *Related Person* shall mean, with respect to any Person or entity, in each case solely in its capacity as such, such Person's or entity's (a) predecessors, successors, assigns, subsidiaries, and affiliates, (b) current and former officers, directors, principals, equity holders, trustees, members, partners, managers, officials, board members, advisory board members, employees, agents, volunteers, attorneys, financial advisors, accountants, investment bankers, consultants, representatives, and other professionals, and (c) respective heirs, executors, Estate, and nominees.

1.1.54 *Reorganized Debtor* shall mean the Debtor after the occurrence of the Effective Date of the Plan.

1.1.55 *Schedules* shall mean the schedules of assets and liabilities and the statement of financial affairs filed by the Debtor in this Chapter 11 Case on June 6, 2023 (CM/ECF No. 1)., as required by section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, as amended or supplemented through the Effective Date.

1.1.56 **Secured Claim** shall mean and refers to a Claim which is secured by a valid lien, security interest, or other interest in property in which the Debtor has an interest which has been perfected properly as required by applicable law, but only to the extent of the value of the Debtor's interest in such property, determined in accordance with section 506(a) of the Bankruptcy Code.

1.1.57 **Unimpaired** shall mean with respect to any Class, that such Class is not Impaired.

1.1.58 **U.S. Trustee Fees** shall mean all fees and charges assessed against the Estate of the Debtor under 28 U.S.C. § 1930 together with interest, if any, under 31 U.S.C. § 3717.

**1.2     Interpretation: Application of Definitions and Rules of Construction**

Unless otherwise specified, all section or exhibit references in this Plan are to the respective section in, or exhibit to, the Plan, as the same may be amended, waived, or modified from time to time. The words "herein," "hereof," "hereto," "hereunder," and other words of similar import refer to the Plan as a whole and not to any particular Section, Subsection, or clause contained therein. A term used herein that is not defined herein shall have the meaning assigned to that term in the Disclosure Statement, and if not defined therein, in the Bankruptcy Code. The rules of construction contained in section 102 of the Bankruptcy Code shall apply to the Plan. The headings in this Plan are for convenience of reference only and shall not limit or otherwise affect the provisions hereof. Unless otherwise provided, any reference in this Plan to an existing document, exhibit or schedule means such document, exhibit or schedule as it may have been amended, restated, revised, supplemented or otherwise modified. If a time or date is specified for any payments or other Distribution under the Plan, it shall mean on or as soon as reasonably practicable thereafter. Further, where appropriate from a contextual reading of a term, each term includes the singular and plural form of the term regardless of how the term is stated and each stated pronoun is gender neutral. Unless otherwise specified, references to Dr. Hu in the Plan shall be in his capacity as the Plan Proponent.

**1.3      Exhibits**

All exhibits and schedules to the Plan (including those set forth in or attached as exhibits to the Plan Supplement) are hereby incorporated by reference and made part of the Plan as if set forth fully herein.

**1.4      Time Periods**

In computing any period of time prescribed or allowed by the Plan, unless otherwise expressly provided, the provisions of Bankruptcy Rule 9006(a) shall apply.  Enlargement of any period of time prescribed or allowed by the Plan shall be governed by the provisions of Bankruptcy Rule 9006(b).

**SECTION 2.      TREATMENT OF CLAIMS**

**2.1      Unclassified Claims**

Certain types of claims are not placed into voting classes; instead they are unclassified. They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code.  As such, Dr. Hu has not placed the following claims in a Class.  The treatment of these claims is provided below.

2.1.1      ***Administrative Expense Claims***.  Administrative Expense Claims are Claims for costs or expenses of administering the Debtor's Chapter 11 Case which are Allowed pursuant to section 503(b) of the Bankruptcy Code.  In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Expense Claims have not been classified and are treated as described in this Section 2.1 of the Plan.  Except as otherwise provided in the Plan, by written agreement of the Holder of an Allowed Administrative Expense Claim to accept different and less favorable treatment than provided under the Plan, or by order of the Bankruptcy Court, a Person holding an Allowed Administrative Expense Claim will receive Cash equal to the unpaid portion of such

Allowed Administrative Expense Claim as soon as practicable after the later of: (i) the Effective Date; or (ii) the date on which such Claim becomes an Allowed Administrative Expense Claim. Notwithstanding anything in the Plan to the contrary, the Holder of an Allowed Administrative Expense Claim may be paid on such other date and upon such other terms as may be agreed upon by the Holder of an Allowed Administrative Expense Claim and Dr. Hu or the Reorganized Debtor.

As to other Allowed Administrative Expense Claims, except as otherwise provided in the Plan, each holder of an Allowed Administrative Expense Claim: (i) shall be paid by the Reorganized Debtor as soon as reasonably practicable after the Effective Date or on the date the order allowing such Administrative Expense Claim becomes a Final Order; and (ii) shall receive, on account of and in full satisfaction of such Allowed Administrative Expense Claim, Cash equal to the amount thereof, unless the holder agrees to less favorable treatment of such Allowed Administrative Expense Claim.

Administrative Expense Claims representing obligations incurred by the Debtor after the date and time of the entry of the Confirmation Order shall not be subject to application to the Bankruptcy Court and may be paid by the Debtor or the Reorganized Debtor, as the case may be, in the ordinary course of business and without Bankruptcy Court approval.

2.1.2    *Priority Tax Claims*.  Except to the extent that a Holder of an Allowed Priority Tax Claim agrees to less favorable treatment, each Holder of an Allowed Priority Tax Claim shall receive on account of and in full and complete settlement, release and discharge of, and in exchange for, such Allowed Priority Tax Claim, at the sole option of the Debtor or the Reorganized Debtor, as applicable, Cash in an amount equal to such Allowed Priority Tax Claim on, or as soon thereafter as is reasonably practicable, the later of (a) the Effective Date, to the extent such Claim is an Allowed Priority Tax Claim on the Effective Date, (b) the date such Priority Tax Claim

becomes an Allowed Priority Tax Claim, and (c) the date such Allowed Priority Tax Claim is due and payable in the ordinary course as such obligation becomes due; *provided, however*, that the Debtor reserves the right to prepay all or a portion of any such amounts at any time under this option without penalty or premium.  The Holder of an Allowed Priority Tax Claim will not be entitled to receive any payment on account of any penalty arising from, or in connection with any Priority Tax Claim and any demand for such penalty will be deemed Disallowed by the Confirmation of the Plan.

2.1.3   *Non-Tax Priority Claims*.  Unless the Holder of an Allowed Non-Tax Priority Claim and the Debtor or the Reorganized Debtor, as applicable, agree to a different treatment, on, or as soon as reasonably practicable after, the later of (a) the Effective Date, or (b) the date on which Non-Tax Priority Claim becomes an Allowed Claim, each Holder of an such an Allowed Claim shall receive, in full satisfaction, settlement, and release of, and in exchange for, such Allowed Claim, (i) Cash equal to the unpaid portion of such Allowed Claim or (ii) such other less favorable treatment as to which Dr. Hu or the Reorganized Debtor, as applicable, and the Holder of such Allowed Claim shall have agreed upon in writing.  Notwithstanding anything in the Plan to the contrary, the Holder of an Allowed Non-Tax Priority Claim may be paid on such other date and upon such other terms as may be agreed upon by the Holder of an Allowed Non-Tax Priority Claim and the Debtor or the Reorganized Debtor, as applicable.  Dr. Hu has been informed that there are no Non-Tax Priority Claims.

2.1.4   *Professional Fee Claims*.  In accordance with section 1123(a)(1) of the Bankruptcy Code, Professional Fee Claims have not been classified and are treated as described herein.  All Professional Persons or other Persons requesting an award by the Bankruptcy Court of Professional Fee Claims (a) shall file their respective final applications for allowance of compensation for

services rendered and reimbursement of expenses incurred by the date that is 30 days after the Effective Date, and (b) shall be paid in full, in Cash, by the Reorganized Debtor (i) as soon as practicable after the Effective Date or the date the order allowing such Administrative Expense Claim becomes a Final Order; or (ii) upon such terms as may exist pursuant to order of the Bankruptcy Court or as may be mutually agreed upon between the Holder of such an Allowed Professional Fee Claim and Dr. Hu or the Reorganized Debtor, as applicable. The Reorganized Debtor is authorized to pay its Professional Persons for services rendered or reimbursement of expenses incurred after the Confirmation Date in the ordinary course and without the need for Bankruptcy Court approval.

2.1.5   ***US Trustee Fees***. US Trustee Fees include all fees and charges assessed against the Debtor under 28 U.S.C. § 1930, together with interest, if any, under 31 U.S.C. § 3717. All US Trustee Fees then outstanding shall be paid prior to, or upon the occurrence of, the Effective Date.

**2.2    Classification and Specification of Treatment of Claims**

All Claims, except those described in Section 2.1, are placed in the following Classes of Claims, pursuant to section 1123(a)(1) of the Bankruptcy Code, which section specifies the treatment of such Classes of Claims and of their Impaired or Unimpaired status, pursuant to sections 1123(a)(2) and 1123(a)(3) of the Bankruptcy Code. A Claim is classified in a particular Class only to the extent that the Claim qualifies within the description of the Class and is classified in a different Class to the extent that the Claim qualifies within the description of that different Class. A Claim is in a particular Class only to the extent that the Claim is an Allowed Claim in that Class and has not been paid, released, withdrawn, waived, or otherwise satisfied under this Plan.

Subject to all other applicable provisions of this Plan, classified Claims shall receive the respective treatments set forth below. This Plan will not provide any Distribution on account of a

Claim to the extent that such Claim has been Disallowed, released, withdrawn, waived, or otherwise satisfied or paid as of the Effective Date, including, without limitation, payments by third parties. Except as specifically provided in this Plan, this Plan will not provide any Distribution on account of a Claim, the payment of which has been assumed by a third party. Any Holder of any Claim in any Class may agree, pursuant to section 1123(a)(4) of the Bankruptcy Code, to a treatment of such Claim that is less favorable (but not more favorable) than any other Claim in such Class.

The categories of Claims and Interests listed below classify Claims and Interests for all purposes, including voting, confirmation of the Plan, and Distributions pursuant to the Plan:[1]

| Class | Designation | Impaired | Entitled to Vote |
|-------|-------------|----------|------------------|
| N/A | Administrative Expense Claims | No | Deemed to Accept |
| N/A | Priority Tax Claims | No | Deemed to Accept |
| N/A | Non-Tax Priority Claims | No | Deemed to Accept |
| N/A | Professional Fee Claims | No | Deemed to Accept |
| N/A | US Trustee Fee Claims | No | Does Not Vote |
| 1 | General Unsecured Claims | No | Deemed to Accept |
| 2 | Equity Interests | Yes | Deemed to Reject |

## 2.3    Treatment and Voting Rights of Claims and Interests

### 2.3.1    *Class 1 -  General Unsecured Claims*

---

[1]    It is Dr. Hu's understanding that there are no Creditors that hold a Secured Claim and, therefore, the Plan does not contain a separate class for Secured Claims. To the extent there are any such Claims, the holder of an Allowed Secured Claim shall receive, at the option of the Plan Proponent, (a) payment in full in Cash of such holder's Allowed Secured Claim; (b) the Collateral securing such holder's Allowed Secured Claim; (c) reinstatement of such holder's Allowed Secured Claim; or (d) such other treatment rendering such holder's Allowed Secured Claim Unimpaired. Any holder of an Allowed Secured Claim will be Unimpaired under the Plan, and thus will conclusively be presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.

**Classification**:  Class 1 Claims consists of all General Unsecured Claims.

**Treatment**:  On, or as soon as reasonably practicable after the later of (a) the Effective Date, and (b) the date on which such General Unsecured Claim becomes an Allowed General Unsecured Claim, each Holder of an Allowed General Unsecured Claim shall have its Claim paid in full in Cash as follows:

(a)    General Unsecured Claims set forth on Annex A to the Plan or in a schedule to be included in the Plan Supplement will be paid from the Plan Funding Contribution to be made by Dr. Hu, as set forth in Annex A hereto or the Plan Supplement, as the case may be.

(b)    Those General Unsecured Claims set forth in Annex B to the Plan or in a schedule to be included in the Plan Supplement, which are designated as the Pass-Through Claims, shall survive unimpaired to be resolved by a court, arbitral panel, or other judicial or administrative body of competent jurisdiction, as to which all parties fully reserve all relevant rights and defenses. Payment on any Pass-Through Claim shall be made no later than the first day that is ten (10) Business Days after such Pass-Through Claim becomes an Allowed General Unsecured Claim.

The foregoing payments and/or treatment shall be in full satisfaction, settlement, and release of, and in exchange for, such Allowed General Unsecured Claim.

**Voting**:  Class 1 is Unimpaired and Holders of General Unsecured Claims are conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.  Therefore, Holders of General Unsecured Claims are not entitled to vote to accept or reject the Plan, and votes of such Holders will not be solicited with respect to such General Unsecured Claims.

2.3.2    *Class 2 -  Existing Equity Interests*

**Classification**:  Class 2 consists of all existing Interests.  This Class of Holders of Interests is comprised of the Debtor's sole member, GFG Holding Co., LLC.

**Treatment**:  On the Effective Date, each Holder of an Interest shall have such Interest extinguished, cancelled, released, and discharged and without any distribution.

**Voting**:  Class 2 is Impaired and Holders of Interests are deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code.  Therefore, Holders of Interests are not entitled to vote to accept or reject the Plan, and votes of such Holders will not be solicited with respect to such Interests.

## SECTION 3.    ACCEPTANCE OR REJECTION OF THE PLAN

### 3.1    Impaired Classes Vote

In accordance with section 1126(c) of the Bankruptcy Code and except as provided in section 1126(e) of the Bankruptcy Code, an Impaired Class of Claims shall have accepted the Plan if the plan is accepted by the Holders of at least two-thirds in dollar amount and more than one-half in number of the Allowed Claims of such Class that have timely and properly voted to accept or reject the Plan.

### 3.2    Presumed Acceptance of the Plan

Class 1 is Unimpaired under the Plan and is conclusively deemed to have accepted this Plan pursuant to section 1126(f) of the Bankruptcy Code.

### 3.3    Presumed Rejection of the Plan

Class 2 will not receive or retain any property under this Plan on account of any Interest and is, therefore, deemed to have rejected this Plan pursuant to section 1126(g) of the Bankruptcy Code.

### 3.4    Voting Classes

There are no Classes of Claims or Interests entitled to vote on the Plan.

**3.5        Modification of Treatment of Class 1 Claims**

Dr. Hu or the Reorganized Debtor, as the case may be, may modify the treatment of any Allowed Class 1 Claim in any manner adverse only to the Holder of such Claim at any time after the Effective Date upon the consent of the Holder of the Class 1 Claim whose Allowed Claim is being adversely affected, or as Allowed by Bankruptcy Court order prior to the Effective Date.

**3.6        "Cram Down" Request**

Because Class 2 is deemed to reject the Plan, Dr. Hu will seek Confirmation of the Plan under section 1129(b) of the Bankruptcy Code.

**SECTION 4.        MEANS FOR IMPLEMENTATION OF THE PLAN**

**4.1        Funding for the Plan**

Dr. Hu shall fund all distributions under the Plan with the Plan Funding Contribution.  The Plan Funding Contribution will be an amount sufficient to pay all Creditors in full.  Dr. Hu has also committed to fund the Reorganized Debtor with no less than $5 million, which will be paid on or as reasonably practicable after the Effective Date,[2] to promote growth opportunities for the Reorganized Debtor and permit the Reorganized Debtor to satisfy operating expenses as they come due in the ordinary course of business.

**4.2        Continued Corporate Existence**

Except as otherwise provided in the Plan, the Debtor, as the Reorganized Debtor, shall continue to exist on and after the Effective Date as a separate legal entity with all of the powers available to such legal entity under applicable law.  On or after the Effective Date, without prejudice to the rights of any party to a contract or other agreement with the Reorganized Debtor,

---

[2]    The $5 million portion of the Plan Funding Contribution may need to be paid in increments over a short period of time, given certain restrictions and difficulties in transferring large sums of money from China to the United States.

the Reorganized Debtor may, without the need for approval of the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules, take such action as permitted by applicable law, and the Reorganized Debtor's organizational documents, as the Reorganized Debtor may determine is reasonable and appropriate.

**4.3      Corporate Action**

On the Effective Date, the Confirmation Order shall be deemed to, among other things, ratify all prior corporate actions taken and to authorize all future actions as may be necessary or appropriate to effectuate any transaction described in, approved by, contemplated by, or necessary to consummate the Plan, including: (i) the selection of the directors and officers of the Reorganized Debtor; (ii) the distribution of new Interests to Dr. Hu as provided herein; (iii) all other actions contemplated by the Plan (whether to occur before, on, or after the Effective Date), and all such actions taken or caused to be taken shall be deemed to have been authorized and approved by the Bankruptcy Court.  All matters provided for in the Plan involving the corporate structure of the Debtor or the Reorganized Debtor and any corporate action required by the Debtor, Dr. Hu, in his capacity as Plan Proponent, or the Reorganized Debtor in connection with the Plan shall be deemed to have timely occurred and shall be in effect and shall be authorized and approved in all respects, without any requirement of further action by Dr. Hu or the directors, or officers of the Debtor or the Reorganized Debtor or otherwise.

On or before the Effective Date, the appropriate officers of the Debtor or the Reorganized Debtor, as applicable, shall be authorized and, as applicable, directed, to issue, execute, and deliver the agreements, documents, and instruments contemplated by the Plan in the name of and on behalf of the Reorganized Debtor, including the new Interests to be issued to Dr. Hu (or an entity to be designated by Dr. Hu), and any and all agreements, documents, securities, and instruments relating to the foregoing.

On the Effective Date, absent separate agreement between Dr. Kevin J. Doody and/or KJD Fertility PLLC, on the one hand, and Dr. Hu, on the other hand, any existing business relationship and related dealings between the Debtor and KJD Fertility PLLC shall be deemed terminated and of no further force and effect. Any agreement between the parties that may be in effect, including any Administrative Services Agreement, shall be deemed rejected pursuant to section 365 of the Bankruptcy Code.[3]  Notwithstanding the foregoing, it is the intention of Dr. Hu to offer employment, as of the Effective Date, to all current non-medical staff employees of KJD Fertility PLLC that (i) were employed by the Debtor as of the Petition Date,[4] and/or (ii) do work that is related to the Debtor's business.[5]

The authorizations and approvals contemplated by this Section 4.3 shall be effective notwithstanding any requirements under non-bankruptcy law.

**4.4    Vesting of Assets**

Except as otherwise provided in the Plan, on the Effective Date, all Assets, including all Claims, rights, intellectual property rights, and causes of action, shall vest in the Reorganized Debtor free and clear of all Claims, liens, charges, other encumbrances, and interests. For the avoidance of doubt, this includes any Claims, rights and causes of action that the Estate may have against Ms. Annie Liu, Dr. Kevin J. Doody and/or KJD Fertility PLLC, all of which are preserved. Subject to the terms of the Plan, on and after the Effective Date, the Reorganized Debtor may operate its business and may use, acquire, and dispose of property and prosecute, compromise, or

---

[3]    Dr. Hu understands that a purported Administrative Services Agreement may exist between the Debtor and KJD Fertility PLLC.  Dr. Hu further understands that the agreement is unsigned and it is not clear if the agreement is a valid and enforceable contract.

[4]    Dr. Hu understands that all of the Debtor's former employees were transferred or assigned to KJD Fertility PLLC shortly after the commencement of the Chapter 11 Case.

[5]    For the avoidance of doubt, Dr. Hu does not intend to offer employment at the Reorganized Debtor to Ms. Annie Liu or Ms. Miranda Dai.

settle any Claims (including any Administrative Expense Claims), interests, and causes of action without supervision of or approval by the Bankruptcy Court and free and clear of any restrictions of the Bankruptcy Code or the Bankruptcy Rules.

On or prior to the occurrence of the Effective Date, any Person holding property of the Debtor, including any property that was developed or registered by, for, or on behalf of the Debtor, shall be turned over and assigned to the Reorganized Debtor.  For the avoidance of doubt, this includes any intellectual property rights that were developed by or for the Debtor, such as trademark rights associated with the Debtor's business, but that are or have been held or registered in the name of other Persons.

**4.5     Objections to Claims**

Except as expressly provided herein, the Debtor (before the Effective Date) or Dr. Hu or the Reorganized Debtor (on or after the Effective Date), as applicable, shall have the exclusive authority and standing to file, settle, compromise, withdraw, or litigate to judgment any objections to Claims.  From and after the Effective Date, Dr. Hu or the Reorganized Debtor, as the case may be, shall further have the authority to resolve and settle any and all Claims without approval of the Bankruptcy Court.

Any objections to Claims shall be filed and served on or before the Claims Objection Deadline, *provided, however*, that the Claims Objection Deadline may be extended by the Bankruptcy Court from time to time upon motion and notice by Dr. Hu or the Reorganized Debtor.

**4.6     Issuance of New Equity Interests**

On the Effective Date, the Reorganized Debtor shall issue all securities, notes, instruments, membership interests, certificates, and other documents to Dr. Hu or his designee that are  required to be issued pursuant to the Plan.  All of the new Interests issuable in accordance with the Plan, when so issued, shall be duly authorized, validly issued, fully paid, and non-assessable and shall

vest full title and ownership of the Reorganized Debtor in Dr. Hu (or his designee) free and clear
of all Claims, liens, charges, other encumbrances, and interests.  The issuance of the new Interests
is authorized without the need for any further corporate action and without any further action by
any Holder of a Claim or Interest.

On the Effective Date, the Reorganized Debtor and Dr. Hu, as the Holder of the new
Interests, shall enter into new organizational and/or corporate governance documents (which shall
be in substantially the form included in the Plan Supplement).  The new organizational and/or
corporate governance documents shall be deemed to be valid, binding, and enforceable in
accordance with their terms, and each Holder of the new Interests shall be bound thereby, in each
case without the need for execution by any party thereto other than the Reorganized Debtor.

**4.7    Exemption from Certain Transfer Taxes and Recording Fees; Post-Effective Date
Tax Treatment**

To the fullest extent permitted by section 1146(a) of the Bankruptcy Code, any transfer
from the Debtor to the Reorganized Debtor or to any entity pursuant to, in contemplation of, or in
connection with the Plan or pursuant to: (a) the issuance, distribution, transfer, or exchange of any
debt, securities, or other interest in the Debtor or the Reorganized Debtor; (b) the making,
assignment, or recording of any lease or sublease; or (c) the making, delivery, or recording of any
deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan,
including any deeds, bills of sale, assignments, or other instrument of transfer executed in
connection with any transaction arising out of, contemplated by, or in any way related to the Plan,
shall not be taxed under any law imposing a stamp tax, real estate transfer tax, mortgage recording
tax, sales or use tax, Uniform Commercial Code filing or recording fee, regulatory filing or
recording fee, or other similar tax or government assessment, and the appropriate state or local
governmental officials or agents shall forego the collection of any such tax or governmental

assessment and shall accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment. Unless the Bankruptcy Court orders otherwise, all sales, transfers and assignments of owned and leased property approved by the Bankruptcy Court on or before the Effective Date shall be deemed to have been in furtherance of, or in connection with, the Plan.

Following the Effective Date, the Reorganized Debtor shall be treated as a disregarded entity for federal and all relevant state income tax purposes.

**4.8    Directors and Officers of the Reorganized Debtor**

The post-confirmation management team of the Reorganized Debtor will be led by Dr. Hu and/or Yihan Hu, and will be designated in the Plan Supplement.

The current members of the board of directors or board of managers, or the sole manager, as applicable, of the Debtor prior to the Effective Date, in their capacities as such, shall have no continuing obligations to the Reorganized Debtor on or after the Effective Date, and each such director, manager, or sole manager shall be deemed to have resigned or shall otherwise cease to be a director, manager or sole manager of the Debtor on the Effective Date. Each of the directors, managers, sole managers and officers of the Reorganized Debtor shall serve pursuant to the terms of the new organizational and/or corporate governance documents of the Reorganized Debtor and may be designated, replaced or removed in accordance with such new organizational and/or corporate governance documents.

Absent an agreement to the contrary between the Chapter 11 Trustee and Dr. Hu, the Chapter 11 Trustee shall have no further duties as the Chapter 11 Trustee upon the occurrence of the Effective Date of the Plan.

**4.9**      **Continuation of Insurance Policies**

All insurance policies pursuant to which the Debtor has any obligations in effect as of the

Effective Date shall be deemed and treated as executory contracts pursuant to the Plan and shall

be assumed and assumed and assigned to the Reorganized Debtor and shall continue in full force

and effect thereafter in accordance with such policy's respective terms.

**4.10**     **Bar Date for Professional Fee Claims**

Each Professional Person retained or requesting compensation in the Chapter 11 Case,

pursuant to sections 330, 331, or 503(b) of the Bankruptcy Code, must file with the Bankruptcy

Court a final application requesting the allowance of a Professional Fee Claim no later than 30

days after the Effective Date.  All applications for the allowance of Professional Fee Claims that

are not timely filed shall be forever barred.  Except as otherwise provided herein, objections to

such applications may be filed in accordance with the Bankruptcy Rules.  The Bankruptcy Court

shall determine all such Professional Fee Claims.

**4.11**     **Bar Date for Other Administrative Expense Claims**

Except as provided for herein or in an order of the Bankruptcy Court, and subject to section

503(b)(1)(D) of the Bankruptcy Code, Holders of Administrative Expense Claims must file and

serve on the Debtor or Reorganized Debtor, as applicable, requests for the payment of such

Administrative Expense Claims not previously Allowed by a Final Order in accordance with the

procedures specified in the Confirmation Order, on or before the Administrative Claims Bar Date,

or such Administrative Claims shall be automatically considered Disallowed Claims, forever

barred from assertion, and unenforceable against the Debtor or the Reorganized Debtor, the Estate,

or its property without the need for any objection by the Debtor or the Reorganized Debtor, or

further notice to, or action, order, or approval of the Bankruptcy Court, and any such

Administrative Expense Claims shall be deemed fully satisfied, released, and discharged.

**SECTION 5.        TREATMENT OF EXECUTORY CONTRACTS/UNEXPIRED LEASES**

**5.1    General Treatment of Executory Contracts and Unexpired Leases**

On the Effective Date, all executory contracts and unexpired leases shall be deemed rejected as of the Effective Date, unless such executory contract or unexpired lease: (i) is an insurance policy that is deemed assumed and retained by the Debtor pursuant to Section 4.8 of the Plan, (ii) was assumed previously by the Debtor; (iii) previously expired or terminated pursuant to its own terms; (iv) is the subject of a motion to assume filed on or before the Effective Date; or (v) is identified in the Plan Supplement to be assumed under the Plan.

Entry of the Confirmation Order shall constitute a Bankruptcy Court order approving the rejection or assumption, as the case may be, of all executory contracts or unexpired leases pursuant to sections 365(a) and 1123 of the Bankruptcy Code.  Unless otherwise indicated, rejection or assumption of executory contracts and unexpired leases pursuant to the Plan shall be effective as of the Effective Date.

**5.2    Procedures Regarding Assumption of Executory Contracts and Unexpired Leases**

If any party to an executory contract or unexpired lease that is being assumed and assigned to the Reorganized Debtor objects to such assumption and assignment, the Bankruptcy Court may conduct a hearing on such objection on any date that is either mutually agreeable to the parties or fixed by the Bankruptcy Court.  All payments to cure defaults that may be required under section 365(b)(1) of the Bankruptcy Code will be made by the Reorganized Debtor.  In the event of a dispute regarding the amount of any cure payments, or the ability of the Debtor or the Reorganized Debtor, as applicable, to provide adequate assurance of future performance with respect to any executory contracts to be assumed by the Debtor, or assumed and assigned to the Reorganized Debtor, Dr. Hu or the Reorganized Debtor, as applicable, will make any payments required by section 365(b)(1) of the Bankruptcy Code after the entry of a Final Order resolving such dispute.

The executory contracts and unexpired leases which will be assumed and assigned to the Reorganized Debtor, and their respective proposed cure costs, will be identified in the Plan Supplement.

**5.3   Claims Based on Rejection of Executory Contracts and Unexpired Leases**

Proofs of Claim with respect to Claims arising from the rejection of executory contracts or unexpired leases under this Plan, if any, must be filed with the Bankruptcy Court within thirty (30) days after the earlier of (a) service of notice of the Effective Date, or (b) service of notice of entry of an order of the Bankruptcy Court (other than the Confirmation Order) approving the rejection of a particular executory contract or unexpired lease on the counterparty thereto.

The notice of Effective Date shall set forth the deadline for filing Proofs of Claim with respect to the same. Absent order of the Bankruptcy Court to the contrary, any Claims arising from the rejection of an executory contract or unexpired lease not filed by the applicable deadline will not be considered Allowed and such person or entity shall not be treated as a Creditor for purposes of distributions under the Plan. Claims arising from the rejection of the Debtor's executory contracts or unexpired leases shall be classified as General Unsecured Claims and shall be treated in accordance with Class 1 of the Plan, which information shall be included in the notice of the Effective Date.

**SECTION 6.    PROVISIONS GOVERNING DISTRIBUTIONS**

**6.1   Disbursing Agent**

The Reorganized Debtor or Dr. Hu's designee, as applicable, shall act as the disbursing agent for the purpose of making all distributions provided for under the Plan. The Reorganized Debtor or Dr. Hu's designee shall serve as the disbursing agent without bond and shall receive no compensation for distribution services rendered and expenses incurred pursuant to the Plan.

**6.2    Manner of Payment and Amount to Be Distributed**

Unless otherwise agreed by the Reorganized Debtor or Dr. Hu, as applicable, and the recipient of a Distribution under the Plan, all Distributions of Cash under the Plan may be made either by check via first class mail, postage prepaid, or by wire transfer from a domestic bank, at the option of the disbursing agent.

Except as otherwise provided herein, Distributions under the Plan will be made only to the Holders of Allowed Claims.  Until a Disputed Claim becomes an Allowed Claim, the Holder of that Disputed Claim will not receive any Distribution otherwise provided to Creditors under the Plan.

Except as otherwise provided herein, on, or as soon as reasonably practicable after the later of (a) the Effective Date, and (b) the date on which a Claim becomes an Allowed Claim, each Holder of an Allowed Claim shall receive the full amount of the Distributions that the Plan provides for Allowed Claims in the applicable Class.  Except as otherwise provided in the Plan, or any order of the Bankruptcy Court, Holders of Claims shall not be entitled to interest, dividends, or accruals on the Distributions provided for in the Plan, regardless of whether such Distributions are delivered on or at any time after the Effective Date.

**6.3    Saturday, Sunday or Holiday**

If any payment or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the following Business Day, but shall be deemed to have been completed as of the required date.

**6.4    Withholding Taxes**

In connection with the Plan, to the extent applicable, the Reorganized Debtor shall comply with all withholding and reporting requirements imposed by any federal, state, local, or foreign

taxing authority, and all Distributions hereunder shall be subject to any such withholding and reporting requirements. As a condition to making any Distribution under the Plan, the Reorganized Debtor may require that the Holder of an Allowed Claim provide such holder's taxpayer identification number and such other information and certification as may be deemed necessary to comply with applicable tax reporting and withholding laws.

## SECTION 7.    EFFECTIVE DATE

### 7.1    Conditions Precedent to Effective Date

The Effective Date shall not occur unless each of the following conditions are satisfied or waived as set forth in Section 7.2 below:

7.1.1    *Confirmation Order*.  The Bankruptcy Court shall have entered the Confirmation Order, which shall be a Final Order, in form and substance reasonably acceptable to Dr. Hu, which shall be in force and effect and not subject to any stay of effectiveness.

7.1.2    *Authorizations.*  Dr. Hu and/or the Reorganized Debtor, as applicable, shall have obtained all authorizations, consents, regulatory approvals, rulings, or documents that are necessary to implement and effectuate the Plan.

7.1.3    *No Material Amendments.*  The Plan shall not have been materially amended, altered, or modified as confirmed by the Confirmation Order, unless such material amendment, alteration, or modification has been made with the consent of Dr. Hu.

7.1.4    *Payment of Plan Funding Contribution.*  Dr. Hu shall pay the full amount of the Plan Funding Contribution to the Debtor or Reorganized Debtor, as the case may be.

### 7.2    Waiver of Conditions Precedent

Other than the condition to the Effective Date set out in section 7.1.4 above (*i.e.*, payment of the Plan Funding Contribution), Dr. Hu may waive any of the conditions to the Effective Date

set forth above at any time, without any notice to parties in interest and without any further notice to or action, order, or approval of the Bankruptcy Court.

**7.3      Notice of Effective Date**

Dr. Hu shall file a notice of the Effective Date with the Bankruptcy Court, and serve it on all Creditors and parties in interest, within five (5) Business Days after the occurrence of the Effective Date.  Such notice will include all relevant deadlines put into effect by the occurrence of the Effective Date.

**7.4      Effect of Failure of Conditions Precedent**

If the Effective Date does not occur, then, upon notice by Dr. Hu to the Bankruptcy Court, (a) the Plan shall be null and void in all respects; (b) any assumption or rejection of executory contracts or unexpired leases effected under the Plan, and any document or agreement executed pursuant to the Plan, shall be deemed null and void; and (c) nothing contained in the Plan, the Confirmation Order, or the Disclosure Statement shall: (i) constitute a waiver or release of any Claims, Interests, or causes of action; (ii) prejudice in any manner the rights of the Debtor, Dr. Hu or any other entity; or (iii) constitute an admission, acknowledgement, offer, or undertaking of any sort by the Debtor, Dr. Hu or any other entity.

**7.5      Right to Modify the Plan Until Substantial Consummation**

Until the Plan has been substantially consummated, Dr. Hu shall have the right to modify the Plan to the extent permitted by Section 1127 of the Bankruptcy Code.

**7.6      Substantial Consummation of the Plan**

Substantial consummation of the Plan under Bankruptcy Code section 1101(2) shall be deemed to occur on the Effective Date.

## SECTION 8.    EFFECTS OF PLAN CONFIRMATION AND EFFECTIVE DATE

### 8.1    Binding Effect

Subject to the occurrence of the Effective Date, on and after the entry of the Confirmation Order, the provisions of the Plan shall bind and inure to the benefit of the Debtor, the Reorganized Debtor, Dr. Hu, as Plan Proponent, and each Holder of a Claim against or Interest in the Debtor or Reorganized Debtor and inure to the benefit of and be binding on such Debtor's, Reorganized Debtor's, Dr. Hu's, and Holder's respective successors and assigns, regardless of whether the Claim or Interest of such Holder is Impaired under the Plan and whether such Holder has accepted or rejected the Plan or is deemed to have accepted or rejected the Plan.

### 8.2    Discharge of Claims

Except as otherwise expressly provided in the Plan or Confirmation Order, on the Effective Date, pursuant to section 1141(d) of the Bankruptcy Code, the Debtor, the Estate, and the Reorganized Debtor will be discharged from all liability for any and all Claims.

### 8.3    Exculpation and Limitation of Liability

EXCEPT WITH RESPECT TO ANY ACTS OR OMISSIONS EXPRESSLY SET FORTH IN AND PRESERVED BY THE PLAN, THE PLAN SUPPLEMENT, OR RELATED DOCUMENTS, THE EXCULPATED PARTIES SHALL NEITHER HAVE, NOR INCUR ANY LIABILITY FOR ANY ACT TAKEN OR OMITTED TO BE TAKEN ON OR AFTER THE PETITION DATE AND PRIOR TO OR ON THE EFFECTIVE DATE, IN CONNECTION WITH, OR RELATED TO FORMULATING, NEGOTIATING, PREPARING, DISSEMINATING, IMPLEMENTING, ADMINISTERING, CONFIRMING, OR EFFECTING THE PLAN OR ANY CONTRACT, INSTRUMENT, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN OR ANY OTHER ACT TAKEN OR OMITTED TO BE TAKEN IN CONNECTION WITH OR IN CONTEMPLATION OF THE RESTRUCTURING OF THE DEBTOR; PROVIDED THAT THE FOREGOING "EXCULPATION" SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY ENTITY THAT RESULTS FROM ANY SUCH ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED FRAUD, GROSS NEGLIGENCE, OR WILLFUL MISCONDUCT; PROVIDED FURTHER THAT THE FOREGOING SHALL NOT APPLY TO ANY EXPRESS CONTRACTUAL OR FINANCIAL OBLIGATIONS OR ANY RIGHT OR OBLIGATION ARISING UNDER OR THAT IS PART OF THE PLAN OR ANY AGREEMENTS ENTERED INTO PURSUANT TO, IN CONNECTION WITH, OR CONTEMPLATED BY THE PLAN, OR TO ANY RIGHT TO ENFORCE THE PLAN AND

CONFIRMATION ORDER; PROVIDED FURTHER THAT NOTHING IN THE PLAN SHALL LIMIT THE LIABILITY OF ATTORNEYS TO THEIR RESPECTIVE CLIENTS PURSUANT TO RULE 1.8(h) OF THE NEW YORK RULES OF PROFESSIONAL CONDUCT (22 N.Y.C.R.R. § 1200) OR AFFECT ANY CRIMINAL ENFORCEMENT ACTION.

**8.4     General Injunction**

EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER, ON AND AFTER THE EFFECTIVE DATE, ALL PERSONS WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS OF ANY KIND OR NATURE AGAINST THE DEBTOR, WHETHER KNOWN OR UNKNOWN, WHETHER OR NOT GIVING RISE TO A RIGHT TO PAYMENT OR AN EQUITABLE REMEDY, THAT AROSE, DIRECTLY OR INDIRECTLY, FROM ANY ACTION, INACTION, EVENT, CONDUCT, CIRCUMSTANCE, HAPPENING, OCCURRENCE, AGREEMENT, OR OBLIGATION OF THE DEBTOR BEFORE THE CONFIRMATION DATE, OR THAT OTHERWISE AROSE BEFORE THE CONFIRMATION DATE, INCLUDING ALL INTEREST, IF ANY, ON ANY SUCH CLAIMS AND DEBTS, WHETHER OR NOT (A) A PROOF OF CLAIM IS FILED OR IS DEEMED FILED UNDER SECTION 501 OF THE BANKRUPTCY CODE, (B) SUCH CLAIM IS ALLOWED UNDER THE PLAN, OR (C) THE HOLDER OF SUCH CLAIM HAS ACCEPTED THE PLAN, ARE PERMANENTLY ENJOINED, ON AND AFTER THE CONFIRMATION DATE, FROM (W) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND WITH RESPECT TO ANY SUCH CLAIM OR TAKING ANY ACT TO RECOVER SUCH CLAIM OUTSIDE OF THE CLAIMS ALLOWANCE PROCEDURE PROVIDED FOR IN THE PLAN AND THE BANKRUPTCY CODE AND BANKRUPTCY RULES, (X) THE ENFORCEMENT, ATTACHMENT, COLLECTION, OR RECOVERY BY ANY MANNER OR MEANS OF ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST THE DEBTOR OR THE REORGANIZED DEBTOR ON ACCOUNT OF ANY SUCH CLAIM, (Y) CREATING, PERFECTING, OR ENFORCING ANY ENCUMBRANCE OF ANY KIND AGAINST THE PROPERTY OR INTERESTS IN PROPERTY OF THE DEBTOR OR THE REORGANIZED DEBTOR ON ACCOUNT OF ANY SUCH CLAIM AND (Z) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM THE DEBTOR OR THE REORGANIZED DEBTOR OR AGAINST THE PROPERTY OR INTERESTS IN PROPERTY OF THE DEBTOR OR THE REORGANIZED DEBTOR ON ACCOUNT OF ANY SUCH CLAIM, TO THE FULLEST EXTENT AUTHORIZED OR PROVIDED BY THE BANKRUPTCY CODE, INCLUDING, WITHOUT LIMITATION, TO THE EXTENT PROVIDED FOR OR AUTHORIZED BY SECTIONS 524 AND 1141 THEREOF.

**SECTION 9.     RETENTION OF JURISDICTION**

Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective

Date, the Bankruptcy Court shall retain exclusive jurisdiction over all usual and customary matters

arising out of, or related to, the Chapter 11 Case and the Plan pursuant to sections 105(a) and 1142

of the Bankruptcy Code, including jurisdiction to:

a. Allow, disallow, determine, liquidate, classify, estimate or establish the priority, nature, validity, amount or secured or unsecured status of any Claim or Interest, including the resolution of any request for payment of any Administrative Expense Claim and the resolution of any and all objections to the allowance, priority or amount of Claims or Interests;

b. Decide and resolve all matters related to the granting and denying, in whole or in part, any applications for allowance of compensation or reimbursement of expenses to Professional Persons authorized pursuant to the Bankruptcy Code or the Plan;

c. Resolve any matters related to: (i) the assumption, assumption and assignment, or rejection of any executory contract or unexpired lease to which the Debtor is party or with respect to which the Debtor may be liable and to hear, determine, and, if necessary, liquidate, any cure costs arising therefrom, including cure costs pursuant to section 365 of the Bankruptcy Code; (ii) any potential contractual obligation under any executory contract or unexpired lease that is assumed; and (iii) any dispute regarding whether a contract or lease is or was executory or expired;

d. Ensure that Distributions to Holders of Allowed Claims are accomplished pursuant to the provisions of the Plan;

e. Adjudicate, decide or resolve any motions, adversary proceedings, contested or litigated matters, and any other matters, and grant or deny any applications involving the Debtor that may be pending on the Effective Date;

f. Adjudicate, decide or resolve any and all matters related to section 1141 of the Bankruptcy Code;

g. Resolve any cases, controversies, suits, or disputes that may arise in connection with the interpretation or enforcement of the Plan or any entity's obligation incurred in connection with the Plan;

h. Enter and implement such orders as may be necessary or appropriate to execute, implement, or consummate the provisions of the Plan and all contracts, instruments, releases, indentures, and other agreements or documents created in connection with the Plan or the Disclosure Statement;

i. Issue injunctions, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any entity with enforcement of the Plan;

j. Enter and implement such orders as are necessary or appropriate if the Confirmation Order is for any reason modified, stayed, reversed, revoked, or vacated;

k.  Determine any other matters that may arise in connection with or relate to the Plan, the Disclosure Statement, the Confirmation Order, or any contract, instrument, release, indenture, or other agreement or document created in connection with the Plan or the Disclosure Statement;

l.  Enter an order or final decree concluding or closing the Chapter 11 Case;

m.  Consider any modifications of the Plan, to cure any defect or omission, or to reconcile any inconsistency in any Bankruptcy Court order, including the Confirmation Order;

n.  Hear and determine disputes arising in connection with the interpretation, implementation, or enforcement of the Plan or the Confirmation Order, including disputes arising under agreements, documents, or instruments executed in connection with the Plan;

o.  Hear and determine matters concerning state, local, and federal taxes in accordance with sections 346, 505, and 1146 of the Bankruptcy Code;

p.  Enforce all orders previously entered by the Bankruptcy Court; and

q.  Hear any other matter not inconsistent with the Bankruptcy Code.

## SECTION 10.    MISCELLANEOUS PROVISIONS

### 10.1    Revocation or Withdrawal of this Plan

Dr. Hu reserves the right to revoke or withdraw the Plan prior to the entry of the Confirmation Order.  If Dr. Hu revokes or withdraws this Plan before the Confirmation Date, then this Plan shall be deemed null and void.  In such event, nothing contained herein shall constitute or be deemed a waiver or release of any Claims by or against Dr. Hu or to prejudice in any manner the rights of Dr. Hu in any further proceedings.

### 10.2    Payment of Statutory Fees

All outstanding fees payable pursuant to section 1930(a) of Title 28 of the U.S. Code, as determined by the Bankruptcy Court at a hearing pursuant to section 1128 of the Bankruptcy Code or as agreed to by the US Trustee and Reorganized Debtor, shall be paid prior to the Effective Date of the Plan and, thereafter, shall be due and payable for each quarter (including any fraction thereof) until the Chapter 11 Case is converted, dismissed or closed, whichever occurs first.

**10.3    Notices**

All notices or requests in connection with this Plan shall be in writing and given by mail or overnight mail (with a contemporaneous e-mail copy, which shall not constitute notice) addressed to:

> To the Plan Proponent or Reorganized Debtor
>
> Norton Rose Fulbright (US) LLP
> Andrew Rosenblatt, Esq.
> 1301 Avenue of the Americas
> New York, New York 10019
> Email: andrew.rosenblatt@nortonrosefulbright.com

All notices and requests to Persons holding any Claim in any Class shall be sent to them at their last known address or to the last known address of their attorney of record in this Chapter 11 Case.  Any such Holder of a Claim may designate in writing any other address for purposes of this Section, which designation will be effective upon receipt by the Debtor or Reorganized Debtor.

**10.4    Severability**

If, prior to Confirmation, any term or provision of this Plan is held by the Bankruptcy Court to be invalid, void, or unenforceable, the Bankruptcy Court shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision, and such term or provision shall then be applicable as altered or interpreted.  Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of this Plan will remain in full force and effect and will in no way be affected, impaired, or invalidated by such holding, alteration or interpretation.

**10.5    Validity and Enforceability**

The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of this Plan, as it may have been altered or interpreted in accordance with

the Confirmation Order, is valid and enforceable pursuant to its terms.  Should any provision in this Plan be determined by the Bankruptcy Court or any appellate court to be unenforceable following the Effective Date, such determination shall in no way limit the enforceability and operative effect of any and all other provisions of this Plan.

**10.6    Controlling Documents**

In the event and to the extent that any provision of the Plan is inconsistent with any provision of the Disclosure Statement, the provisions of the Plan shall control and take precedence. In the event and to the extent that any provision of the Confirmation Order is inconsistent with any provision of the Plan, the provisions of the Confirmation Order shall control and take precedence.

**10.7    Filing of Additional Documents**

At any time before substantial consummation of the Plan, Dr. Hu or the Reorganized Debtor, as appropriate, may file with the Bankruptcy Court or execute, as appropriate, such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan, or otherwise to comply with applicable law.

**10.8    Direction to a Party**

On or after the Effective Date, Dr. Hu or the Reorganized Debtor, as applicable, may apply to the Bankruptcy Court for entry of an order directing any Person to execute or deliver or to join in the execution or delivery of any instrument or document reasonably necessary or reasonably appropriate to effect the transfer of properties dealt with by the Plan, and to perform any other act that is reasonably necessary or reasonably appropriate for the consummation of the Plan.

**10.9    Reservation of Rights**

Except as expressly set forth herein, this Plan shall have no force or effect unless and until the Bankruptcy Court enters the Confirmation Order and the Effective Date has occurred.

**10.10   Governing Law**

Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and the Bankruptcy Rules) or unless otherwise specifically stated, the laws of the State of New York, without giving effect to the principles of conflicts of laws, shall govern the rights, obligations, construction, and implementation of the Plan transactions consummated or to be consummated in connection therewith.

**10.11   Headings**

Headings are used in this Plan for convenience and reference only, and shall not constitute a part of this Plan for any other purpose.

**10.12   No Admissions**

Notwithstanding anything herein to the contrary, nothing contained in this Plan shall be deemed as an admission by Dr. Hu or the Reorganized Debtor with respect to any matter set forth herein.

*[Signature page follows]*

Dated: New York, New York       Respectfully submitted,
June 24, 2024              DR. HU BO, as Plan Proponent

By: */s/ Yihan Hu*

Yihan Hu, as Agent on behalf of Dr. Hu


NORTON ROSE FULBRIGHT (US) LLP
Andrew Rosenblatt, Esq.
1301 Avenue of the Americas
New York, New York  10019
Telephone: (212) 408-5100
Facsimile: (212) 541-5369
andrew.rosenblatt@nortonrosefulbright.com

*Counsel to Dr. Hu Bo*