**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | X | |
| In re: | X | |
| | X | Chapter 11 |
| GLOBAL FERTILITY & GENETICS | X | |
| NEW YORK, LLC | X | Case No.: 23-10905-PB |
| | X | |
| Debtor. | X | |
| | X | |

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING DR. HU'S THIRD AMENDED CHAPTER 11 PLAN OF REORGANIZATION AND GRANTING RELATED RELIEF

Upon (i) the *Motion of Dr. Hu Bo, as Plan Proponent, for Entry of an Order (I) Scheduling a Combined Hearing for Approval of Disclosure Statement and Confirmation of Plan, (II) Approving Deadlines Related Thereto, and (III) Granting Related Relief* filed on March 18, 2024 [Docket No. 76] (the "***Plan Confirmation Procedures Motion***"), (ii) *Dr. Hu Bo's Chapter 11 Plan of Reorganization for Global Fertility & Genetics New York, LLC* dated March 17, 2024 [Docket No. 75], as amended on June 24, 2024 [Docket No. 126], July 7, 2024 [Docket No. 140] and September 10, 2024 [Docket No. 193] (including all exhibits thereto and as amended, supplemented, or otherwise modified from time to time, the "***Plan***"),[1] including the agreements and other documents set forth in that certain "Plan Supplement" to the Plan, dated June 18, 2024 [Docket No. 123] (including all exhibits thereto and as amended, supplemented, or otherwise modified from time to time, the "***Plan Supplement***"), (iii) the *Memorandum of Law of Dr. Hu Bo, as Plan Proponent, (I) In Response to Objection to Confirmation of the Amended Plan of Reorganization, and (II) In Support of Confirmation* filed on July 7, 2024 [Docket No. 141] (the

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

"*Confirmation Brief*"), (iv) the *Declaration of Yihan Hu in Support of Plan Confirmation* filed on July 9, 2024 [Docket No. 142] (the "*Hu Confirmation Declaration*"), (v) the *Response of Dr. Hu Bo, as Plan Proponent, to Supplemental Objection of Annie Liu to Dr. Hu Bo's Second Amended Chapter 11 Plan of Reorganization for Global Fertility & Genetics New York, LLC* filed on July 15, 2024 [Docket No. 163] (the "*Supplemental Confirmation Brief*"), (vi) *Dr. Hu Bo Post-Confirmation Hearing Submission Providing Citations to the Record in Support of His Second Amended Chapter 11 Plan of Reorganization for Global Fertility & Genetics New York, LLC* filed on July 24, 2024 [Docket No. 183] (the "*Post-Confirmation Submission*"), (vii) *Dr. Hu Bo's Post-Confirmation Hearing Submission Providing Evidentiary Support to Find That Ms. Liu's Competing Plan of Reorganization is Not Confirmable* filed on July 26, 2024 [Docket No. 185] (the "*Second Post-Confirmation Submission*" and, together with the Plan Confirmation Procedures Motion, the Plan, the Plan Supplement, the Confirmation Brief, the Hu Confirmation Declaration, the Supplemental Confirmation Brief and the Post-Confirmation Submission, the "*Plan Documents*"), and (viii) the *Objection to Confirmation of Plan and Disclosure Statement of Dr. Hu* filed by Ms. Annie Liu ("*Ms. Liu*") on July 1, 2024 [Docket No. 132], and all supplemental and additional submissions filed by Ms. Liu in connection therewith (together, the "*Liu Objection*"); and based on the record in this Chapter 11 Case; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference in this District*; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the request to confirm the Plan in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that sufficient notice of the Confirmation Hearing and the opportunity for any party in interest to object

2

to confirmation of the Plan have been adequate and appropriate as to all entities affected or to be affected by the Plan, and the transactions contemplated thereby; and the Court having reviewed the Plan Documents and considered the statements made and evidence adduced in support of the relief requested therein at the Confirmation Hearing held before the Court on July 9, 2024, July 11, 2024, July 17, 2024 and July 19, 2024; the Court having determined, for the reasons set forth in the Court's *Memorandum Decision Confirming Dr. Hu Bo's Chapter 11 Plan of Reorganization,* dated September 7, 2024 [Docket No. 192] (the "***Memorandum Decision***"), that just cause exists for the relief granted herein, the Court hereby makes and issues the following findings of fact, conclusions of law and orders:

**FINDING OF FACT AND CONCLUSIONS OF LAW**

A.    <u>Findings and Conclusions</u>.  The findings and conclusions set forth herein, in the Memorandum Decision, and on the record of the Confirmation Hearing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.    <u>Jurisdiction, Venue, Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a))</u>.  The Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334, and the "Standing Order of Referral of Cases to Bankruptcy Judges" issued by the District Court.  Approval of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court has jurisdiction to enter a final order with respect thereto.  Venue was proper as of the Petition Date and is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.    <u>Eligibility for Relief</u>.  The Debtor qualifies as a "debtor" under section 109 of the Bankruptcy Code.  Moreover, Dr. Hu Bo, in his capacity as the plan proponent ("***Dr. Hu***"),

3

qualifies as a "party in interest" as defined in section 1109(b) of the Bankruptcy Code. As such, Dr. Hu is a proper proponent of the Plan.

        D.      <u>Commencement of the Chapter 11 Case</u>. On June 6, 2023 (the "***Petition Date***"), the Debtor commenced the Chapter 11 Case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. No Official Committee of Unsecured Creditors or other statutory committee has been constituted in this case. On April 4, 2024, the Court entered an order appointing Eric M. Huebscher as the Chapter 11 trustee of the Debtor (the "***Chapter 11 Trustee***"). Since this time, the Chapter 11 Trustee has operated and managed the Debtor's business and affairs.

        E.      <u>Judicial Notice</u>. The Court takes judicial notice of the docket of the Debtor's Chapter 11 Case maintained by the Clerk of the Court, including all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before the Court during the pendency of this Chapter 11 Case.

        F.      <u>The Bar Date</u>. On March 1, 2024, the Court entered an order (Docket No. 56) (the "***Bar Date Order***") setting April 4, 2024 as the last date for filing claims against the Debtor that arose (or were deemed to have arisen) before the Petition Date for all creditors, including section 503(b)(9) claimants. On May 21, 2024, at the request of the Chapter 11 Trustee, the Court entered an order extending the Bar Date until June 28, 2024 (the "***Bar Date***").

        G.      <u>Burden of Proof</u>. Dr. Hu, as the plan proponent, has the burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence. Dr. Hu has met his burden with respect to each applicable element of section 1129 of the Bankruptcy Code. ~~Each witness who testified on behalf of Dr. Hu at or in connection with the~~

~~Confirmation Hearing was credible, reliable, and qualified to testify as to the topics addressed in~~ ~~his or her testimony.~~  **[PB 09.17.24]**

H.      <u>The Disclosure Statement</u>.  Given that (i) Claims in Class 1 (General Unsecured Claims) are Unimpaired under the Plan and are conclusively presumed to have accepted the Plan without the solicitation of acceptances or rejections pursuant to section 1126(f) of the Bankruptcy Code, and (ii) Holders of Interests in Class 2 are not entitled to receive or retain any property from the Debtor's Estate under the Plan on account of their Interests and, therefore, are deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code, there is no requirement or need for the Court to approve the Disclosure Statement in order to confirm the Plan.

I.      <u>Exculpation and Injunction</u>.  Pursuant to section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019(a), the exculpations and injunctions set forth in Sections 8.3 and 8.4, respectively, of the Plan and implemented by this Confirmation Order, are fair, equitable, reasonable, and in the best interests of the Debtor, its Estate, Creditors and Interest Holders.  The record of the Confirmation Hearing and this Chapter 11 Case is sufficient to support the exculpations and injunctions provided for in Sections 8.3 and 8.4 of the Plan.  Other than in connection with the Doody Settlement, the Plan does not contain releases in favor of any party. The Doody Settlement contains only a Debtor-release; it does not include any non-consensual, non-debtor, third-party releases.

J.      <u>Plan Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>.  The Plan complies with the applicable provisions of the Bankruptcy Code and, as required by Bankruptcy Rule 3016, the Plan is dated and identifies Dr. Hu as the proponent of the Plan, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

1.      <u>Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1))</u>.  With the exception of Administrative Expense Claims (including Professional Fee Claims) and Priority Tax Claims, which need not be classified, Section 2.3 of the Plan classifies two (2) Classes of Claims and Interests in the Debtor.  The Claims and Interests placed in each Class are substantially similar to the other Claims and Interests, as the case may be, in each such Class.  Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such Classes do not unfairly discriminate between holders of Claims and Interests.  Accordingly, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

2.      <u>Unimpaired Classes Specified (11 U.S.C. § 1123(a)(2))</u>.  Section 2.3.1 of the Plan specifies that Claims in Class 1 (General Unsecured Claims) are Unimpaired under the Plan within the meaning section 1124 of the Bankruptcy Code, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

3.      <u>Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>.. Section 2.3.2 of the Plan designates Interests in Class 2 (Interests) as impaired within the meaning of section 1124 of the Bankruptcy Code and clearly specifies the treatment of such Interests in this Class, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

4.      <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>.  The Plan provides for the same treatment for each Claim or Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest in accordance with the Plan, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

5.      <u>Adequate Means for Plan Implementation (11 U.S.C. § 1123(a)(5))</u>.  The Plan provides adequate and proper means for the implementation of the Plan, including, without limitation, the Doody Settlement and the Plan Funding Contribution that will be provided by Dr.

Hu in order to fund distributions under the Plan. The Plan Funding Contribution will be an amount

sufficient to pay all Creditors in full. Dr. Hu has also committed to fund the Reorganized Debtor

with no less than $5 million and will use his good faith best efforts to pay the entire amount on or

as soon as possible following the occurrence of the Effective Date; ***provided, however***, that Dr.

Hu, as a non-waivable condition precedent to the occurrence of the Effective Date, shall submit

proof to the Court showing that Dr. Hu or his designee has no less than $2.5 million in available

cash on deposit in a United States bank account, **which he will make available as needed to fund**

**any payments required to be made by the Effective Date [PB 09.17.24]**. Accordingly, the Plan

satisfies section 1123(a)(5) of the Bankruptcy Code.

6. <u>Prohibition of Issuance of Non-Voting Securities (11 U.S.C. § 1123(a)(6))</u>.

Section 1123(a)(6) of the Bankruptcy Code does not apply to the Plan because the Debtor is not a

corporation and does not propose to issue any non-voting equity securities under the Plan.

7. <u>Designation of Officers, Directors, or Trustees (11 U.S.C. § 1123(a)(7))</u>.

The Plan proposes to appoint to the Reorganized Debtor a new management team lead by Yihan

Hu and Kendall Smalls. These appointments are consistent with the interests of creditors and

equity security holders and satisfies section 1123(a)(7) of the Bankruptcy Code.

8. <u>Earnings from Personal Services (11 U.S.C. § 1123(a)(8))</u>. Section

1123(a)(8) of the Bankruptcy Code applies only to individual debtors and is not applicable to this

Chapter 11 Case.

9. <u>Impairment/Unimpairment of Classes of Claims and Interests (11 U.S.C. §</u>

<u>1123(b)(1))</u>. As permitted by section 1123(b)(1) of the Bankruptcy Code, pursuant to Section

2.3.1 of the Plan, the Holders of Claims in Class 1 are Unimpaired, and pursuant to Section 2.3.2

of the Plan, the Holders of Interests in Class 2 are Impaired.

10.    <u>Assumption and Rejection (11 U.S.C. § 1123(b)(2))</u>.    As permitted by section 1123(b)(2) of the Bankruptcy Code and Section 5 of the Plan, all executory contracts and unexpired leases of the Debtor except (i) insurance policies that have been assumed and retained by the Debtor pursuant to Section 4.8, (ii) executory contracts and unexpired leases that have been assumed or rejected previously by the Debtor; (iii) executory contracts and unexpired leases that have previously expired or terminated pursuant to their own terms; (iv) executory contracts and unexpired leases that are the subject of a motion to assume filed on or before the Effective Date; or (v) executory contracts and unexpired leases that are identified in the Plan Supplement to be assumed under the Plan, will be deemed to be rejected on the Effective Date.    Assumption and rejection, as the case may be, of these executory contracts and unexpired leases pursuant to the Plan satisfies the requirements of section 365 of the Bankruptcy Code and is expressly authorized by section 1123(b)(2) of the Bankruptcy Code.    Dr. Hu, acting for and on behalf of the Debtor, has exercised reasonable business judgment in determining to assume or reject, as the case may be, the executory contracts and unexpired leases.    The assumption or rejection of each executory contract or unexpired lease under the Plan shall be binding on the Debtor and each non-Debtor party to each such executory contract or unexpired lease.

11.    <u>Settlement/Retention of Claim or Interests (11 U.S.C. § 1123(b)(3))</u>.    The Plan is deemed to constitute a motion under section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019 with respect to all settlements provided for therein, and entry of this Confirmation Order constitutes the Court's approval of all the compromises and settlements embodied in the Plan, including the Doody Settlement, and the Court's findings**, as set forth in the Memorandum Decision, [PB 09.17.24]** shall constitute its determination that such compromises and settlements are in the best interests of the Debtor, its Estate, and all holders of

8

Claims and Interests, and are fair, equitable, and well within the range of reasonableness. ~~In concluding that the compromises and settlements contained in the Plan are substantively fair, the Court considered the following factors: (a) the probability of success of potential litigation compared to the benefit of such compromises and settlement; (b) the likelihood of complex and protracted litigation; (c) the proportion of creditors and parties in interest that support the compromises and settlements; (d) the competency of counsel; and (e) the extent to which the compromises and settlement are the product of arm's length negotiations.  The Court finds that each of these factors, to the extent applicable, weigh in favor of approving the compromises and settlements embodied in the Plan.~~ **[PB 09.17.24]** With respect to retention of Claims and Interests, as permitted by section 1123(b)(3) of the Bankruptcy Code, Section 4.4 of the Plan provides that, subject to the terms of the Plan, on and after the Effective Date, the Reorganized Debtor may operate its business and may use, acquire, and dispose of property and prosecute, compromise, or settle any Claims (including any Administrative Expense Claims), interests, and causes of action without supervision of or approval by the Bankruptcy Court and free and clear of any restrictions of the Bankruptcy Code or the Bankruptcy Rules.

12.    <u>Additional Plan Provisions (11 U.S.C. § 1123(b)(6))</u>.  As permitted by section 1123(b)(6) of the Bankruptcy Code, the Plan includes other appropriate provisions not inconsistent with the applicable provisions of the Bankruptcy Code, including, without limitation, certain exculpation and injunction provisions in Sections 8.3 and 8.4 of the Plan.  Based upon the facts and circumstances of this Chapter 11 Case, the exculpation and injunction provisions in the Plan are fair, equitable, and reasonable, are supported by sufficient and valuable consideration, including the Plan Funding Contribution, are necessary for the realization of value for stakeholders, are the product of arm's length negotiations, or based on consent, are in the best

interests of the Debtor and its Estate, Creditors, and Interest Holders, and are, in light of the foregoing, appropriate. The failure to implement the exculpation and injunction provisions would impair the Debtor's ability to confirm and consummate the Plan and would possibly lead to the conversion of the Debtor's Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code. Each Exculpated Party afforded value to the Debtor and aided in the plan process. Each Exculpated Party played an integral role in the formulation of the Plan and has expended significant time and resources analyzing and negotiating the issues presented by this Chapter 11 Case. In addition, the exculpations set forth in Section 8.3 of the Plan do not relieve any party of liability for fraud, gross negligence or willful misconduct. Accordingly, based upon the record of this Chapter 11 Case, the representations of the parties, and/or the evidence proffered or adduced at the Confirmation Hearing, the Court finds that the exculpation and injunction provisions set forth in Sections 8.3 and 8.4 of the Plan are consistent with the Bankruptcy Code and applicable law and are appropriate under the circumstances.

K.    <u>The Plan Proponent's Compliance with the Bankruptcy Code (11 U.S.C. §
1129(a)(2))</u>.  Except as otherwise provided for or permitted by order of the Court, the Plan Proponent has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Confirmation Procedures Order in proposing the Plan and related documents and notices. Accordingly, the requirements of section 1129(a)(2) of the Bankruptcy Code are satisfied.

L.    <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>.  **As explained in the Memorandum Decision, [PB 09.17.24]** the Plan Proponent has proposed the Plan, including all documents necessary to effectuate the Plan, in good faith and not by any means forbidden by law, thereby satisfying the requirements of section 1129(a)(3) of the Bankruptcy Code. ~~The Plan~~

~~Proponent's good faith is evident from the facts and record of this Chapter 11 Case, the record of~~ ~~the Confirmation Hearing and other proceedings held in this Chapter 11 Case.  The Plan itself and~~ ~~the process leading to its formulation provide independent evidence of the Plan Proponent's good~~ ~~faith, serve the public interest, and assure fair treatment of Holders of Claims and Interests.  The~~ ~~Plan was proposed with the legitimate and honest purpose of reorganizing the Debtor so it can~~ ~~emerge from bankruptcy as a healthy going-concern, and maximizing the value of the Estate and~~ ~~distributions to all Creditors.~~  **[PB 09.17.24]** Further, the Plan's classification, exculpation, injunction provisions and settlements and compromises have been negotiated in good faith and at arm's length, are consistent with sections 105, 1122, 1123(b)(3)(A), 1123(b)(6), 1129, and 1142 of the Bankruptcy Code, and are integral to the Plan and supported by valuable consideration.

M.    Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).  Any payment made or to be made by the Plan Proponent, the Debtor or Reorganized Debtor, or by any other person acquiring property under the Plan, for services or for costs and expenses in or in connection with this Chapter 11 Case, or in connection with the Plan and incident to this Chapter 11 Case, has been approved by, or shall be subject to the approval of, the Bankruptcy Court as reasonable.    Accordingly, the Plan satisfies the requirements of section 1129(a)(4) of the Bankruptcy Code.

N.    Directors, Officers, and Successors (11 U.S.C. § 1129(a)(5)).  Section 4.7 of the Plan discloses that the post-confirmation management team of the Reorganized Debtor will be led by Dr. Hu and/or Yihan Hu and that the proposed management team would be designated in the Plan Supplement.  Indeed, on June 18, 2024, Dr. Hu filed the Plan Supplement confirming that Yihan Hu would serve as the new Chief Executive Officer of the Reorganized Debtor and Kendall

Smalls would serve as the Chief Operating Officer. Accordingly, the Plan satisfies the requirements of section 1129(a)(5) of the Bankruptcy Code.

O.      <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>.  The Plan does not provide for any rate changes over which a governmental regulatory commission has jurisdiction.  Accordingly, section 1129(a)(6) of the Bankruptcy Code is not applicable in this Chapter 11 Case.

P.      <u>Best Interest of Creditors (11 U.S.C. § 1129(a)(7))</u>.  The Plan satisfies the best interests of creditors test.  The Plan provides for payment in full of all allowed Claims.  Thus, Creditors would fare no better in a hypothetical Chapter 7 case than they would under the Plan. And while Interests are being extinguished under the Plan, with no recovery to Interest Holders, this treatment is no worse than the treatment Interest Holders would face in a Chapter 7 liquidation based upon evidence proffered or adduced at the Confirmation Hearing.  In a Chapter 7 case, it is almost a certainty, based on the evidence proffered or adduced at the Confirmation Hearing, that Creditor Claims would not be paid in full and would receive only a fractional recovery of the face amounts of the Claims.  Moreover, it is clear that in a Chapter 7, Holders of Interests would receive no distributions.  Therefore, each Holder of an Interest will receive or retain under the Plan, on account of such Interest, property of a value, as of the Effective Date, that is not less than the amount that such Holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date.  Recoveries to Holders of Claims pursuant to the Plan are well in excess of those that would be available if the Debtor were liquidated pursuant to Chapter 7 and, therefore, the Plan satisfies the requirements of section 1129(a)(7) of the Bankruptcy Code.

Q.      <u>Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8))</u>.  Claims in Class 1 (General Unsecured Claims) are Unimpaired under the Plan and are conclusively presumed to have accepted the Plan without the solicitation of acceptances or rejections pursuant to section 1126(f)

of the Bankruptcy Code.  Accordingly, the Plan satisfies the requirements of section 1129(a)(8) of the Bankruptcy Code as to Class 1.  Holders of Interests in Class 2 are not entitled to receive or retain any property from the Debtor's Estate under the Plan on account of their Interests and, therefore, are deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code.  The Plan nonetheless may be confirmed under the "cram down" provisions of section 1129(b) of the Bankruptcy Code.

R.    Treatment of Administrative Claims, Priority Tax Claims, and Other Priority Claims (11 U.S.C. § 1129(a)(9)).  The Plan satisfies section 1129(a)(9) of the Bankruptcy Code, which requires that a Chapter 11 plan provide for the payment of certain priority claims in full on the effective date in the allowed amount of such claims.  In accordance with sections 1129(a)(9)(A), (B) and (C) of the Bankruptcy Code, Section 2.1 of the Plan provides that each Holder of an Allowed Administrative Claim, Allowed Priority Tax Claim and Allowed Non-Tax Priority Claim, if any, shall be paid in full in Cash on the earlier of the date that is (a) on or as soon as reasonably practicable after the Effective Date if such Claim is Allowed as of the Effective Date or (b) on or as soon as reasonably practicable after the date such Claim is Allowed, if such Claim is not Allowed as of the Effective Date.  Similarly, each Allowed Professional Fee Claim shall be paid in full promptly after entry of a Final Order approving the application for such Professional Fee Claim.  Accordingly, the Plan satisfies the requirements set forth in section 1129(a)(9) of the Bankruptcy Code.

S.    Acceptance by at Least One Impaired Class of Claims (11 U.S.C. § 1129(a)(10)).  Claims in Class 1 (General Unsecured Claims) are Unimpaired under the Plan and are conclusively presumed to have accepted the Plan without the solicitation of acceptances or rejections pursuant

to section 1126(f) of the Bankruptcy Code.  Other than Class 1, there are no class of Claims under the Plan.  Thus, section 1129(a)(10) of the Bankruptcy Code is inapplicable.

T.      Feasibility (11 U.S.C. § 1129(a)(11)).  The Plan satisfies section 1129(a)(11) of the Bankruptcy Code.  The evidence proffered or adduced at the Confirmation Hearing (i) is persuasive and credible, (ii) has not been controverted by other evidence, and (iii) establishes that the Plan is feasible and that there is a reasonable prospect of the Debtor being able to meet its financial obligations under the Plan and that confirmation of the Plan is not likely to be followed by the need for further liquidation or financial reorganization of the Debtor, thereby satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

U.      Payment of Fees (11 U.S.C. § 1129(a)(12)).  Pursuant to Sections 2.1.5 and 10.2 of the Plan, respectively, the Debtor is required to pay all statutory fees due and owing to the U.S. Trustee at the time of Confirmation on the Effective Date.  Accordingly, the Plan satisfies the requirements of section 1129(a)(12) of the Bankruptcy Code.

V.      No Unfair Discrimination; Fair and Equitable (11 U.S.C. § 1129(b)).  With respect to Holders of Interests in Class 2 (Interests), which is the only Class deemed to reject the Plan, the Plan may be confirmed pursuant to section 1129(b) of the Bankruptcy Code even though the requirements of section 1129(a)(8) have not been met.  Dr. Hu has demonstrated by a preponderance of the evidence that the Plan (a) satisfies all of the other requirements of section 1129(a) of the Bankruptcy Code and (b) does not "discriminate unfairly" and is "fair and equitable" with respect to Class 2, **for the reasons set forth in the Memorandum Decision.**  ~~The Plan is "fair and equitable" with respect to Class 2 because no junior Class of Claims or Interests will receive or retain any property from the Debtor's Estate under the Plan on account of such Claims or Interests.  The Plan does not unfairly discriminate with respect to Class 2 (or otherwise) because~~

14

~~the Claims in Class 1 are dissimilar to the Interests in Class 2. Moreover, given that there is only one Interest Holder in Class 2, the Plan necessarily and indisputably provides for the same treatment of all Holders of Interests in Class 2 (Interests). Also, there was ample evidence adduced at the Confirmation Hearing that the Doody Settlement, including the consideration provided thereunder, is not being given on account of Dr. Doody's Interests and, therefore, does not result in unfair discrimination with respect to Holders of Interests in Class 2 (Interests).~~ **[PB 09.17.24]** The Plan, therefore, satisfies the requirements of section 1129 of the Bankruptcy Code and may be confirmed despite the fact that Class 2 (Interests) is deemed to have rejected the Plan.

W.    <u>Only One Plan (11 U.S.C. § 1129(c))</u>.  The Plan satisfies section 1129(c) of the Bankruptcy Code.  Although a competing plan of reorganization was filed by Ms. Liu, that plan was not noticed for consideration and it is not before the Court.  Dr. Hu's Plan is the only plan that has come before the Court that satisfies the requirements of subsections (a) and (b) of section 1129 of the Bankruptcy Code.  Accordingly, the requirements of section 1129(c) of the Bankruptcy Code are satisfied.

X.    <u>Principal Purpose of the Plan (11 U.S.C. § 1129(d))</u>.  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933 and no governmental entity has objected to the confirmation of the Plan on any such grounds.  Accordingly, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

Y.    <u>Non-Applicability of Certain Sections (11 U.S.C. §§ 1123(c), 1129(a)(13) - (16), 1129(e))</u>.  The Debtor is not an individual and does not owe any domestic support.  The Debtor also has no obligation to pay for retiree benefits and is neither a nonprofit corporation nor a "small

business." Accordingly, sections 1123(c), 1129(a)(13) - (16), and 1129(e) of the Bankruptcy Code do not apply to this Chapter 11 Case.

Z.      <u>Modifications of the Plan (11 U.S.C. § 1127)</u>.  The modifications made to the Plan since entry of the Confirmation Procedures Order do not constitute changes that materially or adversely change the treatment of any Claims or Interests and do not require additional disclosure than what has been provided or resolicitation of acceptances or rejections of the Plan under section 1126 of the Bankruptcy Code (as no solicitation is required with respect to the Plan).  Thus, the Debtor has complied in all respects with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019.

AA.      <u>Satisfaction of Confirmation Requirements</u>.  Based upon the foregoing, all other pleadings, documents, exhibits, statements, declarations and affidavits filed in connection with Confirmation of the Plan, and all evidence and arguments made, proffered or adduced at the Confirmation Hearing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

BB.      <u>Implementation</u>. All documents and agreements necessary to implement the Plan, and all other relevant and necessary documents, have been negotiated in good faith and at arm's length, do not inappropriately conflict with applicable non-bankruptcy law, and shall, upon completion of documentation and execution, be valid, binding, and enforceable agreements.

CC.      <u>Good Faith</u>. Based on the record before this Court in this Chapter 11 Case, the Plan Proponent will be acting in good faith within the meaning of section 1125(e) of the Bankruptcy Code if it proceeds to (i) consummate the Plan and the agreements, settlements, transactions, and transfers contemplated thereby, and (ii) take the actions authorized and directed by this Confirmation Order, and shall not be liable under any applicable law, rule, or regulation governing

solicitation of acceptance or rejection of the Plan or the offer, issuance, sale, or purchase of securities.

DD.     <u>Retention of Jurisdiction</u>.  Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, this Court, except as otherwise provided in the Plan or herein, shall retain jurisdiction over all matters arising out of, and related to, this Chapter 11 Case and the Plan to the fullest extent permitted by law.

**<u>ORDER</u>**

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      <u>Confirmation of the Plan</u>.  The Plan, attached hereto as **Exhibit A**, and each of its provisions, including all exhibits thereto and all exhibits and documents included in the Plan Supplement, shall be, and hereby is, CONFIRMED as set forth herein pursuant to section 1129 of the Bankruptcy Code.  The terms of the Plan are incorporated by reference into and are an integral part of this Confirmation Order.

2.      <u>Plan Objections</u>.  Except as expressly provided herein, all objections to confirmation of the Plan, including the Liu Objection, that have not been withdrawn, waived, or settled by stipulation filed with the Court~~, and all reservations of rights included therein,~~ **[PB 09.17.24]** are hereby overruled.

3.      <u>Plan Classification Controlling</u>.   Unless otherwise set forth herein, the classifications of Claims and Interests for purposes of distributions, if any, under the Plan shall be governed solely by the terms of the Plan.

4.      <u>Confirmation Hearing Notice</u>.  The Plan Proponent provided good and sufficient notice of the Confirmation Hearing and the deadlines for filing and serving objections to the Plan.

5.      Implementation of the Plan.  Dr. Hu and the Debtor (and each of their respective members, agents, and/or professionals), each to the extent applicable and in accordance with the terms and conditions of the Plan, are authorized to (a) execute, deliver, file, and/or record such documents, contracts, instruments, releases, and other agreements, (b) make any and all distributions and transfers contemplated pursuant to, and as provided for in, the Plan, and (c) take such other actions as may be necessary to effectuate, implement, and further evidence the terms and conditions of the Plan.

6.      No Action.  To the extent that, under applicable non-bankruptcy law, any action to effectuate the terms of the Plan would otherwise require the consent or approval of the managers, directors, or officers of the Debtor, this Confirmation Order shall, pursuant to sections 1123(a)(5) and 1142 of the Bankruptcy Code, constitute the consent or approval, and such actions are deemed to have been taken by unanimous action of the managers, directors, and officers of the Debtor.

7.      Binding Effect.  From and after entry of this Confirmation Order, and subject to the occurrence of the Effective Date, except to the extent otherwise provided in the Plan or this Confirmation Order, the provisions of the Plan, as applicable, shall be binding on and shall inure to the benefit of, any heir, executor, administrator, personal representative, successor, or assign of such Person, including, but not limited to, all Holders of Claims and Interests of the Debtor (irrespective of whether such Claims or Interests are Impaired under the Plan or whether the Holders of such Claims or Interests accepted, rejected or are deemed to have accepted or rejected the Plan), and any and all non-Debtor parties to executory contracts and unexpired leases with the Debtor, and all other parties in interest in this Chapter 11 Case.

8.      Vesting of Assets.  On the Effective Date, and as except as otherwise provided for in the Plan, all Assets, including all Claims, rights, intellectual property rights, and causes of

18

action, shall vest in the Reorganized Debtor free and clear of all Claims, liens, charges, other encumbrances, and interests.  Subject to the terms of the Plan, on and after the Effective Date, the Reorganized Debtor may operate its business and may use, acquire, and dispose of property and prosecute, compromise, or settle any Claims (including any Administrative Expense Claims), interests, and causes of action without supervision of or approval by the Bankruptcy Court and free and clear of any restrictions of the Bankruptcy Code or the Bankruptcy Rules.  Moreover, as set forth in the Plan, on or prior to the occurrence of the Effective Date, any Person holding property of the Debtor, including any property that was developed or registered by, for, or on behalf of the Debtor, shall be turned over and assigned to the Reorganized Debtor.  For the avoidance of doubt, this includes any intellectual property rights that were developed by or for the Debtor, such as trademark rights associated with the Debtor's business, but that are or have been held or registered in the name of other Persons.

9.      Cancellation of Outstanding Interests.  As of the Effective Date, and as except as otherwise provided for in the Plan, except for purposes of evidencing a right to a distribution under the Plan (e.g., filed claims) or as otherwise provided for in the Plan or herein, (a) all agreements and other documents evidencing the Claims or rights of any holders of such Claims against the Debtor, including, but not limited to, all contracts, notes, and guarantees, and (b) all Interests, shall be deemed automatically cancelled and the obligations of the Debtor thereunder or in any way related thereto, shall be released.

10.     Cancellation of Existing Securities.  Except as otherwise provided in the Plan or any agreement, instrument, or other document incorporated in the Plan, on the Effective Date, the obligations of the Debtor pursuant, relating, or pertaining to any agreements, indentures, certificates of designation, bylaws or certificate or articles of incorporation or similar documents

governing the shares, certificates, notes, bonds, purchase rights, options, warrants, or other instruments or documents evidencing or creating any indebtedness or obligation of the Debtor (except such agreements, certificates, notes, or other instruments evidencing indebtedness or obligations of the Debtor that are specifically reinstated pursuant to the Plan) shall be released.

11.    <u>Issuance of New Equity Interests</u>.  On the Effective Date, all of the new Interests issuable in accordance with the Plan, when so issued, shall be duly authorized, validly issued, fully paid, and non-assessable and shall vest full title and ownership of the Reorganized Debtor in Dr. Hu (or his designee) free and clear of all Claims, liens, charges, other encumbrances, and interests. The issuance of the new Interests is authorized without the need for any further corporate action and without any further action by any Holder of a Claim or Interest.

12.    <u>Directors, Officers and Board Members of the Debtor</u>.  As of the Effective Date, except for purposes of evidencing a right to a distribution under the Plan or as otherwise provided for in the Plan or herein, all officers, directors, and members of the Board of Directors of the Debtor shall be deemed to have resigned.

13.    <u>Patient Care Ombudsman</u>.  As of the Effective Date, except for purposes of evidencing a right to a distribution under the Plan or as otherwise provided for in the Plan or herein, the Patient Care Ombudsman of the Debtor shall be relieved of his duties.

14.    <u>Chapter 11 Trustee</u>.  As of the Effective Date of the Plan, absent an agreement to the contrary between the Chapter 11 Trustee and Dr. Hu or a separate order of the Court, the Chapter 11 Trustee shall be relieved of his duties as the Chapter 11 Trustee.

15.    <u>Treatment of Executory Contracts and Unexpired Leases</u>.  The provisions of Section 5 of the Plan governing executory contracts and unexpired leases are hereby approved in their entirety.

16.   <u>Assumption and Rejection of Contracts and Leases</u>.  On the Effective Date, except as otherwise provided under the Plan, and except to the extent an executory contract or unexpired lease entered into by the Debtor prior to the Petition Date: (a) is an insurance policy that is deemed assumed and retained by the Debtor pursuant to Section 4.8 of the Plan, (b) was assumed previously by the Debtor; (c) previously expired or terminated pursuant to its own terms; (d) is the subject of a motion to assume filed on or before the Effective Date; or (e) is identified in the Plan Supplement to be assumed under the Plan, each executory contract and unexpired lease entered into by the Debtor prior to the Petition Date shall be deemed rejected on the Effective Date pursuant to section 365 of the Bankruptcy Code.  The executory contracts and unexpired leases which will be assumed and assigned to the Reorganized Debtor, and their respective proposed cure costs, have been identified in the Plan Supplement.  This Confirmation Order shall constitute approval of any such assumption or rejection, as the case may be, pursuant to sections 365(a) and 1123 of the Bankruptcy Code.

17.   <u>Claims Based on Rejection of Contracts or Leases</u>.  Claims arising from the rejection of executory contracts or unexpired leases under the Plan, if any, must be filed with the Court and served on Dr. Hu (as Plan Proponent) within thirty (30) days after the later of (a) service of notice of the Effective Date, or (b) service of notice of entry of an order of the Bankruptcy Court (other than the Confirmation Order) approving the rejection of a particular executory contract or unexpired lease on the counterparty thereto.  Any Holder of a rejection damage Claim that fails to timely file a Claim (a) shall be forever barred, estopped, and enjoined from asserting such rejection damage Claim against the Debtor or its property, and (b) shall not be entitled to a distribution under the Plan with respect thereto.

18.     <u>Objections to Claims</u>.   Except as expressly provided in the Plan or in this Confirmation Order, the Debtor (before the Effective Date) or Dr. Hu or the Reorganized Debtor (on or after the Effective Date), as applicable, shall have the exclusive authority and standing to file objections to Claims.  Any objections to Claims shall be filed and served on or before the later of (i) the Claims Objection Deadline or (ii) such other date as may be fixed by the Court. Notwithstanding anything to the contrary in the Plan, after the later of the Confirmation Date or an applicable Bar Date, a proof of claim that is filed or amended without authorization of the Court, shall be disallowed.

19.     <u>Setoffs and Recoupment</u>.  Except with respect to Professional Fee Claims or Claims or Interests that are Allowed pursuant to the Plan, the Reorganized Debtor may, but shall not be required to, setoff against or recoup from any Claims of any nature whatsoever that the Debtor may have against the claimant pursuant to section 558 of the Bankruptcy Code or otherwise, but neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release by the Debtor or the Reorganized Debtor of any such Claim it may have against the Holder of such Claim.

20.     Notwithstanding anything to the contrary in the Plan or this Confirmation Order, nothing shall modify the rights, if any, of any current or former party to an executory contract or unexpired lease, to assert any right of setoff or recoupment that such party may have under applicable bankruptcy or non-bankruptcy law, including, but not limited to, (a) the ability, if any, of such parties to setoff or recoup a security deposit held pursuant to the terms of their unexpired lease(s) with the Debtor under the Plan; (b) the assertion of rights of setoff or recoupment, if any, in connection with Claims reconciliation; or (c) the assertion of setoff or recoupment as a defense, if any, to any claim or action by the Debtor or any successor of the Debtor.  Notwithstanding the

foregoing, the rights of the Debtor, the Reorganized Debtor, and any of their successors to contest a right of setoff or recoupment asserted by any Holder of a Claim, including a Claim arising from an executory contract or unexpired lease are fully reserved and preserved.

21.     <u>Administrative Claim Bar Dates</u>.   Except as otherwise provided in the Plan, requests for payment of Administrative Expense Claims, including Professional Fee Claims,  must be filed on or before the Administrative Claims Bar Date, which shall be thirty (30) days after the Effective Date.  Holders of Administrative Expense Claims that are or were required to, but did not or do not, file and serve a request for payment of such Administrative Expense Claims by the Administrative Claims Bar Date (a) shall be forever barred, estopped, and enjoined from asserting such Administrative Expense Claims against the Debtor or its property, (b) shall have such Administrative Expense Claims be deemed released against the Debtor as of the Effective Date, and (c) shall not be entitled to a distribution under the Plan.

22.     <u>Professional Fee Claims</u>.  All final requests for payment of Professional Fee Claims must be filed and served no later than the Administrative Claims Bar Date, which shall be thirty (30) days after the Effective Date, unless otherwise ordered by the Bankruptcy Court.  Objections to any Professional Fee Claim must be filed and served on the Debtor, the Chapter 11 Trustee, Dr. Hu (as the Plan Proponent) and the requesting party no later than thirty (30) days from the service of an application for final allowance of a Professional Fee Claim.

23.     <u>Exculpation and Injunction</u>.  All exculpation and injunction provisions contained in the Plan, including, without limitation, those contained in Sections 8.3 and 8.4 of the Plan, respectively are hereby authorized, approved, and shall be effective and binding on all persons and entities, to the extent expressly described in the Plan, except as set forth herein.  For the avoidance of doubt, the foregoing exculpation provisions shall have no effect on the liability of any entity

that results from any such act of omission that is determined in a final order to constitute a breach of the Operating Agreement of GFG Holding Group Co., LLC, and nothing in the Plan or Confirmation Order precludes any person from seeking relief, including, without limitation, equitable relief in any court of competent jurisdiction arising out of a breach of the Operating Agreement of GFG Holding Group Co., LLC.

24.    <u>Injunction</u>.  Except as otherwise provided in the Plan or the Confirmation Order, as of the Effective Date, all Persons who have held, hold, or may hold Claims of any kind or nature against the Debtor, whether known or unknown, whether or not giving rise to a right to payment or an equitable remedy, that arose, directly or indirectly, from any action, inaction, event, conduct, circumstance, happening, occurrence, agreement, or obligation of the Debtor before the Confirmation Date, or that otherwise arose before the Confirmation Date, including all Interest, if any, on any such Claims and Debts, whether or not (a) a proof of claim is filed or is deemed filed under section 501 of the Bankruptcy Code, (b) such Claim is allowed under the Plan, or (c) the Holder of such Claim has accepted the Plan, are permanently enjoined, on and after the Confirmation Date, from (w) commencing or continuing in any manner any Action or other proceeding of any kind with respect to any such Claim or taking any act to recover such Claim outside of the claims allowance procedure provided for in the Plan and the Bankruptcy Code and Bankruptcy Rules, (x) the enforcement, attachment, collection, or recovery by any manner or means of any judgment, award, decree, or order against the Debtor or the Reorganized Debtor on account of any such Claim, (y) creating, perfecting, or enforcing any encumbrance of any kind against the property or interests in property of the Debtor or the Reorganized Debtor on account of any such Claim and (z) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from the Debtor or the Reorganized Debtor or against the property or

interests in property of the Debtor or the Reorganized Debtor on account of any such Claim, to the fullest extent authorized or provided by the Bankruptcy Code, including, without limitation, to the extent provided for or authorized by sections 524 and 1141 thereof.  For the avoidance of doubt, the foregoing injunction shall have no effect on the right of any person seeking relief, including, without limitation, equitable relief in court of competent jurisdiction, arising out of a breach of the Operating Agreement of GFG Holding Group Co., LLC,

25.    <u>Exculpation</u>.  As of the Effective Date, no Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from, any claim or liability for any act taken or omitted to be taken on or after the Petition Date and prior to or on the Effective Date, in connection with, or related to formulating, negotiating, preparing, disseminating, implementing, administering, confirming, or effecting the Plan or any contract, instrument, or other agreement or document created or entered into in connection with the Plan or any other act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtor; *provided, however*, that the foregoing "exculpation" shall have no effect on the liability of any Person or entity that results from any act or omission that is determined in a final order to have constituted fraud, gross negligence, or willful misconduct; *provided further* that nothing in the Plan shall limit the liability of attorneys to their respective clients pursuant to Rule 1.8(h) of the New York Rules of Professional Conduct (22 N.Y.C.R.R. § 1200) or affect any criminal enforcement action; *provided further* that the foregoing exculpation shall have no effect on the liability of any entity that results from any such act or omission that is determined in a final order to constitute a breach of the Operating Agreement of GFG Holding Group Co., LLC, and nothing in the Plan or Confirmation Order precludes any person from seeking relief, including, without limitation,

equitable relief in any court of competent jurisdiction arising out of a breach of the Operating Agreement of GFG Holding Group Co., LLC.

26.     <u>Plan Settlements.</u>     Entry into the Doody Settlement is in the best interests of the Debtor, its Estate, and Holders of Claims and is necessary and appropriate for consummation of the Plan.  The Doody Settlement has been negotiated in good faith and at arm's length and is deemed to have been made in good faith and for legitimate business purposes.  The terms and conditions of the Doody Settlement set forth and described in the Plan are fair, equitable, and reasonable and are approved in their entirety pursuant to Bankruptcy Code section 1123 and Bankruptcy Rule 9019.

27.     <u>Payment of Statutory Fees and U.S. Trustee Reporting Requirements</u>. Notwithstanding anything in the Plan to the contrary, all fees due and payable pursuant to section 1930 of Title 28 of the U.S. Code ("***Quarterly Fees***") prior to the Effective Date shall be paid by the Debtor on the Effective Date.  On and after the Effective Date, the Reorganized Debtor shall be responsible for filing post-Confirmation quarterly reports in conformity with the U.S. Trustee guidelines.  Following the Effective Date, the Reorganized Debtor shall be liable for the payment of all applicable Quarterly Fees until (i) the entry of a final decree in the Chapter 11 Case or (ii) the Chapter 11 Case is closed, converted, or dismissed.

28.     <u>Compliance with Tax Requirements</u>.   The Reorganized Debtor, to the extent applicable,  shall comply with all withholding and reporting requirements imposed by any federal, state, local, or foreign taxing authority, and all Distributions hereunder shall be subject to any such withholding and reporting requirements.  As a condition to making any Distribution under the Plan, the Reorganized Debtor may require that the Holder of an Allowed Claim provide such

holder's taxpayer identification number and such other information and certification as may be deemed necessary to comply with applicable tax reporting and withholding laws.

29.     <u>Exemption from Certain Taxes and Fees.</u>   Pursuant to section 1146(a) of the Bankruptcy Code, any transfer from the Debtor to the Reorganized Debtor or to any entity pursuant to, in contemplation of, or in connection with the Plan or pursuant to: (a) the issuance, distribution, transfer, or exchange of any debt, securities, or other interest in the Debtor or the Reorganized Debtor; (b) the making, assignment, or recording of any lease or sublease; or (c) the making, delivery, or recording of any deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan, including any deeds, bills of sale, assignments, or other instrument of transfer executed in connection with any transaction arising out of, contemplated by, or in any way related to the Plan, shall not be taxed under any law imposing a stamp tax, real estate transfer tax, mortgage recording tax, sales or use tax, Uniform Commercial Code filing or recording fee, regulatory filing or recording fee, or other similar tax or government assessment, and the appropriate state or local governmental officials or agents shall forego the collection of any such tax or governmental assessment and shall accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment. Unless the Bankruptcy Court orders otherwise, all sales, transfers and assignments of owned and leased property approved by the Bankruptcy Court on or before the Effective Date shall be deemed to have been in furtherance of, or in connection with, the Plan.  Following the Effective Date, the Reorganized Debtor shall be treated as a disregarded entity for federal and all relevant state income tax purposes.

30.     <u>Approval of Consents and Authorization to Take Action</u>.  This Confirmation Order shall constitute all authority, approvals, and consents required, if any, by the laws, rules, and

regulations of all states and any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts and transactions referred to in or contemplated by the Plan, the Plan Supplement, and any documents, instruments, securities, or agreements, and any amendments or modifications thereto.

31.     Immaterial Modifications.  Without need for further order or authorization of the Court, but subject to any limitations set forth in the Plan, the Plan Proponent is authorized and empowered to make any and all modifications to any and all documents that is necessary to effectuate the Plan that does not materially modify the terms of such documents and are consistent with the Plan and this Confirmation Order; *provided, however*, that the Plan Proponent must provide notice of any such modifications to the Chapter 11 Trustee prior to filing such modifications with the Court or otherwise effectuating any such modifications.

32.     Effect of Confirmation on Modifications.  Entry of this Confirmation Order means that all modification or amendments to the Plan prior to the date hereof are approved pursuant to section 1127(a) of the Bankruptcy Code and do not require additional disclosure under Bankruptcy Rule 3019.

33.     Documents and Instruments.  Each federal, state, commonwealth, local, foreign, or other governmental agency is hereby authorized to accept any and all documents and instruments necessary or appropriate to effectuate, implement, or consummate the transactions contemplated by the Plan and this Confirmation Order.  Without limiting the foregoing, the Ministry of Commerce of China and/or any other applicable Chinese governmental agency is authorized and directed to permit Dr. Hu to transfer funds from China to the United States in an amount necessary

to permit him to satisfy his obligation to make the Plan Funding Contribution as set forth in the Plan.

34.     <u>Conditions to Effective Date</u>.  The Plan shall not become effective unless and until the conditions set forth in Section 7.1 of the Plan have been satisfied or waived pursuant to Section 7.2 of the Plan; *provided, however*, that the condition set forth in Section 7.1.4 of the Plan may not be waived.

35.     <u>Vacatur of Order</u>.  If this Confirmation Order is vacated or deemed vacated, then the Plan shall be deemed null and void in all respects, and nothing contained in the Plan shall (a) constitute a waiver or release of any Claims against or Interests in the Debtor, (b) prejudice in any manner the rights of the Holder of any Claim against, or Interest in, the Debtor, (c) prejudice in any manner any right, remedy or claim of the Debtor or Dr. Hu, or any other Person or entity, or (d) be deemed an admission against interest by the Debtor or any other Person or entity.

36.     <u>Retention of Jurisdiction</u>.  The Court shall retain and have jurisdiction over any matters arising out of, or related to, the Chapter 11 Case and the Plan pursuant to sections 105(a) and 1142 of the Bankruptcy Code, including, but not limited to, the matters set forth in Section 9 of the Plan.

37.     <u>Substantial Consummation</u>.  On the Effective Date, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127 of the Bankruptcy Code.

38.     <u>Conflicts</u>.  To the extent that any order (other than this Confirmation Order) entered in this Chapter 11 Case (or any exhibits, schedules, appendices, supplements, or amendments to any of the foregoing), conflict with or are in any way inconsistent with any provision of the Plan or this Confirmation Order, this Confirmation Order shall govern and control except as expressly

set forth herein or in the Plan.  In the event of any inconsistency in the Plan and this Confirmation Order, this Confirmation Order shall govern.

39.   <u>Severability of Plan Provisions</u>.  Each term and provision of the Plan, as it may have been amended by this Confirmation Order, is: (a) valid and enforceable pursuant to its terms; (b) integral to the Plan and may not be deleted or modified without Dr. Hu's consent; and (c) non-severable and mutually dependent.

40.   <u>Waiver or Estoppel</u>.  Each Holder of a Claim or an Interest shall be deemed to have waived any right to assert any argument, including the right to argue that its Claim or Interest should be Allowed in a certain amount, in a certain priority, secured, or not subordinated by virtue of an agreement made with the Debtor or its counsel, or any other entity, if such agreement was not disclosed in the Plan, papers filed with the Court, or stated on the record at the Confirmation Hearing, prior to the Confirmation Date.

41.   <u>Governing Law</u>.  Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules) or unless otherwise specifically stated, the laws of the State of New York, without giving effect to the principles of conflict of laws, shall govern the rights, obligations, construction, and implementation of the Plan, any agreements, documents, instruments, or contracts executed or entered into in connection with the Plan (except as otherwise set forth in those agreements, in which case the governing law of such agreement shall control).

42.   <u>Applicable Non-Bankruptcy Law</u>.  Pursuant to sections 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Confirmation Order, the Plan, and related documents or any amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

43.    <u>Notice of Order</u>.  In accordance with Bankruptcy Rules 2002 and 3020(c), as soon as reasonably practicable after the Effective Date, the Reorganized Debtor shall serve notice of the entry of this Confirmation Order and the occurrence of the Effective Date (the "***Notice of Effective Date***"), substantially in the form annexed hereto as **Exhibit B**, to all parties who currently hold a Claim or Interest in this case, in addition to the Office of the United States Trustee for the Southern District of New York, the Chapter 11 Trustee, counsel to the Debtor, and any party filing a notice pursuant to Bankruptcy Rule 2002.  Such notice is hereby approved in all respects and shall be deemed good and sufficient notice of entry of this Confirmation Order and occurrence of the Effective Date.

44.    <u>No Waiver</u>.  The failure to specifically include or refer to any particular provision of the Plan in this Confirmation Order will not diminish the effectiveness of such provision nor constitute a waiver thereof, it being the intent of this Court that the Plan is confirmed in its entirety and incorporated herein by this reference.

Dated: New York, New York
        September 17, 2024

/s/ Philip Bentley
HONORABLE PHILIP BENTLEY
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

## Dr. Hu's Third Amended Plan of Reorganization

**NORTON ROSE FULBRIGHT (US) LLP**
Andrew Rosenblatt, Esq.
1301 Avenue of the Americas
New York, New York  10019
Telephone: (212) 408-5100
Facsimile: (212) 541-5369
andrew.rosenblatt@nortonrosefulbright.com

*Counsel to Dr. Hu Bo*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | X | |
| | X | |
| | X | Chapter 11 |
| GLOBAL FERTILITY & GENETICS, | X | |
| NEW YORK, LLC | X | Case No.:  23-10905-PB |
| | X | |
| Debtor. | X | |
| | X | |

**DR. HU BO'S THIRD AMENDED CHAPTER 11 PLAN OF REORGANIZATION**
**FOR GLOBAL FERTILITY & GENETICS NEW YORK, LLC**

Dr. Hu Bo, the Plan Proponent, respectfully submits its third amended plan of reorganization for debtor Global Fertility & Genetics New York, LLC pursuant to sections 1121(c), 1125 and 1126 of the Bankruptcy Code and Rule 3016 of the Federal Rules of Bankruptcy Procedure, in the form annexed hereto and made a part hereof.

# TABLE OF CONTENTS

**Page**

SECTION 1.   DEFINITIONS AND INTERPRETATION ....................................... 2

  1.1  Definitions.......................................................................................................... 2
  1.2  Interpretation: Application of Definitions and Rules of Construction............................ 12
  1.3  Exhibits ............................................................................................................ 12
  1.4  Time Periods .................................................................................................... 13

SECTION 2.   TREATMENT OF CLAIMS ................................................... 13

  2.1  Unclassified Claims .......................................................................................... 13
  2.2  Classification and Specification of Treatment of Claims ................................ 16
  2.3  Treatment and Voting Rights of Claims and Interests...................................... 17

SECTION 3.   ACCEPTANCE OR REJECTION OF THE PLAN ....................... 19

  3.1  Impaired Classes Vote ...................................................................................... 19
  3.2  Presumed Acceptance of the Plan..................................................................... 19
  3.3  Presumed Rejection of the Plan ........................................................................ 19
  3.4  Voting Classes .................................................................................................. 19
  3.5  Modification of Treatment of Class 1 Claims................................................... 20
  3.6  "Cram Down" Request ...................................................................................... 20

SECTION 4.   MEANS FOR IMPLEMENTATION OF THE PLAN.................... 20

  4.1  Funding for the Plan.......................................................................................... 20
  4.2  Continued Corporate Existence ........................................................................ 20
  4.3  Corporate Action............................................................................................... 21
  4.4  Vesting of Assets .............................................................................................. 22
  4.5  Objections to Claims......................................................................................... 23
  4.6  Issuance of New Equity Interests...................................................................... 23
  4.7  Exemption from Certain Transfer Taxes and Recording Fees; Post-Effective Date Tax Treatment .................................................................................................................. 24
  4.8  Directors and Officers of the Reorganized Debtor ........................................... 25
  4.9  Continuation of Insurance Policies ................................................................... 25
  4.10 Bar Date for Professional Fee Claims............................................................... 26
  4.11 Bar Date for Other Administrative Expense Claims.......................................... 26

SECTION 5.   TREATMENT OF EXECUTORY CONTRACTS/UNEXPIRED LEASES... 28

  5.1  General Treatment of Executory Contracts and Unexpired Leases................................. 28
  5.2  Procedures Regarding Assumption of Executory Contracts and Unexpired Leases ........ 29
  5.3  Claims Based on Rejection of Executory Contracts and Unexpired Leases ................... 29

SECTION 6.   PROVISIONS GOVERNING DISTRIBUTIONS ......................... 30

  6.1  Disbursing Agent .............................................................................................. 30
  6.2  Manner of Payment and Amount to Be Distributed ......................................... 30
  6.3  Saturday, Sunday or Holiday ............................................................................ 31
  6.4  Withholding Taxes............................................................................................. 31

SECTION 7.        EFFECTIVE DATE.................................................................................. 31

   7.1   Conditions Precedent to Effective Date.................................................................. 31
   7.2   Waiver of Conditions Precedent............................................................................ 32
   7.3   Notice of Effective Date ........................................................................................ 32
   7.4   Effect of Failure of Conditions Precedent ............................................................. 32
   7.5   Right to Modify the Plan Until Substantial Consummation ................................... 33
   7.6   Substantial Consummation of the Plan .................................................................. 33

SECTION 8.        EFFECTS OF PLAN CONFIRMATION AND EFFECTIVE DATE ............ 33

   8.1   Binding Effect........................................................................................................ 33
   8.2   Discharge of Claims............................................................................................... 33
   8.3   Exculpation and Limitation of Liability ................................................................ 34
   8.4   General Injunction ................................................................................................. 34

SECTION 9.        RETENTION OF JURISDICTION .................................................. 35

SECTION 10.       MISCELLANEOUS PROVISIONS.......................................................... 37

   10.1 Revocation or Withdrawal of this Plan.................................................................. 37
   10.2 Payment of Statutory Fees .................................................................................... 37
   10.3 Notices .................................................................................................................. 37
   10.4 Severability ........................................................................................................... 38
   10.5 Validity and Enforceability.................................................................................... 38
   10.6 Controlling Documents.......................................................................................... 39
   10.7 Filing of Additional Documents ........................................................................... 39
   10.8 Direction to a Party ............................................................................................... 39
   10.9 Reservation of Rights............................................................................................ 39
   10.10     Governing Law ........................................................................................... 40
   10.11     Headings ..................................................................................................... 40
   10.12     No Admissions............................................................................................ 40

## INTRODUCTION

Dr. Hu Bo proposes this third amended plan of reorganization for the Debtor pursuant to section 1121(c) of the Bankruptcy Code.  Capitalized terms used throughout this Plan shall have the meanings ascribed to them in Section 1, below.

Dr. Hu is proposing a plan of reorganization to ensure that Creditors get paid in full as soon as possible and that the Debtor emerges from bankruptcy as a financially healthy and well-funded business that can carry on the important mission of providing world-class fertility and related services to its broad customer base, including its China-based clientele.

The Plan, among other things, proposes to treat all Classes of Creditors as "unimpaired." Specifically, if the Plan is confirmed by the Bankruptcy Court and the Effective Date occurs, ***Creditors holding Allowed Claims shall receive payment in full in cash on or as soon as practicable after the Effective Date of the Plan***, and Creditors holding litigation or other contested contingent claims will have those Claims pass-through the Chapter 11 unimpaired to be resolved by a court, arbitral panel, or other judicial or administrative body of competent jurisdiction, without regard to the automatic stay or the Debtor's Discharge and with all parties' respective rights, remedies, claims and defenses as they existed on the Petition Date fully preserved.

The Plan will allow the Debtor the best chance to flourish as a going-concern business.  Dr. Hu has extensive experience and expertise overseeing medical and fertility-related businesses.  Dr. Hu holds a master's degree in medical imaging and has nearly 35 years of medical and administrative management experience.  Dr. Hu founded, and is currently the Chairman of, the Ciming Health Checkup Management Group, which is one of the largest and most successful general healthcare providers in China.  Dr. Hu is considered a leader and innovator in the medical field and has spearheaded numerous projects both in China and the U.S., including specifically in the reproduction and fertility field.

Importantly, Dr. Hu has also committed to fund the Reorganized Debtor with no less than *$5 million* to stabilize the business, promote and encourage the facility's growth, and to ensure its ability to satisfy on-going operating expenses.

## SECTION 1.    DEFINITIONS AND INTERPRETATION

### 1.1    Definitions

The following terms used herein shall have the respective meanings defined below:

1.1.1    ***Action*** shall mean any lawsuit, proceeding, or other action in a court, or any arbitration.

1.1.2    ***Administrative Claims Bar Date*** shall mean the deadline for filing requests for payment of Administrative Expense Claims, including Professional Fee Claims, which shall be 30 days after the Effective Date.

1.1.3    ***Administrative Expense*** shall mean a Claim against the Debtor for payment of an administrative expense of a kind specified in section 503(b) of the Bankruptcy Code and entitled to priority pursuant to section 507(a)(2) of the Bankruptcy Code, including, but not limited to, (a) any actual and necessary costs and expenses, incurred after the Petition Date, of preserving the Estate and operating the business of the Debtor; (b) Professional Fee Claims; (c) any Claim specified in section 503(b)(9) of the Bankruptcy Code; and (d) all fees and charges assessed against the Estate under chapter 123 of title 28 of the United States Code.

1.1.4    ***Allowed*** when used as an adjective preceding the words "Claims" or "Interest", shall mean any Claim against or Interests of the Debtor, proof of which was filed on or before the date designated by the Bankruptcy Court as the last date for filing proofs of claim or Interest against such Debtor, or, if no proof of claim or Interest is filed, which has been or hereafter is listed by the Debtor as liquidated in amount and not disputed or contingent and, in either case, a Claim

as to which no objection to the allowance thereof has been interposed with the applicable period of limitations fixed by the Plan, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, Local Rules, or as to which any objection has been interposed and such Claim has been allowed in whole or in part by a Final Order.  Unless otherwise specified in the Plan, "Allowed Claim" and "Allowed Interest" shall not, for purposes of computation of distributions under the Plan, include interest on the amount of such Claim or Interest from and after the Petition Date.

1.1.5    ***Allowed Unsecured Claim*** shall mean a General Unsecured Claim that is or has become an Allowed Claim.

1.1.6    ***Bankruptcy Code*** shall mean title 11 of the United States Code, as now in effect or hereafter applicable to the Chapter 11 Case.

1.1.7    ***Bankruptcy Court*** shall mean the United States Bankruptcy Court for the Southern District of New York having jurisdiction over the Chapter 11 Case and, to the extent of any reference made pursuant to 28 U.S.C. § 158, the unit of such District Court constituted pursuant to 28 U.S.C. § 151.

1.1.8    ***Bankruptcy Rules*** shall mean the rules and forms of practice and procedure in bankruptcy, promulgated under 28 U.S.C. Section 2075 and also referred to as the Federal Rules of Bankruptcy Procedure, as amended.

1.1.9    ***Bar Date*** means the original bar date of April 4, 2024 at 11:59 p.m. (Eastern time), as extended to June 28, 2024 by Order of the Bankruptcy Court entered on May 21, 2024, or such other date as set by the Bankruptcy Court as the deadline by which proof of claim forms for prepetition Claims are required to be filed against the Debtor.

1.1.10 **Business Day** means and refers to any day except Saturday, Sunday, a "legal holiday" as defined in Bankruptcy Rule 9006(a), and any other day on which commercial banks in New York, New York are authorized or required by law to close.

1.1.11 **Cash** means cash and cash equivalents including, without limitation, checks and wire transfers.

1.1.12 **Chapter 11 Case** shall mean the case under Chapter 11 of the Bankruptcy Code with Case No. 23-10905-PB in which Global Fertility & Genetics, New York LLC is the Debtor.

1.1.13 **Chapter 11 Trustee** shall mean Eric M. Huebscher, as the Court-appointed Chapter 11 trustee as per the Order of the Bankruptcy Court entered on April 4, 2024.

1.1.14 **Claim** shall mean any right to payment from the Debtor whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from the Debtor whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured. All claims as such term is defined in section 101(5) of the Bankruptcy Code.

1.1.15 **Claims Objection Deadline** shall mean, subject to any extension as set forth in Section 4.5 of the Plan, the date that is the first Business Day that is at least ninety (90) days after the Effective Date. For the avoidance of doubt, the Claims Objection Deadline may be extended one or more times by the Bankruptcy Court and applies to all Claims.

1.1.16 **Class** shall mean a grouping of substantially similar Claims or Interests for common treatment thereof pursuant to the terms of this Plan.

1.1.17 **Confirmation** shall mean the entry of an order by the Bankruptcy Court approving the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

1.1.18 **Confirmation Hearing** shall mean a hearing conducted before the Bankruptcy Court for the purpose of considering confirmation of the Plan.

1.1.19 **Confirmation Order** shall mean an order of the Bankruptcy Court confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

1.1.20 **Creditor** shall mean any person that has a Claim against the Debtor that arose on or before the Petition Date or a Claim against the Debtor's Estate of any kind specified in Section 502(g), 502(h) or 502(i) of the Bankruptcy Code. This includes all persons, corporations, partnerships, or business entities holding Claims against the Debtor.

1.1.21 **Debt** shall have the meaning ascribed to it in section 101(12) of the Bankruptcy Code.

1.1.22 **Debtor** shall mean Global Fertility & Genetics, New York, LLC.

1.1.23 **Disallowed** shall mean, with respect to a Claim, or any portion thereof, that such Claim or portion thereof: (a) has been disallowed by either a Final Order or pursuant to a settlement or stipulation between the Debtor and the holder of the Claim; or (b)(i) is valued on the Debtor's Schedules at zero dollars ($0) or denominated as contingent, disputed or unliquidated and (ii) as to which a bar date has been established but no proof of claim has been filed or deemed timely filed pursuant to either the Bankruptcy Code or any Final Order of the Bankruptcy Court or otherwise deemed timely filed under applicable law.

1.1.24 **Disbursing Agent** shall mean the Reorganized Debtor or Dr. Hu's designee, as applicable, which shall act as the disbursing agent for the purpose of making all distributions to Holders of Allowed Claims pursuant to the provisions of the Plan and Confirmation Order.

1.1.25   *Discharge* shall mean the complete extinguishment of the liability of the Debtor in respect to any Claim or Debt, as and to the extent further described in Section 8.2 of the Plan.

1.1.26   *[Reserved]*

1.1.27   *Disputed* shall mean, with respect to a Claim, or any portion thereof, that such Claim or portion thereof is neither an Allowed Claim nor a Disallowed Claim, and includes, without limitation, any Claim that: (a) is not included on the Debtor's Schedules or is reflected on the Schedules as being valued at zero dollars, or as contingent, unliquidated or disputed; or (b) is the subject of an objection filed in the Bankruptcy Court that has not been withdrawn or overruled by a Final Order of the Court.

1.1.28   *Distribution* shall mean any payment to the Holder of a Claim as provided in this Plan.

1.1.29   *Doody Settlement* shall mean the settlement and compromise between and among Dr. Hu, the Debtor and the Estate, on the one hand, and Dr. Kevin J. Doody and KJD Fertility PLLC, on the other hand, as set forth and further described in Section 4.13 of the Plan.

1.1.30   *Dr. Hu* shall mean Dr. Hu Bo, the Plan Proponent, including any designee of Dr. Hu.

1.1.31   *Effective Date* shall mean the day on which the Confirmation Order becomes a Final Order and all conditions to effectiveness of the Plan have been satisfied and/or waived by Dr. Hu, as the Plan Proponent.

1.1.32   *Estate* shall mean the estate of the Debtor created by the Chapter 11 Case pursuant to section 541 of the Bankruptcy Code.

1.1.33   *Exculpated Parties* shall mean, collectively: (a) the Debtor; (b) Dr. Hu, in his capacity as the Plan Proponent; (c) Yihan Hu, in her capacity as Dr. Hu's agent and/or

representative in the Chapter 11 Case; and (d) with respect to each of the foregoing Persons or entities in clauses (a) through (c), such Person's or entity's Related Persons, in each case in their capacity as such.  For the avoidance of doubt, the Chapter 11 Trustee and his professionals shall each be deemed to be a Related Person of the Debtor and shall be treated as an Exculpated Party. For the further avoidance of doubt, Annie Liu shall not be treated as an Exculpated Party. Notwithstanding anything to the contrary in this Plan, an Exculpated Party shall be entitled to exculpation solely for actions taken from the Petition Date through the Effective Date and solely with respect to actions taken in such capacity as an Estate fiduciary.

      1.1.34  ***Final Order*** shall mean an order or judgment of the Bankruptcy Court or any other court of competent jurisdiction that has not been reversed, vacated, or stayed and as to which (a) the time to appeal, petition for certiorari, or move for a stay, new trial, reargument, or rehearing has expired and as to which no appeal, petition for certiorari, or other proceedings for stay, new trial, reargument or rehearing shall then be pending, or (b) if an appeal, writ of certiorari, stay, new trial, reargument or rehearing has been sought, (i) such order or judgment shall have been affirmed by the highest court to which such order was appealed, certiorari shall have been denied, or a stay, new trial, reargument or rehearing shall have been denied or resulted in no modification of such order, and (ii) the time to take any further appeal, petition for certiorari, or move for a stay, new trial, reargument or rehearing shall have expired; *provided, however*, that the possibility that a motion under section 502(j) of the Bankruptcy Code, Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, or any analogous rule under the Bankruptcy Rules or applicable state court rules of civil procedure may be, but has not been, filed with respect to such order shall not cause such order not to be a Final Order.

1.1.35 **General Unsecured Claim** shall mean a Claim against the Debtor of any kind or nature including, without limitation, on account of trade credit, contract, personal injury, or arising from the rejection of an executory contract or unexpired lease, that (a) is not secured by property of the Estate or otherwise entitled to treatment as a secured claim under section 506 of the Bankruptcy Code; (b) is not otherwise entitled to priority under sections 503 or 507 of the Bankruptcy Code; and (c) is not otherwise an Administrative Expense Claim, Professional Fee Claim, Claim for U.S. Trustee Fees, Priority Tax Claim, Non-Tax Priority Claim, or Secured Claim.

1.1.36 **Holder** shall mean the beneficial holder of any Claim or Interest.

1.1.37 **Impaired** shall mean, when used as an adjective preceding the words "Class of Claims" or "Class of Interest", that the Plan alters the legal, equitable, or contractual rights of the members of that class.

1.1.38 **Interest** shall mean any equity security (as defined in section 101(16) of the Bankruptcy Code) or membership interest in the Debtor and any other rights, options, warrants, stock appreciation rights, phantom stock rights, restricted stock units, redemption rights, repurchase rights, convertible, exercisable, or exchangeable securities or other agreements, arrangements, or commitments of any character relating to, or whose value is related to, any such interest or other ownership interest in the Debtor.

1.1.39 **Interest Holder** shall mean the Holder of an Interest in the Debtor.

1.1.40 **Non-Tax Priority Claim** shall mean a Claim against the Debtor, other than an Administrative Expense Claim, Priority Tax Claim, or Professional Fee Claim, which is entitled to priority in payment pursuant to section 507(a) of the Bankruptcy Code.

1.1.41  ***Pass-Through Claim*** shall mean each of (i) the claim of Alexis Cancel arising from that certain employment discrimination lawsuit pending in the Supreme Court of New York, New York County, captioned as *Alexis Cancel v. Global Fertility and Genetics, Inc. et al*, Index Number 152435/2018, (ii) the claim, if any, of Michelle Ramos arising from that certain employment discrimination complaint filed with the New York State Division of Human Rights, captioned as *Michelle Ramos v. Global Fertility & Genetics LLC, Annie Liu*, Case Number 10232551, and (iii) any other contingent litigation claim that is designated as such by Dr. Hu on or before the Plan Supplement Filing Date, if any.

1.1.42  ***Person*** shall mean an individual, a corporation, a partnership, an association, a joint stock company, a joint venture, an estate, a trust, an unincorporated organization, or a government or any political subdivision thereof or other entity, including, without limitation, the Debtor, the Reorganized Debtor and Dr. Hu, in his capacity as the Plan Proponent.

1.1.43  ***Petition Date*** shall mean June 6, 2023, which is the date the Debtor filed its petition for relief commencing the Chapter 11 Case.

1.1.44  ***Plan*** shall mean this Chapter 11 plan of reorganization filed by Dr. Hu, as the Plan Proponent, with respect to the Debtor, as it may be altered, modified, or amended from time to time in accordance with the Bankruptcy Code and the Bankruptcy Rules, including all exhibits, schedules, supplements, appendices, annexes and attachments thereto.

1.1.45  ***Plan Funding Contribution*** shall mean the cash contribution to be made by Dr. Hu on or as soon as practicable after the Effective Date of the Plan, in an amount sufficient to pay in full all Allowed Claims, plus an amount of not less than $5 million to be used to fund operating and other expenses of the Reorganized Debtor following the Effective Date of the Plan.

1.1.46  ***Plan Proponent*** shall mean Dr. Hu Bo.

1.1.47  **Plan Supplement** shall mean one or more supplements to the Plan to be filed with the Bankruptcy Court in advance of the Confirmation Hearing which shall contain, without limitation, the following information: (i) a schedule setting forth the Reorganized Debtor's proposed post-Effective Date management team, (ii) a list of all executory contracts and/or unexpired leases to be Assumed or Assumed and Assigned to the Debtor or Reorganized Debtor, as the case may be, including proposed Cure Costs, if any, (iii) forms of organizational and/or corporate governance documents in respect of the Reorganized Debtor, and (iv) an updated schedule listing all known Allowed Claims and any Disputed Claims, and the amounts thereof, all as may be amended from time to time and in form and substance acceptable to Dr. Hu in his sole discretion.

1.1.48  **Plan Supplement Filing Date** shall mean June 18, 2024, or such other date as approved by the Bankruptcy Court, *provided, however*, that Dr. Hu may file one or more amendments to the Plan Supplement at any time prior to the commencement of the Confirmation Hearing.

1.1.49  **Priority Non-Tax Claim** shall mean a Claim entitled to priority under Sections 507(a)(2),(3), (4), (5), (6) or (7) of the Bankruptcy Code, but only to the extent it is entitled to priority in payment under any such subsection.

1.1.50  **Priority Tax Claim** shall mean any Claim entitled to priority in payment under Section 507(a)(8) of the Bankruptcy Code, but only to the extent it is entitled to priority under such subsection.

1.1.51  **Priority Tax Creditor** shall mean a Creditor holding a Priority Tax Claim.

1.1.52  **Professional Fee Claim** shall mean and refers to a Claim by any and all Professional Persons as provided for in sections 327, 328, 330 and 503(b) of the Bankruptcy Code.

1.1.53 **Professional Persons** shall mean and refers to all attorneys, accountants, appraisers, consultants, and other professionals retained or to be compensated pursuant to an order of the Bankruptcy Court entered under sections 327, 328, 330, or 503(b) of the Bankruptcy Code, including, for the avoidance of doubt, the Chapter 11 Trustee, Huebscher & Co. and the Chapter 11 Trustee's attorneys.

1.1.54 **Related Person** shall mean, with respect to any Person or entity, in each case solely in its capacity as such, such Person's or entity's (a) predecessors, successors, assigns, subsidiaries, and affiliates, (b) current and former officers, directors, principals, equity holders, trustees, members, partners, managers, officials, board members, advisory board members, employees, agents, volunteers, attorneys, financial advisors, accountants, investment bankers, consultants, representatives, and other professionals, and (c) respective heirs, executors, Estate, and nominees.

1.1.55 **Reorganized Debtor** shall mean the Debtor after the occurrence of the Effective Date of the Plan.

1.1.56 **Schedules** shall mean the schedules of assets and liabilities and the statement of financial affairs filed by the Debtor in this Chapter 11 Case on June 6, 2023 (CM/ECF No. 1)., as required by section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, as amended or supplemented through the Effective Date.

1.1.57 **Secured Claim** shall mean and refers to a Claim which is secured by a valid lien, security interest, or other interest in property in which the Debtor has an interest which has been perfected properly as required by applicable law, but only to the extent of the value of the Debtor's interest in such property, determined in accordance with section 506(a) of the Bankruptcy Code.

1.1.58 **Unimpaired** shall mean with respect to any Class, that such Class is not Impaired.

1.1.59  **U.S. Trustee Fees** shall mean all fees and charges assessed against the Estate of the Debtor under 28 U.S.C. § 1930 together with interest, if any, under 31 U.S.C. § 3717.

**1.2      Interpretation: Application of Definitions and Rules of Construction**

Unless otherwise specified, all section or exhibit references in this Plan are to the respective section in, or exhibit to, the Plan, as the same may be amended, waived, or modified from time to time.  The words "herein," "hereof," "hereto," "hereunder," and other words of similar import refer to the Plan as a whole and not to any particular Section, Subsection, or clause contained therein.  A term used herein that is not defined herein shall have the meaning assigned to that term in the Bankruptcy Code.  The rules of construction contained in section 102 of the Bankruptcy Code shall apply to the Plan.  The headings in this Plan are for convenience of reference only and shall not limit or otherwise affect the provisions hereof.  Unless otherwise provided, any reference in this Plan to an existing document, exhibit or schedule means such document, exhibit or schedule as it may have been amended, restated, revised, supplemented or otherwise modified.  If a time or date is specified for any payments or other Distribution under the Plan, it shall mean on or as soon as reasonably practicable thereafter.  Further, where appropriate from a contextual reading of a term, each term includes the singular and plural form of the term regardless of how the term is stated and each stated pronoun is gender neutral.  Unless otherwise specified, references to Dr. Hu in the Plan shall be in his capacity as the Plan Proponent.

**1.3      Exhibits**

All exhibits and schedules to the Plan (including those set forth in or attached as exhibits to the Plan Supplement) are hereby incorporated by reference and made part of the Plan as if set forth fully herein.

**1.4      Time Periods**

In computing any period of time prescribed or allowed by the Plan, unless otherwise expressly provided, the provisions of Bankruptcy Rule 9006(a) shall apply.  Enlargement of any period of time prescribed or allowed by the Plan shall be governed by the provisions of Bankruptcy Rule 9006(b).

**SECTION 2.      TREATMENT OF CLAIMS**

**2.1      Unclassified Claims**

Certain types of claims are not placed into voting classes; instead they are unclassified. They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the Bankruptcy Code.  As such, Dr. Hu has not placed the following claims in a Class.  The treatment of these claims is provided below.

2.1.1   ***Administrative Expense Claims***.  Administrative Expense Claims are Claims for costs or expenses of administering the Debtor's Chapter 11 Case which are Allowed pursuant to section 503(b) of the Bankruptcy Code.  In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Expense Claims have not been classified and are treated as described in this Section 2.1 of the Plan.  Except as otherwise provided in the Plan, by written agreement of the Holder of an Allowed Administrative Expense Claim to accept different and less favorable treatment than provided under the Plan, or by order of the Bankruptcy Court, a Person holding an Allowed Administrative Expense Claim will receive Cash equal to the unpaid portion of such Allowed Administrative Expense Claim as soon as practicable after the later of: (i) the Effective Date; or (ii) the date on which such Claim becomes an Allowed Administrative Expense Claim. Notwithstanding anything in the Plan to the contrary, the Holder of an Allowed Administrative

Expense Claim may be paid on such other date and upon such other terms as may be agreed upon

by the Holder of an Allowed Administrative Expense Claim and Dr. Hu or the Reorganized Debtor.

As to other Allowed Administrative Expense Claims, except as otherwise provided in the

Plan, each holder of an Allowed Administrative Expense Claim: (i) shall be paid by the

Reorganized Debtor as soon as reasonably practicable after the Effective Date or on the date the

order allowing such Administrative Expense Claim becomes a Final Order; and (ii) shall receive,

on account of and in full satisfaction of such Allowed Administrative Expense Claim, Cash equal

to the amount thereof, unless the holder agrees to less favorable treatment of such Allowed

Administrative Expense Claim.

Administrative Expense Claims representing obligations incurred by the Debtor after the

date and time of the entry of the Confirmation Order shall not be subject to application to the

Bankruptcy Court and may be paid by the Debtor or the Reorganized Debtor, as the case may be,

in the ordinary course of business and without Bankruptcy Court approval.

2.1.2    *Priority Tax Claims*.  Except to the extent that a Holder of an Allowed Priority Tax

Claim agrees to less favorable treatment, each Holder of an Allowed Priority Tax Claim shall

receive on account of and in full and complete settlement, release and discharge of, and in

exchange for, such Allowed Priority Tax Claim, at the sole option of the Debtor or the Reorganized

Debtor, as applicable, Cash in an amount equal to such Allowed Priority Tax Claim on, or as soon

thereafter as is reasonably practicable, the later of (a) the Effective Date, to the extent such Claim

is an Allowed Priority Tax Claim on the Effective Date, (b) the date such Priority Tax Claim

becomes an Allowed Priority Tax Claim, and (c) the date such Allowed Priority Tax Claim is due

and payable in the ordinary course as such obligation becomes due; *provided, however*, that the

Debtor reserves the right to prepay all or a portion of any such amounts at any time under this

option without penalty or premium.  The Holder of an Allowed Priority Tax Claim will not be entitled to receive any payment on account of any penalty arising from, or in connection with any Priority Tax Claim and any demand for such penalty will be deemed Disallowed by the Confirmation of the Plan.

2.1.3  ***Non-Tax Priority Claims***.  Unless the Holder of an Allowed Non-Tax Priority Claim and the Debtor or the Reorganized Debtor, as applicable, agree to a different treatment, on, or as soon as reasonably practicable after, the later of (a) the Effective Date, or (b) the date on which Non-Tax Priority Claim becomes an Allowed Claim, each Holder of an such an Allowed Claim shall receive, in full satisfaction, settlement, and release of, and in exchange for, such Allowed Claim, (i) Cash equal to the unpaid portion of such Allowed Claim or (ii) such other less favorable treatment as to which Dr. Hu or the Reorganized Debtor, as applicable, and the Holder of such Allowed Claim shall have agreed upon in writing.  Notwithstanding anything in the Plan to the contrary, the Holder of an Allowed Non-Tax Priority Claim may be paid on such other date and upon such other terms as may be agreed upon by the Holder of an Allowed Non-Tax Priority Claim and the Debtor or the Reorganized Debtor, as applicable.  Dr. Hu has been informed that there are no Non-Tax Priority Claims.

2.1.4  ***Professional Fee Claims***.  In accordance with section 1123(a)(1) of the Bankruptcy Code, Professional Fee Claims have not been classified and are treated as described herein.  All Professional Persons or other Persons requesting an award by the Bankruptcy Court of Professional Fee Claims (a) shall file their respective final applications for allowance of compensation for services rendered and reimbursement of expenses incurred by the date that is 30 days after the Effective Date, and (b) shall be paid in full, in Cash, by the Reorganized Debtor (i) as soon as practicable after the Effective Date or the date the order allowing such Administrative Expense

Claim becomes a Final Order; or (ii) upon such terms as may exist pursuant to order of the Bankruptcy Court or as may be mutually agreed upon between the Holder of such an Allowed Professional Fee Claim and Dr. Hu or the Reorganized Debtor, as applicable.  The Reorganized Debtor is authorized to pay its Professional Persons for services rendered or reimbursement of expenses incurred after the Confirmation Date in the ordinary course and without the need for Bankruptcy Court approval.

2.1.5  *US Trustee Fees*.  US Trustee Fees include all fees and charges assessed against the Debtor under 28 U.S.C. § 1930, together with interest, if any, under 31 U.S.C. § 3717.  All US Trustee Fees then outstanding shall be paid prior to, or upon the occurrence of, the Effective Date.

**2.2    Classification and Specification of Treatment of Claims**

All Claims, except those described in Section 2.1, are placed in the following Classes of Claims, pursuant to section 1123(a)(1) of the Bankruptcy Code, which section specifies the treatment of such Classes of Claims and of their Impaired or Unimpaired status, pursuant to sections 1123(a)(2) and 1123(a)(3) of the Bankruptcy Code.  A Claim is classified in a particular Class only to the extent that the Claim qualifies within the description of the Class and is classified in a different Class to the extent that the Claim qualifies within the description of that different Class.  A Claim is in a particular Class only to the extent that the Claim is an Allowed Claim in that Class and has not been paid, released, withdrawn, waived, or otherwise satisfied under this Plan.

Subject to all other applicable provisions of this Plan, classified Claims shall receive the respective treatments set forth below.  This Plan will not provide any Distribution on account of a Claim to the extent that such Claim has been Disallowed, released, withdrawn, waived, or otherwise satisfied or paid as of the Effective Date, including, without limitation, payments by third parties.  Except as specifically provided in this Plan, this Plan will not provide any

Distribution on account of a Claim, the payment of which has been assumed by a third party. Any Holder of any Claim in any Class may agree, pursuant to section 1123(a)(4) of the Bankruptcy Code, to a treatment of such Claim that is less favorable (but not more favorable) than any other Claim in such Class.

The categories of Claims and Interests listed below classify Claims and Interests for all purposes, including voting, confirmation of the Plan, and Distributions pursuant to the Plan:[1]

| Class | Designation | Impaired | Entitled to Vote |
|-------|-------------|----------|------------------|
| N/A | Administrative Expense Claims | No | Deemed to Accept |
| N/A | Priority Tax Claims | No | Deemed to Accept |
| N/A | Non-Tax Priority Claims | No | Deemed to Accept |
| N/A | Professional Fee Claims | No | Deemed to Accept |
| N/A | US Trustee Fee Claims | No | Does Not Vote |
| 1 | General Unsecured Claims | No | Deemed to Accept |
| 2 | Equity Interests | Yes | Deemed to Reject |

**2.3    Treatment and Voting Rights of Claims and Interests**

2.3.1    ***Class 1 -  General Unsecured Claims***

**Classification**:  Class 1 Claims consists of all General Unsecured Claims.

**Treatment**:  On, or as soon as reasonably practicable after the later of (a) the Effective Date, and (b) the date on which such General Unsecured Claim becomes an Allowed General

---

[1]    It is Dr. Hu's understanding that there are no Creditors that hold a Secured Claim and, therefore, the Plan does not contain a separate class for Secured Claims. To the extent there are any such Claims, the holder of an Allowed Secured Claim shall receive, at the option of the Plan Proponent, (a) payment in full in Cash of such holder's Allowed Secured Claim; (b) the Collateral securing such holder's Allowed Secured Claim; (c) reinstatement of such holder's Allowed Secured Claim; or (d) such other treatment rendering such holder's Allowed Secured Claim Unimpaired. Any holder of an Allowed Secured Claim will be Unimpaired under the Plan, and thus will conclusively be presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.

Unsecured Claim, each Holder of an Allowed General Unsecured Claim shall have its Claim paid in full in Cash as follows:

(a)     General Unsecured Claims set forth in a schedule to be included in the Plan Supplement will be paid from the Plan Funding Contribution to be made by Dr. Hu, as set forth in the Plan Supplement.

(b)     Those General Unsecured Claims set forth in a schedule to be included in the Plan Supplement, which are designated as the Pass-Through Claims, shall survive unimpaired to be resolved by a court, arbitral panel, or other judicial or administrative body of competent jurisdiction, as to which all parties fully reserve all relevant rights and defenses.  Payment on any Pass-Through Claim shall be made no later than the first day that is ten (10) Business Days after such Pass-Through Claim becomes an Allowed General Unsecured Claim.

The foregoing payments and/or treatment shall be in full satisfaction, settlement, and release of, and in exchange for, such Allowed General Unsecured Claim.

**Voting**:  Class 1 is Unimpaired and Holders of General Unsecured Claims are conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.  Therefore, Holders of General Unsecured Claims are not entitled to vote to accept or reject the Plan, and votes of such Holders will not be solicited with respect to such General Unsecured Claims.

### 2.3.2   *Class 2 -  Existing Equity Interests*

**Classification**:  Class 2 consists of all existing Interests.  This Class of Holders of Interests is comprised of the Debtor's sole member, GFG Holding Group Co., LLC.

**Treatment**:  On the Effective Date, each Holder of an Interest shall have such Interest extinguished, cancelled, released, and discharged and without any distribution.

**Voting**:  Class 2 is Impaired and Holders of Interests are deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code.  Therefore, Holders of Interests are not entitled to vote to accept or reject the Plan, and votes of such Holders will not be solicited with respect to such Interests.

## SECTION 3.    ACCEPTANCE OR REJECTION OF THE PLAN

### 3.1    Impaired Classes Vote

In accordance with section 1126(c) of the Bankruptcy Code and except as provided in section 1126(e) of the Bankruptcy Code, an Impaired Class of Claims shall have accepted the Plan if the plan is accepted by the Holders of at least two-thirds in dollar amount and more than one-half in number of the Allowed Claims of such Class that have timely and properly voted to accept or reject the Plan.

### 3.2    Presumed Acceptance of the Plan

Class 1 is Unimpaired under the Plan and is conclusively deemed to have accepted this Plan pursuant to section 1126(f) of the Bankruptcy Code.

### 3.3    Presumed Rejection of the Plan

Class 2 will not receive or retain any property under this Plan on account of any Interest and is, therefore, deemed to have rejected this Plan pursuant to section 1126(g) of the Bankruptcy Code.

### 3.4    Voting Classes

There are no Classes of Claims or Interests entitled to vote on the Plan.

**3.5     Modification of Treatment of Class 1 Claims**

Dr. Hu or the Reorganized Debtor, as the case may be, may modify the treatment of any Allowed Class 1 Claim in any manner adverse only to the Holder of such Claim at any time after the Effective Date upon the consent of the Holder of the Class 1 Claim whose Allowed Claim is being adversely affected, or as Allowed by Bankruptcy Court order prior to the Effective Date.

**3.6     "Cram Down" Request**

Because Class 2 is deemed to reject the Plan, Dr. Hu will seek Confirmation of the Plan under section 1129(b) of the Bankruptcy Code.

**SECTION 4.     MEANS FOR IMPLEMENTATION OF THE PLAN**

**4.1     Funding for the Plan**

Dr. Hu shall fund all distributions under the Plan with the Plan Funding Contribution.  The Plan Funding Contribution will be an amount sufficient to pay all Creditors in full.  Dr. Hu has also committed to fund the Reorganized Debtor with no less than $5 million, which will be paid on or as reasonably practicable after the Effective Date, to promote growth opportunities for the Reorganized Debtor and permit the Reorganized Debtor to satisfy operating expenses as they come due in the ordinary course of business.

**4.2     Continued Corporate Existence**

Except as otherwise provided in the Plan, the Debtor, as the Reorganized Debtor, shall continue to exist on and after the Effective Date as a separate legal entity with all of the powers available to such legal entity under applicable law.  On or after the Effective Date, without prejudice to the rights of any party to a contract or other agreement with the Reorganized Debtor, the Reorganized Debtor may, without the need for approval of the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules, take such action as permitted by

applicable law, and the Reorganized Debtor's organizational documents, as the Reorganized

Debtor may determine is reasonable and appropriate.

**4.3     Corporate Action**

On the Effective Date, the Confirmation Order shall be deemed to, among other things,

ratify all prior corporate actions taken and to authorize all future actions as may be necessary or

appropriate to effectuate any transaction described in, approved by, contemplated by, or necessary

to consummate the Plan, including: (i) the selection of the directors and officers of the Reorganized

Debtor; (ii) the distribution of new Interests to Dr. Hu as provided herein; (iii) all other actions

contemplated by the Plan (whether to occur before, on, or after the Effective Date), and all such

actions taken or caused to be taken shall be deemed to have been authorized and approved by the

Bankruptcy Court.  All matters provided for in the Plan involving the corporate structure of the

Debtor or the Reorganized Debtor and any corporate action required by the Debtor, Dr. Hu, in his

capacity as Plan Proponent, or the Reorganized Debtor in connection with the Plan shall be deemed

to have timely occurred and shall be in effect and shall be authorized and approved in all respects,

without any requirement of further action by Dr. Hu or the directors, or officers of the Debtor or

the Reorganized Debtor or otherwise.

On or before the Effective Date, the appropriate officers of the Debtor or the Reorganized

Debtor, as applicable, shall be authorized and, as applicable, directed, to issue, execute, and deliver

the agreements, documents, and instruments contemplated by the Plan in the name of and on behalf

of the Reorganized Debtor, including the new Interests to be issued to Dr. Hu (or an entity to be

designated by Dr. Hu), and any and all agreements, documents, securities, and instruments relating

to the foregoing.

On the Effective Date, absent separate agreement between Dr. Kevin J. Doody and/or KJD

Fertility PLLC, on the one hand, and Dr. Hu, on the other hand, any existing business relationship

and related dealings between the Debtor and KJD Fertility PLLC shall be deemed terminated and of no further force and effect.  Any agreement between the parties that may be in effect, including any Administrative Services Agreement, shall be deemed rejected pursuant to section 365 of the Bankruptcy Code.[2]  Notwithstanding the foregoing, it is the intention of Dr. Hu to offer employment, as of the Effective Date, to all current non-medical staff employees of KJD Fertility PLLC that (i) were employed by the Debtor as of the Petition Date,[3] and/or (ii) do work that is related to the Debtor's business.[4]

The authorizations and approvals contemplated by this Section 4.3 shall be effective notwithstanding any requirements under non-bankruptcy law.

**4.4    Vesting of Assets**

Except as otherwise provided in the Plan, on the Effective Date, all Assets, including all Claims, rights, intellectual property rights, and causes of action, shall vest in the Reorganized Debtor free and clear of all Claims, liens, charges, other encumbrances, and interests.  For the avoidance of doubt, this includes any Claims, rights and causes of action that the Estate may have against Ms. Annie Liu, all of which are preserved.  Subject to the terms of the Plan, on and after the Effective Date, the Reorganized Debtor may operate its business and may use, acquire, and dispose of property and prosecute, compromise, or settle any Claims (including any Administrative Expense Claims), interests, and causes of action without supervision of or approval by the

---

[2]    Dr. Hu understands that a purported Administrative Services Agreement may exist between the Debtor and KJD Fertility PLLC.  Dr. Hu further understands that the agreement is unsigned and it is not clear if the agreement is a valid and enforceable contract.

[3]    Dr. Hu understands that all of the Debtor's former employees were transferred or assigned to KJD Fertility PLLC shortly after the commencement of the Chapter 11 Case.

[4]    For the avoidance of doubt, Dr. Hu does not intend to offer employment at the Reorganized Debtor to Ms. Annie Liu or Ms. Miranda Dai.

Bankruptcy Court and free and clear of any restrictions of the Bankruptcy Code or the Bankruptcy Rules.

On or prior to the occurrence of the Effective Date, any Person holding property of the Debtor, including any property that was developed or registered by, for, or on behalf of the Debtor, shall be turned over and assigned to the Reorganized Debtor. For the avoidance of doubt, this includes any intellectual property rights that were developed by or for the Debtor, such as trademark rights associated with the Debtor's business, but that are or have been held or registered in the name of other Persons.

**4.5     Objections to Claims**

Except as expressly provided herein, the Debtor (before the Effective Date) or Dr. Hu or the Reorganized Debtor (on or after the Effective Date), as applicable, shall have the exclusive authority and standing to file, settle, compromise, withdraw, or litigate to judgment any objections to Claims. From and after the Effective Date, Dr. Hu or the Reorganized Debtor, as the case may be, shall further have the authority to resolve and settle any and all Claims without approval of the Bankruptcy Court.

Any objections to Claims shall be filed and served on or before the Claims Objection Deadline, *provided, however*, that the Claims Objection Deadline may be extended by the Bankruptcy Court from time to time upon motion and notice by Dr. Hu or the Reorganized Debtor.

**4.6     Issuance of New Equity Interests**

On the Effective Date, the Reorganized Debtor shall issue all securities, notes, instruments, membership interests, certificates, and other documents to Dr. Hu or his designee that are required to be issued pursuant to the Plan. All of the new Interests issuable in accordance with the Plan, when so issued, shall be duly authorized, validly issued, fully paid, and non-assessable and shall vest full title and ownership of the Reorganized Debtor in Dr. Hu (or his designee) free and clear

of all Claims, liens, charges, other encumbrances, and interests. The issuance of the new Interests is authorized without the need for any further corporate action and without any further action by any Holder of a Claim or Interest.

On the Effective Date, the Reorganized Debtor and Dr. Hu, as the Holder of the new Interests, shall enter into new organizational and/or corporate governance documents (which shall be in substantially the form included in the Plan Supplement). The new organizational and/or corporate governance documents shall be deemed to be valid, binding, and enforceable in accordance with their terms, and each Holder of the new Interests shall be bound thereby, in each case without the need for execution by any party thereto other than the Reorganized Debtor.

**4.7    Exemption from Certain Transfer Taxes and Recording Fees; Post-Effective Date Tax Treatment**

To the fullest extent permitted by section 1146(a) of the Bankruptcy Code, any transfer from the Debtor to the Reorganized Debtor or to any entity pursuant to, in contemplation of, or in connection with the Plan or pursuant to: (a) the issuance, distribution, transfer, or exchange of any debt, securities, or other interest in the Debtor or the Reorganized Debtor; (b) the making, assignment, or recording of any lease or sublease; or (c) the making, delivery, or recording of any deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan, including any deeds, bills of sale, assignments, or other instrument of transfer executed in connection with any transaction arising out of, contemplated by, or in any way related to the Plan, shall not be taxed under any law imposing a stamp tax, real estate transfer tax, mortgage recording tax, sales or use tax, Uniform Commercial Code filing or recording fee, regulatory filing or recording fee, or other similar tax or government assessment, and the appropriate state or local governmental officials or agents shall forego the collection of any such tax or governmental assessment and shall accept for filing and recordation any of the foregoing instruments or other

documents without the payment of any such tax or governmental assessment. Unless the Bankruptcy Court orders otherwise, all sales, transfers and assignments of owned and leased property approved by the Bankruptcy Court on or before the Effective Date shall be deemed to have been in furtherance of, or in connection with, the Plan.

Following the Effective Date, the Reorganized Debtor shall be treated as a disregarded entity for federal and all relevant state income tax purposes.

**4.8    Directors and Officers of the Reorganized Debtor**

The post-confirmation management team of the Reorganized Debtor will be led by Dr. Hu and/or Yihan Hu, and will be designated in the Plan Supplement.

The current members of the board of directors or board of managers, or the sole manager, as applicable, of the Debtor prior to the Effective Date, in their capacities as such, shall have no continuing obligations to the Reorganized Debtor on or after the Effective Date, and each such director, manager, or sole manager shall be deemed to have resigned or shall otherwise cease to be a director, manager or sole manager of the Debtor on the Effective Date. Each of the directors, managers, sole managers and officers of the Reorganized Debtor shall serve pursuant to the terms of the new organizational and/or corporate governance documents of the Reorganized Debtor and may be designated, replaced or removed in accordance with such new organizational and/or corporate governance documents.

Absent an agreement to the contrary between the Chapter 11 Trustee and Dr. Hu, the Chapter 11 Trustee shall have no further duties as the Chapter 11 Trustee upon the occurrence of the Effective Date of the Plan.

**4.9    Continuation of Insurance Policies**

All insurance policies pursuant to which the Debtor has any obligations in effect as of the Effective Date shall be deemed and treated as executory contracts pursuant to the Plan and shall

be assumed and assumed and assigned to the Reorganized Debtor and shall continue in full force
and effect thereafter in accordance with such policy's respective terms.

**4.10    Bar Date for Professional Fee Claims**

Each Professional Person retained or requesting compensation in the Chapter 11 Case,
pursuant to sections 330, 331, or 503(b) of the Bankruptcy Code, must file with the Bankruptcy
Court a final application requesting the allowance of a Professional Fee Claim no later than 30
days after the Effective Date.  All applications for the allowance of Professional Fee Claims that
are not timely filed shall be forever barred.  Except as otherwise provided herein, objections to
such applications may be filed in accordance with the Bankruptcy Rules.  The Bankruptcy Court
shall determine all such Professional Fee Claims.

**4.11    Bar Date for Other Administrative Expense Claims**

Except as provided for herein or in an order of the Bankruptcy Court, and subject to section
503(b)(1)(D) of the Bankruptcy Code, Holders of Administrative Expense Claims must file and
serve on the Debtor or Reorganized Debtor, as applicable, requests for the payment of such
Administrative Expense Claims not previously Allowed by a Final Order in accordance with the
procedures specified in the Confirmation Order, on or before the Administrative Claims Bar Date,
or such Administrative Claims shall be automatically considered Disallowed Claims, forever
barred from assertion, and unenforceable against the Debtor or the Reorganized Debtor, the Estate,
or its property without the need for any objection by the Debtor or the Reorganized Debtor, or
further notice to, or action, order, or approval of the Bankruptcy Court, and any such
Administrative Expense Claims shall be deemed fully satisfied, released, and discharged.

For the avoidance of doubt, Holders of Administrative Claims that are required to, but do
not, file and serve a request for payment of such Administrative Claims by the Administrative

Claims Bar Date, absent an order from the Bankruptcy Court deeming any such request to be timely filed, shall not be entitled to a distribution under the Plan.

### 4.12    Late Filed General Unsecured Claims

[Reserved.]

### 4.13    Dr. Doody/KJD Fertility PLLC Settlement

The treatment provided to Dr. Doody as set forth herein, together with the other terms and conditions set forth in the Plan and the Confirmation Order, reflects the proposed compromise and settlement pursuant to Bankruptcy Rule 9019 and section 1123 of the Bankruptcy Code of all Claims, Causes of Action, controversies, and disputes between Dr. Hu, the Debtor and the Estate, on the one hand, and Dr. Doody[5] and KJD Fertility PLLC, on the other hand. The Doody Settlement includes the following material terms and conditions:

- Upon the occurrence of the Effective Date, Dr. Doody shall receive in full and final satisfaction of any and all Claims, Causes of Action and/or rights he and/or KJD Fertility PLLC may have against the Debtor, the Estate and/or Dr. Hu, a one-time cash payment in the amount of $300,000 paid by Dr. Hu and for which the Debtor and the Estate will be jointly liable;

- In consideration for the foregoing settlement payment, Dr. Doody and KJD Fertility PLLC shall: (i) support confirmation of the Plan, and shall not take any actions to support, endorse or implement any other plan of reorganization filed by any other party; (ii) be deemed to have released any and all Claims and Causes of Action that he may have against the Debtor, the Estate, the Reorganized Debtor and Dr. Hu that have been asserted or could have been asserted as of the Effective Date that are in any way related to the Debtor or GFG Holding Group Co., LLC, including, without limitation, any rejection damage claim arising from rejection of the Administrative Services Agreement purportedly governing the relationship between the Debtor and KJD Fertility PLLC, as described in Section 4.3 of the Plan (the "*ASA*"); (iii) cooperate fully and provide documents and other information in his possession related in any way to the Debtor that may be requested by Dr. Hu; (iv) turn over any property of the Debtor that may be in the possession of Dr. Doody and/or KJD Fertility PLLC; (v) cooperate with Dr. Hu in taking necessary steps to dissolve GFG Holding Group Co., LLC as soon as reasonably practicable following the

---

[5]    References to Dr. Doody with respect to the Doody Settlement shall include KJD Fertility PLLC.

Effective Date; and (vi) provide other reasonable assistance that may be requested by Dr. Hu to implement the Plan.

- In consideration for the foregoing, Dr. Hu, the Debtor, the Reorganized Debtor and the Estate shall be deemed to hereby release any and all Claims or Causes of Action any of them might have against Dr. Doody and/or KJD Fertility PLLC that have been asserted or could have been asserted against them as of the Effective Date that are in any way related to the Debtor or GFG Holding Group Co., LLC or the relationship between the Debtor, on one hand, and KJD Fertility PLLC and Dr. Doody, on the other hand, including without limitation any Claims or Causes of Action under or relating to the ASA; *provided, however*, that the foregoing release shall not prohibit Dr. Hu or the Reorganized Debtor from seeking third-party discovery against Dr. Doody or KJD Fertility PLLC in connection with any action or lawsuit or similar proceeding against any third party, including, without limitation, Annie Liu.  Dr. Hu and the Reorganized Debtor further agree that (i) any bank or other accounts of KJD Fertility PLLC shall not be used for any business or other purposes going forward and that Dr. Doody shall have no liability or responsibility with respect to any such accounts with respect to any prior, ongoing or future activity and (ii) not to make any claim or complaint, or cause any other person or entity to make any claim or complaint, to any regulator relating to Dr. Doody and/or KJD Fertility PLLC.

## SECTION 5.    TREATMENT OF EXECUTORY CONTRACTS/UNEXPIRED LEASES

### 5.1    General Treatment of Executory Contracts and Unexpired Leases

On the Effective Date, all executory contracts and unexpired leases shall be deemed rejected as of the Effective Date, unless such executory contract or unexpired lease: (i) is an insurance policy that is deemed assumed and retained by the Debtor pursuant to Section 4.8 of the Plan, (ii) was assumed previously by the Debtor; (iii) previously expired or terminated pursuant to its own terms; (iv) is the subject of a motion to assume filed on or before the Effective Date; or (v) is identified in the Plan Supplement to be assumed under the Plan.

Entry of the Confirmation Order shall constitute a Bankruptcy Court order approving the rejection or assumption, as the case may be, of all executory contracts or unexpired leases pursuant to sections 365(a) and 1123 of the Bankruptcy Code.  Unless otherwise indicated, rejection or assumption of executory contracts and unexpired leases pursuant to the Plan shall be effective as of the Effective Date.

**5.2**     **Procedures Regarding Assumption of Executory Contracts and Unexpired Leases**

If any party to an executory contract or unexpired lease that is being assumed and assigned to the Reorganized Debtor objects to such assumption and assignment, the Bankruptcy Court may conduct a hearing on such objection on any date that is either mutually agreeable to the parties or fixed by the Bankruptcy Court.  All payments to cure defaults that may be required under section 365(b)(1) of the Bankruptcy Code will be made by the Reorganized Debtor.  In the event of a dispute regarding the amount of any cure payments, or the ability of the Debtor or the Reorganized Debtor, as applicable, to provide adequate assurance of future performance with respect to any executory contracts to be assumed by the Debtor, or assumed and assigned to the Reorganized Debtor, Dr. Hu or the Reorganized Debtor, as applicable, will make any payments required by section 365(b)(1) of the Bankruptcy Code after the entry of a Final Order resolving such dispute.  The executory contracts and unexpired leases which will be assumed and assigned to the Reorganized Debtor, and their respective proposed cure costs, will be identified in the Plan Supplement.

**5.3**     **Claims Based on Rejection of Executory Contracts and Unexpired Leases**

Proofs of Claim with respect to Claims arising from the rejection of executory contracts or unexpired leases under this Plan, if any, must be filed with the Bankruptcy Court within thirty (30) days after the earlier of (a) service of notice of the Effective Date, or (b) service of notice of entry of an order of the Bankruptcy Court (other than the Confirmation Order) approving the rejection of a particular executory contract or unexpired lease on the counterparty thereto.

The notice of Effective Date shall set forth the deadline for filing Proofs of Claim with respect to the same.  Absent order of the Bankruptcy Court to the contrary, any Claims arising from the rejection of an executory contract or unexpired lease not filed by the applicable deadline will not be considered Allowed and such person or entity shall not be treated as a Creditor for

purposes of distributions under the Plan.  Claims arising from the rejection of the Debtor's executory contracts or unexpired leases shall be classified as General Unsecured Claims and shall be treated in accordance with Class 1 of the Plan, which information shall be included in the notice of the Effective Date.

## SECTION 6.    PROVISIONS GOVERNING DISTRIBUTIONS

### 6.1    Disbursing Agent

The Reorganized Debtor or Dr. Hu's designee, as applicable, shall act as the disbursing agent for the purpose of making all distributions provided for under the Plan.  The Reorganized Debtor or Dr. Hu's designee shall serve as the disbursing agent without bond and shall receive no compensation for distribution services rendered and expenses incurred pursuant to the Plan.

### 6.2    Manner of Payment and Amount to Be Distributed

Unless otherwise agreed by the Reorganized Debtor or Dr. Hu, as applicable, and the recipient of a Distribution under the Plan, all Distributions of Cash under the Plan may be made either by check via first class mail, postage prepaid, or by wire transfer from a domestic bank, at the option of the disbursing agent.

Except as otherwise provided herein, Distributions under the Plan will be made only to the Holders of Allowed Claims.  Until a Disputed Claim becomes an Allowed Claim, the Holder of that Disputed Claim will not receive any Distribution otherwise provided to Creditors under the Plan.

Except as otherwise provided herein, on, or as soon as reasonably practicable after the later of (a) the Effective Date, and (b) the date on which a Claim becomes an Allowed Claim, each Holder of an Allowed Claim shall receive the full amount of the Distributions that the Plan provides for Allowed Claims in the applicable Class.  Except as otherwise provided in the Plan, or any order of the Bankruptcy Court, Holders of Claims shall not be entitled to interest, dividends,

or accruals on the Distributions provided for in the Plan, regardless of whether such Distributions are delivered on or at any time after the Effective Date.

**6.3     Saturday, Sunday or Holiday**

If any payment or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the following Business Day, but shall be deemed to have been completed as of the required date.

**6.4     Withholding Taxes**

In connection with the Plan, to the extent applicable, the Reorganized Debtor shall comply with all withholding and reporting requirements imposed by any federal, state, local, or foreign taxing authority, and all Distributions hereunder shall be subject to any such withholding and reporting requirements.  As a condition to making any Distribution under the Plan, the Reorganized Debtor may require that the Holder of an Allowed Claim provide such holder's taxpayer identification number and such other information and certification as may be deemed necessary to comply with applicable tax reporting and withholding laws.

**SECTION 7.     EFFECTIVE DATE**

**7.1     Conditions Precedent to Effective Date**

The Effective Date shall not occur unless each of the following conditions are satisfied or waived as set forth in Section 7.2 below:

7.1.1     ***Confirmation Order***.  The Bankruptcy Court shall have entered the Confirmation Order, which shall be a Final Order, in form and substance reasonably acceptable to Dr. Hu, which shall be in force and effect and not subject to any stay of effectiveness.

7.1.2    **Authorizations.**  Dr. Hu and/or the Reorganized Debtor, as applicable, shall have obtained all authorizations, consents, regulatory approvals, rulings, or documents that are necessary to implement and effectuate the Plan.

7.1.3    **No Material Amendments.**  The Plan shall not have been materially amended, altered, or modified as confirmed by the Confirmation Order, unless such material amendment, alteration, or modification has been made with the consent of Dr. Hu.

7.1.4    **Payment of Plan Funding Contribution.**  Dr. Hu or his designee shall have no less than $2.5 million in available cash on deposit in a U.S. bank account, proof of which shall be submitted to the Bankruptcy Court.

**7.2    Waiver of Conditions Precedent**

Other than the condition to the Effective Date set out in section 7.1.4 above (*i.e.*, bank account balance of not less than $2.5 million), Dr. Hu may waive any of the conditions to the Effective Date set forth above at any time, without any notice to parties in interest and without any further notice to or action, order, or approval of the Bankruptcy Court.

**7.3    Notice of Effective Date**

Dr. Hu shall file a notice of the Effective Date with the Bankruptcy Court, and serve it on all Creditors and parties in interest, within five (5) Business Days after the occurrence of the Effective Date.  Such notice will include all relevant deadlines put into effect by the occurrence of the Effective Date.

**7.4    Effect of Failure of Conditions Precedent**

If the Effective Date does not occur, then, upon notice by Dr. Hu to the Bankruptcy Court, (a) the Plan shall be null and void in all respects; (b) any assumption or rejection of executory contracts or unexpired leases effected under the Plan, and any document or agreement executed pursuant to the Plan, shall be deemed null and void; and (c) nothing contained in the Plan or the

Confirmation Order, shall: (i) constitute a waiver or release of any Claims, Interests, or causes of action; (ii) prejudice in any manner the rights of the Debtor, Dr. Hu or any other entity; or (iii) constitute an admission, acknowledgement, offer, or undertaking of any sort by the Debtor, Dr. Hu or any other entity.

**7.5    Right to Modify the Plan Until Substantial Consummation**

Until the Plan has been substantially consummated, Dr. Hu shall have the right to modify the Plan to the extent permitted by Section 1127 of the Bankruptcy Code.

**7.6    Substantial Consummation of the Plan**

Substantial consummation of the Plan under Bankruptcy Code section 1101(2) shall be deemed to occur on the Effective Date.

## SECTION 8.    EFFECTS OF PLAN CONFIRMATION AND EFFECTIVE DATE

**8.1    Binding Effect**

Subject to the occurrence of the Effective Date, on and after the entry of the Confirmation Order, the provisions of the Plan shall bind and inure to the benefit of the Debtor, the Reorganized Debtor, Dr. Hu, as Plan Proponent, and each Holder of a Claim against or Interest in the Debtor or Reorganized Debtor and inure to the benefit of and be binding on such Debtor's, Reorganized Debtor's, Dr. Hu's, and Holder's respective successors and assigns, regardless of whether the Claim or Interest of such Holder is Impaired under the Plan and whether such Holder has accepted or rejected the Plan or is deemed to have accepted or rejected the Plan.

**8.2    Discharge of Claims**

Except as otherwise expressly provided in the Plan or Confirmation Order, on the Effective Date, pursuant to section 1141(d) of the Bankruptcy Code, the Debtor, the Estate, and the Reorganized Debtor will be discharged from all liability for any and all Claims.

**8.3      Exculpation and Limitation of Liability**

EXCEPT WITH RESPECT TO ANY ACTS OR OMISSIONS EXPRESSLY SET FORTH IN AND PRESERVED BY THE PLAN, THE PLAN SUPPLEMENT, OR RELATED DOCUMENTS, THE EXCULPATED PARTIES SHALL NEITHER HAVE, NOR INCUR ANY LIABILITY FOR ANY ACT TAKEN OR OMITTED TO BE TAKEN ON OR AFTER THE PETITION DATE AND PRIOR TO OR ON THE EFFECTIVE DATE, IN CONNECTION WITH, OR RELATED TO FORMULATING, NEGOTIATING, PREPARING, DISSEMINATING, IMPLEMENTING, ADMINISTERING, OR CONFIRMING THE PLAN OR ANY CONTRACT, INSTRUMENT, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO IN CONNECTION WITH THE PLAN OR ANY OTHER ACT TAKEN OR OMITTED TO BE TAKEN IN CONNECTION WITH OR IN CONTEMPLATION OF THE RESTRUCTURING OF THE DEBTOR; PROVIDED THAT THE FOREGOING EXCULPATION SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY ENTITY THAT RESULTS FROM ANY SUCH ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED FRAUD, GROSS NEGLIGENCE, OR WILLFUL MISCONDUCT; PROVIDED FURTHER THAT, FOR THE AVOIDANCE OF DOUBT, THE EXCULPATION SHALL NOT APPLY TO ANY EXPRESS CONTRACTUAL OR FINANCIAL OBLIGATIONS IMPOSED ON THE DEBTOR OR ANY PLAN PROPONENT PURSUANT TO THE PLAN OR ANY RIGHT OR OBLIGATION ARISING UNDER OR THAT IS PART OF THE PLAN OR ANY AGREEMENT ENTERED INTO PURSUANT TO, IN CONNECTION WITH, OR CONTEMPLATED BY THE PLAN, OR TO ANY RIGHT TO ENFORCE THE PLAN AND CONFIRMATION ORDER; PROVIDED FURTHER THAT NOTHING IN THE PLAN SHALL LIMIT THE LIABILITY OF ATTORNEYS TO THEIR RESPECTIVE CLIENTS PURSUANT TO RULE 1.8(h) OF THE NEW YORK RULES OF PROFESSIONAL CONDUCT (22 N.Y.C.R.R. § 1200) OR AFFECT ANY CRIMINAL ENFORCEMENT ACTION; PROVIDED FURTHER THAT THE FOREGOING EXCULPATION SHALL HAVE NO EFFECT ON THE LIABILITY OF ANY ENTITY THAT RESULTS FROM ANY SUCH ACT OR OMISSION THAT IS DETERMINED IN A FINAL ORDER TO CONSTITUTE A BREACH OF THE OPERATING AGREEMENT OF GFG HOLDING GROUP CO., LLC.

**8.4      General Injunction**

EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER, ON AND AFTER THE EFFECTIVE DATE, ALL PERSONS WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS OF ANY KIND OR NATURE AGAINST THE DEBTOR, WHETHER KNOWN OR UNKNOWN, WHETHER OR NOT GIVING RISE TO A RIGHT TO PAYMENT OR AN EQUITABLE REMEDY, THAT AROSE, DIRECTLY OR INDIRECTLY, FROM ANY ACTION, INACTION, EVENT, CONDUCT, CIRCUMSTANCE, HAPPENING, OCCURRENCE, AGREEMENT, OR OBLIGATION OF THE DEBTOR BEFORE THE CONFIRMATION DATE, OR THAT OTHERWISE AROSE BEFORE THE CONFIRMATION DATE, INCLUDING ALL INTEREST, IF ANY, ON ANY SUCH CLAIMS AND DEBTS, WHETHER OR NOT (A) A PROOF OF CLAIM IS FILED OR IS DEEMED FILED UNDER SECTION 501 OF THE BANKRUPTCY CODE, (B) SUCH CLAIM IS ALLOWED UNDER THE PLAN, OR (C) THE HOLDER OF SUCH CLAIM HAS ACCEPTED THE PLAN, ARE PERMANENTLY ENJOINED, ON AND AFTER THE

CONFIRMATION DATE, FROM (W) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND WITH RESPECT TO ANY SUCH CLAIM OR TAKING ANY ACT TO RECOVER SUCH CLAIM OUTSIDE OF THE CLAIMS ALLOWANCE PROCEDURE PROVIDED FOR IN THE PLAN AND THE BANKRUPTCY CODE AND BANKRUPTCY RULES, (X) THE ENFORCEMENT, ATTACHMENT, COLLECTION, OR RECOVERY BY ANY MANNER OR MEANS OF ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST THE DEBTOR OR THE REORGANIZED DEBTOR ON ACCOUNT OF ANY SUCH CLAIM, (Y) CREATING, PERFECTING, OR ENFORCING ANY ENCUMBRANCE OF ANY KIND AGAINST THE PROPERTY OR INTERESTS IN PROPERTY OF THE DEBTOR OR THE REORGANIZED DEBTOR ON ACCOUNT OF ANY SUCH CLAIM AND (Z) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM THE DEBTOR OR THE REORGANIZED DEBTOR OR AGAINST THE PROPERTY OR INTERESTS IN PROPERTY OF THE DEBTOR OR THE REORGANIZED DEBTOR ON ACCOUNT OF ANY SUCH CLAIM, TO THE FULLEST EXTENT AUTHORIZED OR PROVIDED BY THE BANKRUPTCY CODE, INCLUDING, WITHOUT LIMITATION, TO THE EXTENT PROVIDED FOR OR AUTHORIZED BY SECTIONS 524 AND 1141 THEREOF.

**SECTION 9.    RETENTION OF JURISDICTION**

Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction over all usual and customary matters arising out of, or related to, the Chapter 11 Case and the Plan pursuant to sections 105(a) and 1142 of the Bankruptcy Code, including jurisdiction to:

a. Allow, disallow, determine, liquidate, classify, estimate or establish the priority, nature, validity, amount or secured or unsecured status of any Claim or Interest, including the resolution of any request for payment of any Administrative Expense Claim and the resolution of any and all objections to the allowance, priority or amount of Claims or Interests;

b. Decide and resolve all matters related to the granting and denying, in whole or in part, any applications for allowance of compensation or reimbursement of expenses to Professional Persons authorized pursuant to the Bankruptcy Code or the Plan;

c. Resolve any matters related to: (i) the assumption, assumption and assignment, or rejection of any executory contract or unexpired lease to which the Debtor is party or with respect to which the Debtor may be liable and to hear, determine, and, if necessary, liquidate, any cure costs arising therefrom, including cure costs pursuant to section 365 of the Bankruptcy Code; (ii) any potential contractual obligation under any executory contract or unexpired lease that is assumed; and (iii) any dispute regarding whether a contract or lease is or was executory or expired;

d.  Ensure that Distributions to Holders of Allowed Claims are accomplished pursuant to the provisions of the Plan;

e.  Adjudicate, decide or resolve any motions, adversary proceedings, contested or litigated matters, and any other matters, and grant or deny any applications involving the Debtor that may be pending on the Effective Date;

f.  Adjudicate, decide or resolve any and all matters related to section 1141 of the Bankruptcy Code;

g.  Resolve any cases, controversies, suits, or disputes that may arise in connection with the interpretation or enforcement of the Plan or any entity's obligation incurred in connection with the Plan;

h.  Enter and implement such orders as may be necessary or appropriate to execute, implement, or consummate the provisions of the Plan and all contracts, instruments, releases, indentures, and other agreements or documents created in connection with the Plan;

i.  Issue injunctions, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any entity with enforcement of the Plan;

j.  Enter and implement such orders as are necessary or appropriate if the Confirmation Order is for any reason modified, stayed, reversed, revoked, or vacated;

k.  Determine any other matters that may arise in connection with or relate to the Plan, the Confirmation Order, or any contract, instrument, release, indenture, or other agreement or document created in connection with the Plan;

l.  Enter an order or final decree concluding or closing the Chapter 11 Case;

m.  Consider any modifications of the Plan, to cure any defect or omission, or to reconcile any inconsistency in any Bankruptcy Court order, including the Confirmation Order;

n.  Hear and determine disputes arising in connection with the interpretation, implementation, or enforcement of the Plan or the Confirmation Order, including disputes arising under agreements, documents, or instruments executed in connection with the Plan;

o.  Hear and determine matters concerning state, local, and federal taxes in accordance with sections 346, 505, and 1146 of the Bankruptcy Code;

p.  Enforce all orders previously entered by the Bankruptcy Court; and

q.  Hear any other matter not inconsistent with the Bankruptcy Code.

**SECTION 10.    MISCELLANEOUS PROVISIONS**

**10.1    Revocation or Withdrawal of this Plan**

Dr. Hu reserves the right to revoke or withdraw the Plan prior to the entry of the Confirmation Order.  If Dr. Hu revokes or withdraws this Plan before the Confirmation Date, then this Plan shall be deemed null and void.  In such event, nothing contained herein shall constitute or be deemed a waiver or release of any Claims by or against Dr. Hu or to prejudice in any manner the rights of Dr. Hu in any further proceedings.

**10.2    Payment of Statutory Fees**

All outstanding fees payable pursuant to section 1930(a) of Title 28 of the U.S. Code, as determined by the Bankruptcy Court at a hearing pursuant to section 1128 of the Bankruptcy Code or as agreed to by the US Trustee and Reorganized Debtor, shall be paid prior to the Effective Date of the Plan and, thereafter, shall be due and payable for each quarter (including any fraction thereof) until the Chapter 11 Case is converted, dismissed or closed, whichever occurs first.  All such fees that arise after the Effective Date shall be paid by the Reorganized Debtor from Cash. The obligation of the Reorganized Debtor to pay quarterly fees, and interest, if any, for delinquent fees pursuant to section 3717 of Title 31 of the United States Code, to the US Trustee pursuant to section 1930 of title 28 of the United States Code shall continue until such time as the Chapter 11 Case is closed.

**10.3    Post-Confirmation Reporting**

The Reorganized Debtor shall file post-confirmation operating reports on a quarterly basis, upon the conclusion of each respective quarter until the earlier of the entry of a final decree, conversion or dismissal of the Chapter 11 Case.

**10.4    Notices**

All notices or requests in connection with this Plan shall be in writing and given by mail or overnight mail (with a contemporaneous e-mail copy, which shall not constitute notice) addressed to:

To the Plan Proponent or Reorganized Debtor

Norton Rose Fulbright (US) LLP
Andrew Rosenblatt, Esq.
1301 Avenue of the Americas
New York, New York 10019
Email: andrew.rosenblatt@nortonrosefulbright.com

All notices and requests to Persons holding any Claim in any Class shall be sent to them at their last known address or to the last known address of their attorney of record in this Chapter 11 Case.  Any such Holder of a Claim may designate in writing any other address for purposes of this Section, which designation will be effective upon receipt by the Debtor or Reorganized Debtor.

**10.5    Severability**

If, prior to Confirmation, any term or provision of this Plan is held by the Bankruptcy Court to be invalid, void, or unenforceable, the Bankruptcy Court shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision, and such term or provision shall then be applicable as altered or interpreted.  Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of this Plan will remain in full force and effect and will in no way be affected, impaired, or invalidated by such holding, alteration or interpretation.

**10.6    Validity and Enforceability**

The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of this Plan, as it may have been altered or interpreted in accordance with

the Confirmation Order, is valid and enforceable pursuant to its terms. Should any provision in this Plan be determined by the Bankruptcy Court or any appellate court to be unenforceable following the Effective Date, such determination shall in no way limit the enforceability and operative effect of any and all other provisions of this Plan.

**10.7    Controlling Documents**

In the event and to the extent that any provision of the Confirmation Order is inconsistent with any provision of the Plan, the provisions of the Confirmation Order shall control and take precedence.

**10.8    Filing of Additional Documents**

At any time before substantial consummation of the Plan, Dr. Hu or the Reorganized Debtor, as appropriate, may file with the Bankruptcy Court or execute, as appropriate, such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan, or otherwise to comply with applicable law.

**10.9    Direction to a Party**

On or after the Effective Date, Dr. Hu or the Reorganized Debtor, as applicable, may apply to the Bankruptcy Court for entry of an order directing any Person to execute or deliver or to join in the execution or delivery of any instrument or document reasonably necessary or reasonably appropriate to effect the transfer of properties dealt with by the Plan, and to perform any other act that is reasonably necessary or reasonably appropriate for the consummation of the Plan.

**10.10   Reservation of Rights**

Except as expressly set forth herein, this Plan shall have no force or effect unless and until the Bankruptcy Court enters the Confirmation Order and the Effective Date has occurred.

**10.11    Governing Law**

Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and the Bankruptcy Rules) or unless otherwise specifically stated, the laws of the State of New York, without giving effect to the principles of conflicts of laws, shall govern the rights, obligations, construction, and implementation of the Plan transactions consummated or to be consummated in connection therewith.

**10.12    Headings**

Headings are used in this Plan for convenience and reference only, and shall not constitute a part of this Plan for any other purpose.

**10.13    No Admissions**

Notwithstanding anything herein to the contrary, nothing contained in this Plan shall be deemed as an admission by Dr. Hu or the Reorganized Debtor with respect to any matter set forth herein.

*[Signature page follows]*

Dated: New York, New York
September 10, 2024

Respectfully submitted,
DR. HU BO, as Plan Proponent

By: /s/ Yihan Hu

Yihan Hu, as Agent on behalf of Dr. Hu

NORTON ROSE FULBRIGHT (US) LLP
Andrew Rosenblatt, Esq.
1301 Avenue of the Americas
New York, New York  10019
Telephone: (212) 408-5100
Facsimile: (212) 541-5369
andrew.rosenblatt@nortonrosefulbright.com

*Counsel to Dr. Hu Bo*

# **EXHIBIT B**

## **Notice of Plan Confirmation and Occurrence of Effective Date**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | X |
| | X |
| | X    Chapter 11 |
| GLOBAL FERTILITY & GENETICS | X |
| NEW YORK, LLC | X    Case No.:  23-10905-PB |
| | X |
| Debtor. | X |
| | X |

**NOTICE OF: (A) ENTRY OF THE ORDER CONFIRMING**
**DR. HU BO'S THIRD AMENDED CHAPTER 11 PLAN OF REORGANIZATION**
**FOR THE DEBTOR; (B) THE EFFECTIVE DATE OF THE THIRD**
**AMENDED PLAN OF REORGANIZATION; AND (C) CERTAIN DEADLINES**

**To Creditors, Holders of Claims and Interests, and parties-in-interest, please take notice that:**

1.    **Confirmation of the Plan.**  On September [•], 2024, the Honorable Philip Bentley, United States Bankruptcy Judge for the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), entered the *Findings of Fact, Conclusions of Law, and Order (I) Confirming Dr. Hu's[2] Third Amended Chapter 11 Plan of Reorganization, and (II) Granting Related Relief* [Docket No. •] (the "**Confirmation Order**"), confirming *Dr. Hu Bo's Chapter 11 Plan of Reorganization for Global Fertility & Genetics New York, LLC* dated March 17, 2024 [Docket No. 75], as amended on June 24, 2024 [Docket No. 126], July 7, 2024 [Docket No. 140] and September ___, 2024 [Docket No.    ] (including all exhibits thereto and as further amended, supplemented, or otherwise modified from time to time, the "***Plan***").[3]

2.    **Effective Date of the Plan**.  All conditions precedent to occurrence of the Effective Date of the Plan have been satisfied or waived.  The Effective Date of the Plan occurred on September __, 2024.

3.    **Copies of the Plan and the Confirmation Order**.  Copies of the Confirmation Order, the Plan, and related documents, are available for a fee at the Court's website at PACER at **http://www.nysb.uscourts.gov**.  The Confirmation Order, Plan, and related documents may also be obtained by either: (a) calling Andrew Rosenblatt, Esq., counsel for Dr. Hu, at (212) 408-5559;

---

[2]    Dr. Hu is the Plan Proponent of the Plan that was filed with respect to Global Fertility & Genetics New York, LLC (the "***Debtor***").

[3]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

or (b) emailing Andrew Rosenblatt, Esq., counsel for Dr. Hu, at andrew.rosenblatt@nortonrosefulbright.com.

4. **Post-Effective Date Administrative Claims Bar Date**. Pursuant to the Confirmation Order, the deadline for filing proofs of claim or requests for payment of Administrative Expenses is thirty (30) days after the Effective Date, which is **October [•], 2024 at 4:00 p.m. (ET)** (the "*Administrative Claims Bar Date*"). All Administrative Expense requests should be filed with the Court in accordance with the terms of the Plan and the Confirmation Order. Administrative Expense requests will be deemed timely filed only if actually filed with the Court on or before the Administrative Claims Bar Date. Administrative Expense requests may not be delivered by facsimile, telecopy, or electronic mail transmission to the Clerk, Dr. Hu or the Debtor.

**If you are or were required to file an Administrative Expense request pursuant to the Confirmation Order, and fail or failed to do so by the Administrative Claims Bar Date, your untimely Administrative Expense Claim will not be considered Allowed, and you will not be treated as a Creditor for purposes of distributions with respect to such claim(s), and you shall be entitled to no distribution under the Plan with respect to such claim(s).**

5. **Professional Fee Claims Bar Date**. Pursuant to the Confirmation Order, any entity seeking an award by the Court of compensation or reimbursement of expenses in accordance with sections 328, 330, or 331 of the Bankruptcy Code or entitled to priorities established pursuant to section 503 of the Bankruptcy Code shall (1) file with the Clerk of the Bankruptcy Court for the Southern District of New York no later than thirty (30) days after the Effective Date which is **October [•], 2024 at 4:00 p.m. (ET)** (the "*Professional Fee Claims Bar Date*"), an application, including, without limitation, a final fee application, for such award of compensation or reimbursement, (2) serve a copy thereof, together with exhibits and schedules related thereto, upon (i) counsel to Dr. Hu, Norton Rose Fulbright (US) LLP, 1301 Avenue of the Americas, New York, NY 10019 (Attn: Andrew Rosenblatt, Esq.), (ii) the Office of the United States Trustee for the Southern District of New York, (iii) counsel to the Chapter 11 Trustee, Farrell Fritz, P.C., 622 Third Avenue, 37th Floor, New York, NY 10017 (Attn.: Martin G. Bunin, Esq. and Patrick Collins, Esq.), (iv) counsel to the Debtors, (v) the Patient Care Ombudsman appointed in this Chapter 11 Case, and (vi) any party requesting notice under Bankruptcy Rule 2002, and (3) comply with the applicable requirements for such claim.

6. **Contract Rejection Claims Filing Deadline**. On the Effective Date, all executory contracts and unexpired leases were deemed rejected as of the Effective Date, unless such executory contract or unexpired lease: (i) is an insurance policy that is deemed assumed and retained by the Debtor pursuant to Section 4.8 of the Plan, (ii) was assumed previously by the Debtor; (iii) previously expired or terminated pursuant to its own terms; (iv) is the subject of a motion to assume filed on or before the Effective Date; or (v) is identified in the Plan Supplement to be assumed under the Plan. Pursuant to the Confirmation Order, Claims arising from the rejection of an executory contract or unexpired lease, if any, must be filed with the Court and served on Dr. Hu (as Plan Proponent) within thirty (30) days after the later of (a) service of notice of the Effective Date, or (b) service of notice of entry of an order of the Bankruptcy Court (other than the Confirmation Order) approving the rejection of a particular executory contract or unexpired lease on the counterparty thereto. Any Holder of a rejection damage Claim that fails to timely file a Claim (a) shall be forever barred, estopped, and enjoined from asserting such rejection

damage Claim against the Debtor or its property, and (b) shall not be entitled to a distribution under the Plan with respect thereto.

7.     **Binding Nature of Plan**.  The Plan and its provisions are binding on the Debtor and any Holder of a Claim against, or Interest in, the Debtor, and such Holder's respective successors and assigns, whether or not the Claim or Interest of such Holder is impaired by the Plan and whether or not such Holder voted to accept or reject the Plan.


Dated: New York, New York
       September ___, 2024

**NORTON ROSE FULBRIGHT (US) LLP**

By: _____
Andrew Rosenblatt, Esq.
Norton Rose Fulbright (US) LLP
1301 Avenue of the Americas
New York, New York 10119
Telephone:  (212) 408-5100
Facsimile:  (212) 318-3400
*andrew.rosenblatt@nortonrosefulbright.com*

*Counsel to Dr. Hu Bo*